COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE,ss          SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

MARY L. FORTE AS )
ADIMINISTRATRIX OF THE ESTATE )
OF CHRISTOPHER M. FORTE, )
    Plaintiff )
 )
v )
 )
JOHN DANIEL PINKHAM, and the )
COMMONWEALTH OF )
MASSACHUSETTS, EXECUTIVE )
OFFICE OF PUBLIC SAFETY, )
DEPARTMENT OF STATE POLICE, )
    Defendant )
 )

05 - 30175 - MAP

FILING FEE PAID:
RECEIPT #_____
AMOUNT $ __250.00__
BY DPTY CLK_____
DATE_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant John Daniel Pinkham gives Notice of Removal to this Court of an action brought against him in the Massachusetts Superior Court of Berkshire County. In Support thereof, Pinkham states the following:

1. Removing party is a Defendant in the above-entitled action.

2. On or about March 14, 2003, the Plaintiff commenced this action in the Berkshire Superior Court of the Commonwealth of Massachusetts. A copy of the Complaint of Civil Action No. 2003-076 is attached as Exhibit A.

3. On or about April 19, 2005, Plaintiff filed a motion for Leave to File a Second Amended Complaint. In this motion, Plaintiff sought for the first time, to add claims against State Police Trooper John D. Pinkham, including a claim under 42 U.S.C. §1983. Prior to this time, the Plaintiff's claims were against agencies of the Commonwealth for negligence of its employees.

4. On or about July 15, 2005 counsel for Defendant Pinkham accepted service of the second amended Complaint. A copy of his summons is attached as Exhibit B.

6. No responsive pleadings have been filed in state court by the Defendants.

7. This notice is filed in this Court within thirty (30) days after Defendant's receipt of the Complaint.

8. The above-entitled action is a civil rights action for wrongful death of Christopher Forte.

9. This Court has original jurisdiction in the above-entitled action pursuant to 28 U.S.C. § 1331, and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441.

10. The Commonwealth is not subject to the jurisdiction of this Court for the claims asserted in the complaint by virtue of the Eleventh Amendment to the United States Constitution. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 121 (1984). For this reason, it is not necessary to obtain the consent of the Commonwealth in this Notice of Removal, nor

has the Commonwealth given its consent to removal. Hill v. City of Boston, 706 F.Supp. 966, 968 (1989).

11. No other Defendants are named in this action who could assent and join in this Notice of Removal.

12. Notice of Removal will be given to all counsel promptly after filing this notice, and true and accurate copy of this notice will be filed with the clerk of the Superior Court for Suffolk County, Massachusetts.

13. Pursuant to Local Rule 81.1, certified or attested copies of all records, proceedings, and docket entries in the state court will be filed in this Court within 30 days.

WHEREFORE, Defendant Pinkham gives notice of the removal of all claims against him from the Superior Court of Berkshire County, Massachusetts to this Court. Claims against the Commonwealth should remain in State Court.

Respectfully submitted,

For Defendant Daniel Pinkham,
By his Attorneys,

/s/ Timothy B.C.

Timothy M. Burke, Esquire, BBO# 065720
Scott W. Dunlap, Esquire, BBO #634389
LAW OFFICES OF TIMOTHY M. BURKE
160 Gould Street, Suite 111
Needham, MA 02494
(781) 455-0707

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party via first class mail, postage pre-paid.

Date: 7/19/5        _____



EXHIBIT A

## COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

MARY L. FORTE AS )
ADMINISTRATRIX OF THE ESTATE )
OF CHRISTOPHER M. FORTE, )
    Plaintiff )
 )
v. )
 ) SECOND AMENDED COMPLAINT
JOHN DANIEL PINKHAM, and the )
COMMONWEALTH OF )
MASSACHUSETTS, EXECUTIVE )
OFFICE OF PUBLIC SAFETY, )
DEPARTMENT OF STATE POLICE, )
    Defendant )

## PARTIES

1. The plaintiff, Mary L. Forte, is an individual residing in Pittsfield, Berkshire County, Massachusetts, and is the duly appointed administratrix of the estate of her grandson, Christopher Forte, late of Pittsfield, who died on September 22, 2000. A copy of the Berkshire Probate Court decree, dated November 18, 2003, appointing the plaintiff as administratrix, is attached hereto as Exhibit A.

2. The defendant, John Daniel Pinkham, is an individual residing in Ashfield, Franklin County, Massachusetts.

3. The defendant, Commonwealth of Massachusetts, Executive Office of Public Safety, Department of State Police ("Commonwealth"), is and at all times relevant hereto was a "public employer" within the meaning of G.L. c. 258, § 1.

## BACKGROUND

4. On September 22, 2000, the Commonwealth employed John Daniel Pinkham as a Massachusetts State Police Trooper, and in that capacity he ("State Trooper Pinkham") was a "public employee" within the meaning of G.L. c. 258, § 2.

5. During the early morning hours of September 22, 2000, Christopher Forte was operating a motorcycle owned by him on East Street and then on South Street in the City of Pittsfield, Massachusetts.

6. At the same time, State Trooper Pinkham did stop and detain Christopher Forte on South Street in said Pittsfield because of suspected traffic violations.

7. After briefly stopping, Christopher Forte fled the scene of the above-described traffic stop on his motorcycle, and State Trooper Pinkham pursued in his police cruiser.

8. State Trooper Pinkham's pursuit of Christopher Forte proceeded southerly on East Street and then westerly on Industrial Way, all in the City of Pittsfield, Massachusetts.

9. While pursuing Christopher Forte on Industrial Way, State Trooper Pinkham caused Christopher Forte to lose control of his motorcycle, crash and suffer fatal injuries.

10. The plaintiff, through her attorney, did, pursuant to G.L. c. 258, § 4, send letters presenting her claims to Col. Thomas J. Foley, Superintendent of the Massachusetts State Police, Honorable Thomas Reilly, Attorney General of Massachusetts, and Secretary James P. Jajuga, Executive Office of Public Safety. Copies of those letters and evidence of their receipt are attached hereto as Exhibits B and C.

11. More than six (6) months have passed since the letters were received and no reply has been received or any final resolution achieved.

## COUNT I
## (Against the Commonwealth)
## (For Conscious Pain and Suffering)

12. The plaintiff incorporates herein all allegations contained in paragraphs 1 through 11 of her complaint.

13. State Trooper Pinkham was negligent or reckless in the conduct of his pursuit of Christopher Forte.

14. State Trooper Pinkham's negligence or recklessness proximately caused the motorcycle crash in which Christopher Forte sustained fatal injuries, as well as the conscious pain and suffering of body and mind which Christopher Forte experienced as a result of those injuries.

WHEREFORE, the plaintiff demands judgment against the Commonwealth pursuant to G.L. c. 229, § 6 and G.L. c. 258, § 2 in an amount equivalent to the actual damages sustained, together with interest, costs and any such further relief as this Court deems just.

## COUNT II
## (Against the Commonwealth)
## (For Wrongful Death)

15. The plaintiff incorporates herein all allegations contained in paragraphs 1 through 14 of her complaint.

16. State Trooper Pinkham's negligence or recklessness proximately caused Christopher Forte's death, and thereby caused Christopher Forte's next of kin to suffer the loss of his reasonably expected income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and to incur funeral and burial expenses on his behalf.

WHEREFORE, the plaintiff demands judgment against the Commonwealth pursuant to G.L. c. 229, § 2 and G.L. c. 258, § 2, in an amount equivalent to the actual damages sustained and requests punitive damages and such further and other relief as this Court may deem just.

### COUNT III
### (Against State Trooper Pinkham)
### (For Assault and/or Battery)

17. The plaintiff incorporates herein all allegations contained in paragraphs 1 through 11 of her complaint.

18. While pursuing Christopher Forte on Industrial Way, State Trooper Pinkham committed assault and/or battery upon Christopher Forte.

19. State Trooper Pinkham's assault and/or battery upon Christopher Forte proximately caused the motorcycle crash in which Christopher Forte sustained fatal injuries, as well as the conscious pain and suffering of body and mind which Christopher Forte experienced as a result of those injuries.

WHEREFORE, the plaintiff demands judgment against State Trooper Pinkham pursuant to G.L. c. 229, § 6 in an amount equivalent to the actual damages sustained, and requests punitive damages and such further and other relief as this Court may deem just.

### COUNT IV
### (Against State Trooper Pinkham)
### (For Wrongful Death)

20. The plaintiff incorporates herein all allegations contained in both paragraphs 1 through 11 and paragraphs 18 through 19 of her complaint.

4

21. State Trooper Pinkham's assault and/or battery upon Christopher Forte proximately caused Christopher Forte's death, and thereby caused Christopher Forte's next of kin to suffer the loss of his reasonably expected income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and to incur funeral and burial expenses on his behalf.

WHEREFORE, the plaintiff demands judgment against State Trooper Pinkham pursuant to G.L. c. 229, § 2, in an amount equivalent to the actual damages sustained and requests punitive damages and such further and other relief as this Court may deem just.

## COUNT V
### (Against State Trooper Pinkham)
### (For Violation of 42 U.S.C. § 1983)

22. The plaintiff hereby incorporates all allegations contained in paragraphs 1 through 11 of her complaint.

23. State Trooper Pinkham attempted to force Christopher Forte to stop either by intentionally striking Christopher Forte's motorcycle with his police cruiser or by intentionally positioning his police cruiser in the path of Christopher Forte's motorcycle with knowledge or reason to know that Christopher Forte would not have an adequate opportunity to safely stop or drive around the police cruiser.

24. State Trooper Pinkham's conduct as described in paragraph 23 above violated Christopher Forte's right to be secure against unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

25. State Trooper Pinkham's conduct as described in paragraph 23 above violated Christopher Forte's rights under 42 U.S.C. § 1983.

26. State Trooper Pinkham's conduct as described in paragraph 23 above proximately caused the crash which resulted in Christopher Forte's sustaining fatal injuries.

WHEREFORE, the plaintiff demands judgment against State Trooper Pinkham pursuant to 42 U.S.C. §§ 1983 and 1988, in an amount equivalent to the actual damages sustained plus punitive damages, attorney's fees and such further and other relief as this Court may deem just.

## COUNT VI
### (Against State Trooper Pinkham)
### (For Violation of G.L. c. 12, § 11H)

27. The plaintiff hereby incorporates all allegations contained in paragraphs 1 through 11 of her complaint.

28. State Trooper Pinkham's decision to pursue Christopher Forte was unreasonable under the circumstances.

29. State Trooper Pinkham attempted to force Christopher Forte to stop either by intentionally striking Christopher Forte's motorcycle with his police cruiser or by intentionally positioning his police cruiser in the path of Christopher Forte's motorcycle with knowledge or reason to know that Christopher Forte would not have an adequate opportunity to safely stop or drive around the police cruiser.

30. State Trooper Pinkham's conduct as described in paragraphs 28 and 29 above violated Christopher Forte's right to be secure against unreasonable seizures under the Fourteenth Article of the Massachusetts Declaration of Rights.

31. State Trooper Pinkham's conduct as described in paragraphs 28 and 29 above violated Christopher Forte's rights under G.L. c. 12, § 11H.

6

32. State Trooper Pinkham's conduct as described in paragraphs 28 and 29 above proximately caused the crash which resulted in Christopher Forte's sustaining fatal injuries.

WHEREFORE, the plaintiff demands judgment against State Trooper Pinkham pursuant to G.L. c. 12, §§ 11H and 11I, in an amount equivalent to the actual damages sustained plus attorney's fees and such further and other relief as this Court may deem just.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated: May 17, 2005

THE PLAINTIFF

By her attorney,

*[signature]*

Chris S. Dodig
BBO No. 556628
for Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Telephone No. (413) 663-3200
Fax No. (413) 663-7970

## CERTIFICATE OF SERVICE

I, Chris S. Dodig, hereby certify that on May 17, 2005, I have caused the foregoing document to be served on the parties to this matter by mailing a true copy, postage prepaid, to William P. O'Neill, Esq., Assistant Attorney General, Commonwealth of Massachusetts, Office of the Attorney General, Western Massachusetts Division, 1350 Main Street, Springfield, MA 01103-1629.

*[signature]*

Chris S. Dodig

CSD:JRL:klk

7

EXHIBIT _____B_____

# Commonwealth of Massachusetts

BERKSHIRE, ss.                                            SUPERIOR COURT
                                                          CIVIL ACTION
                                                          No. 03-076

Mary L. Forte as Administratrix of the Estate.., Plaintiff(s)
of Christopher M. Forte

v.

John Daniel Pinkham and the Commonwealth of ____, Defendant(s)
Massachusetts, Executive Office of Public Safety,
Department of State Police

## SUMMONS

To the above-named Defendant: John Daniel Pinkham

You are hereby summoned and required to serve upon .....Chris S. Dodig.................,
....Donovan & O'Connor, LLP..................................................
plaintiff's attorney, whose address is .....1330 Mass. MoCA Way, North Adams, Massachusetts
01247........................................................................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, BARBARA ROUSE , Esquire at Pittsfield, the ...15th............. day of ...June.........., in the year of our Lord ~~one thousand nine hundred and~~ Two Thousand and Five

                                                           /s/ Deborah S. Capeless
                                                                         CLERK.

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

   (1) — TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — OTHER

CSD:klk

Form - CIV. P. - 1 — 6-75 — 2500

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................., 19........, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

................................................................................................................................

................................................................................................................................

................................................................................................................................

Dated: ..............................., 19........    ................................................................

I, Scott W. Dunlap, as attorney for John Daniel Pinkham, hereby accept service on his behalf.

Date: __7/15/05__    Signature: _[signature] Scott W. D___

**N.B.  TO PROCESS SERVER:—**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

|  |
|---|
| , 19 . |

COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. ............

..........................., Plff(s).

v.

..........................., Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

## CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Mary Forte, as Administratrix of the Estate of Christopher M. Forte

### DEFENDANTS
John Daniel Pinkham and the Commonwealth of Massachusetts, et al.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**05 - 30175 - MAP**

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Chris S. Dodig, Esq.
Donovan & O'Connor, LLP
1330 Mass MoCA Way, North Adams, MA 01247

Attorneys (If Known)
Scott W. Dunlap, Esq.
Law Offices of Timothy M. Burke
160 Gould Street, Suite 111, Needham, MA

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury-- Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | SOCIAL SECURITY | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | |
| | | ☐ 555 Prison Condition | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Mary Forte, as Administratrix of the Estate of Christopher M. Forte v. John Daniel Pinkham, et al.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.           **05-30175-MAP**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   __Berkshire Superior Court Civil Action No. 03-076__

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ☐    NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐    NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐    NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES ☒    NO ☐

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

   EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☒

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

   EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   __Scott W. Dunlap__
ADDRESS   __160 Gould Street, Suite 111, Needham, MA 02494__
TELEPHONE NO.   __781-455-0707__

(Cover sheet local.wpd - 11/27/00)