Commonwealth of Massachusetts
BERKSHIRE SUPERIOR COURT
Case Summary
Civil Docket

## BECV2003-00076

nistratrix of the Es

| | | | |
|---|---|---|---|
| **File Date** | 03/14/2003 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 09/09/2005 | **Session** | A - Civil A - CtRm 1 |
| **Origin** | 1 | **Case Type** | B03 - MV negligence/pers injury/prop dmg |
| **Lead Case** | | **Track** | F |

*05 CV 30175-MAP*

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 06/14/2003 | **Answer** | 08/15/2003 | **Rule12/19/20** | 08/15/2003 |
| **Rule 15** | 06/16/2004 | **Discovery** | 05/14/2005 | **Rule 56** | 07/15/2005 |
| **Final PTC** | 11/14/2005 | **Disposition** | | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Mary L Forte as Administratrix of the Estate of
Christopher M Forte
Deceased 08/08/2003

**Private Counsel 556628**
Christopher S Dodig
Donovan & O'Connor, LLP
1330 Mass Moca Way
North Adams, MA 01247
Phone: 413-663-3200
Fax: 413-663-7970
Active 03/14/2003 Notify

**Defendant**
Commonwealth of Mass.Executive Office of
PublicDept. State Polic
Answered: 04/10/2003
Answered 04/10/2003

**Atty General's Office 379745**
William P O'Neill
Mass Atty General's Office
1350 Main Street
4th floor
Springfield, MA 01103-1629
Phone: 413-784-1240
Fax: 413-784-1244
Active 04/10/2003 Notify

**Defendant**
John Daniel Pinkham
Served: 07/19/2005
Served (answr pending) 07/19/2005

**Atty General's Office 634389**
Scott W Dunlap
Burke Law Offices (Timothy M)
160 Gould Street
Suite 111
Needham Heights, MA 02494-2300
Phone: 781-455-0707
Fax: 781-455-8879
Active 06/14/2005 Notify

**Defendant**
Dept. of State Police
Service pending 05/18/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/14/2003 | 1.0 | Complaint & civil action cover sheet filed |

MAS-20041213　　　　Case 3:05-cv-30175-MAP　Document 3　Filed 09/12/2005　　Page 2 of 22　　　09/09/2005

schillin

Commonwealth of Massachusetts

1:13 PM

BERKSHIRE SUPERIOR COURT

Case Summary

Civil Docket

## BECV2003-00076

### nistratrix of the Es

| Date | Paper | Text |
|------|-------|------|
| 03/14/2003 | | Origin 1, Type B03, Track F. |
| 04/10/2003 | 2.0 | ANSWER: Commonwealth of Mass.Executive Office of PublicDept. State Police(Defendant) and Demand for Jury Trial with Certificate of Service by its Attorney William P. O'Neill, filed. |
| 04/10/2003 | 3.0 | Notice of Appearance of Attorney William P. O'Neill as counsel for Commonwealth of Massachusetts, Executive Office of Public Safety, Department of State Police, filed. |
| 04/11/2003 | | Affidavit of compliance by Christopher Dodig, Esq., with proof of service of complaint re: Secretary James P. Jajunga, Executive Office of Public SafetyOne Ashburton Place, Room 2133, Boston,MA 02108, received. (Certified mail #7002 0460 0000 0693 3413). |
| 04/11/2003 | | Affidavit of compliance by Chris Dodig, Esq., with proof of service of complaint re: Honorable Thomas F. Reilly, Attorney General of Massachusetts, One Ashburton Place, Boston, MA 02108-1698, received (Certified mail #7002 0460 0000 0693 3406). |
| 05/27/2003 | 4.0 | Motion to Amend Track Designation and Scheduling Orders to reflect "A" track, with certificate of service, filed. |
| 05/27/2003 | 5.0 | Affidavit of William P. O'Neill, filed. |
| 05/27/2003 | 6.0 | Table of Contents, filed. |
| 05/29/2003 | | Motion (P#4) ALLOWED (Daniel A. Ford, Justice). Notices mailed to counsel. |
| 08/08/2003 | 7.0 | Suggestion of death re: Debra Forte as Administratrix of the Estate of Christopher M. Forte, filed. |
| 01/21/2004 | | Amended Tracking Order mailed to counsel. Tracking changed from Fast to Average Track. |
| 02/19/2004 | 8.0 | Court received notice of change of address from the firm, Donovan & O'Connor, LLP, has relocated its offices to 1330 Mass MoCA Way, North Adams, MA 01247 |
| 03/02/2004 | 9.0 | Plaintiff assented to motion to amend complaint and hereby moves this court for leave to amend the complaint to substitute Mary L. Forte ( the new administratrix) in place of Debra Forte ( the previous administratrix, now deceased). |
| 03/03/2004 | | MOTION (P#9) ALLOWED (John A Agostini, Justice). Notices mailed to counsel. |
| 09/23/2004 | 10.0 | Amended complaint of the Plaintiff, Mary L. Forte and is the duly appointed administratrix of the este of her grandson, Christopher Forte who died September 22, 2000 |
| 10/04/2004 | 11.0 | Answer to the Plaintiff's Amended Complaint and Demand for Jury Trial by the Commonwealth of Massachusetts, Executive Office of Public Safety, Department of State Police, filed. |
| 05/04/2005 | 12.0 | Court received list of documents, filed. |
| 05/04/2005 | 13.0 | Affidavit of compliance with Superior Court Rule 9A, filed. |
| 05/04/2005 | 14.0 | Notice of Filing of Motion for Leave to File Second Amended Complaint, filed. |
| 05/04/2005 | 15.0 | Plaintiff's Motion for Leave to File a Second Amended Complaint, filed. |

Commonwealth of Massachusetts
BERKSHIRE SUPERIOR COURT
Case Summary
Civil Docket

## BECV2003-00076

nistratrix of the Es

| Date | Paper | Text |
|------|-------|------|
| 05/04/2005 | 16.0 | Plaintiff's Memorandum in Support of her Motion for Leave to File a Second Amended Complaint, filed. |
| 05/09/2005 | | MOTION (P#15) ALLOWED (John A Agostini, Justice).  Notices mailed to counsel. |
| 05/18/2005 | 17.0 | Second Amended complaint of Mary L Forte as Administratrix of the Estate of Christopher M Forte, Plaintiff John Daniel Pinkham, and the Commonwealth Of Massachusetts, Executive Office Of Public Safety, Department Of State Police. |
| 05/19/2005 | 18.0 | Answer to the plaintiff's second amended complaint and demand for jury trial by the Commonwealth of Massachusetts Executive Office of Public Safety, Department of State Police, filed. |
| 06/13/2005 | 19.0 | Atty Scott W. Dunlap  notice of appearance for John Daniel Pinkham |
| 07/19/2005 | 20.0 | SERVICE RETURNED: John Daniel Pinkham(Defendant) (service as attorney for  John Daniel Pinkham, hereby accept service on his behalf on 7/15/05) |
| 08/11/2005 | | Notice sent to appear for pre-trial conference on Monday, November 14, 2005 at 2:00 p.m. |
| 08/29/2005 | 21.0 | Notice of Removal as to John Daniel Pinkham ONLY to  US District Court of Massachusetts, received.  Certified copy of file and docket entries mailed to US District Court., filed. |
| 09/01/2005 | 22.0 | Defendant, Commonwealth of Massachusetts' EMERGENCY motion to assent to removal of entire case to the Federal Court, filed. |
| 09/09/2005 | | MOTION (P#22) -Allowed, (John A. Agostini, Justice). Notices mailed on 9/9/2005 |
| 09/09/2005 | | Certified copy of documents #1 through #22 with docket entries and receipt issued by mail to the U S District Court of Massachusetts. |

| EVENTS | | | |
|--------|--------|--------|--------|
| **Date** | **Session** | **Event** | **Result** |
| 11/14/2005 | Civil A - CtRm 1 | Conf: final pre-trial | |

| CIVIL ACTION COVER SHEET | DOCKET NO: (S)  03-076 | Trial Court of Massachusetts Superior Court Department County: Berkshire |
|---|---|---|

| PLAINTIFF(S) Debra Forte as Administratrix of the Estate of Christopher M. Forte | DEFENDANT(S) Commonwealth of Massachusetts, Executive Office of Public Safety, Department of State Police |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Chris S. Dodig, Esq. Donovan & O'Connor, LLP, One Commercial Place, P.O. Box 230, Adams, MA 01220-0230; (413) 743-3200 Board of Bar Overseers number: 556628 | ATTORNEY (if known) |
|---|---|

## Origin code and track designation

Place an x in one box only:

- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231, s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231, s.102C (X)
- ☐ 4. F04 District Court Appeal c.231, s.97&104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence | ( F ) | ( X ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.  Total hospital expenses......................................................................... $ 3,000.00
2.  Total doctor expenses............................................................................ $
3.  Total chiropractic expenses.................................................................... $
4.  Total physical therapy expenses ........................................................... $
5.  Total other expenses (describe) funeral and related expenses................ $ 8,000.00
    **Subtotal** $
B.  Documented lost wages and compensation to date...................................... $ 50,000.00
C.  Documented property damages to date......................................................... $
D.  Reasonably anticipated future medical and hospital expenses...................... $
E.  Reasonably anticipated lost wages................................................................ $ 875,000.00
F.  Other documented items of damages (describe)

$

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

The incident resulted in pain and suffering and ultimately the death of Christopher Forte (then 28 years old).

$ 936,000.00
**TOTAL** $ 936,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

FILED

MAR 14 2003

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages of the various methods."

Signature of Attorney of Record _____    DATE: 3-13-03

AOTC-6mtc005-11/99
A.O.S.C. 1-2000

CSD/ldl

## COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 05-076

DEBRA FORTE AS ADMINISTRATRIX OF )
THE ESTATE OF CHRISTOPHER M. )
FORTE, )
    Plaintiff )
     )
    v. )
     )
COMMONWEALTH OF )
MASSACHUSETTS, EXECUTIVE OFFICE )
OF PUBLIC SAFETY, DEPARTMENT OF )
STATE POLICE, )
    Defendant )

COMPLAINT

MASSACHUSETTS
SUPERIOR COURT

F
I     MAR 14 2003     L
L                     E
E                     D
D
Deborah S Capelan

1.    Plaintiff Debra Forte is an individual who resides in Pittsfield, Massachusetts, and is the duly appointed administratrix of the estate of her son Christopher Forte, who died on September 22, 2000 (see Exhibit A, copy of Probate Court Appointment dated January 22, 2001).

2.    Defendant Commonwealth of Massachusetts, Executive Office of Public Safety, Department of State Police, was at all times relevant a public employer and did, on September 22, 2000, employ Massachusetts State Trooper Daniel Pinkham, a public employee.

## BACKGROUND

3.    During the early morning hours of September 22, 2000, plaintiff's decedent Christopher Forte was operating a motorcycle owned by him on East Street and then on South Street in Pittsfield, Massachusetts.

4.    At the same time, State Trooper Daniel Pinkham did stop and detain Christopher Forte on South Street in Pittsfield, because of suspected traffic violations.

5.    After briefly stopping, Christopher Forte fled the scene of the above-described traffic stop and State Trooper Pinkham engaged in a pursuit of Christopher Forte in his police cruiser.

6.    State Trooper Pinkham's pursuit of Christopher Forte proceeded southerly on East Street and then westerly on Industrial Way, all in the City of Pittsfield, Massachusetts.

7.    While being pursued by State Trooper Pinkham on Industrial Way, Christopher Forte was caused to lose control of his motorcycle and he suffered fatal injuries as a result of the ensuing crash.

8.    Plaintiff, through her attorney did, pursuant to G. L. c. 258, § 4, send a letter presenting her claims to Secretary James P. Jajuga, Executive Office of Public Safety; Thomas J. Foley, Superintendent Massachusetts State Police and Honorable Thomas Reilly, Attorney General of Massachusetts.  (See Exhibits B and C, copies of letters and evidence of receipt.)

9.    More than six (6) months have passed since the letters were received and no reply has been received or any final resolution achieved.

## COUNT I

10.    Plaintiff incorporates herein all allegations contained in paragraphs 1 through 9 of her complaint.

11.    State Trooper Pinkham was negligent and reckless in his pursuit of Christopher Forte.

12.    As a proximate result of such negligence and recklessness, Christopher Forte was caused to suffer conscious pain and suffering of body and mind before his resulting death.

WHEREFORE plaintiff demands judgment against the defendant in an amount equivalent to the actual damages sustained together with interest, costs and any such further relief as this Court deems just.

2

## COUNT II

13.     Plaintiff incorporates herein all allegations contained in paragraphs 1 through 12 of her complaint.

14.     As a proximate result of the above described negligence and recklessness, Christopher Forte suffered fatal injuries and died and the next of kin of Christopher Forte was caused to suffer the loss of his reasonably expected income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and have incurred funeral and burial expenses on his behalf.

WHEREFORE plaintiff demands judgment against the defendant as provided in G. L. c. 229, § 2, in an amount equivalent to the actual damages sustained and requests punitive damages and such further and other relief as this Court may deem just.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated: _____ 3-11-03 _____

PLAINTIFF

By her attorney,

Chris S. Dodig
BBO No. 556628

For Donovan & O'Connor, LLP
One Commercial Place
P.O. Box 230
Adams, MA  01220-0230
(413) 743-3200
Fax No. (413) 743-5370

CSD/ldl

3

EXHIBIT



24/2001  11:38    14134434448    ATTY THOMAS J HAMEL    PAGE  02/02

## Commonwealth of Massachusetts
### The Trial Court
### Probate and Family Court Department

Berkshire ___ Division

Docket No. _OOP0689-AD_

### Administration With/Without Sureties

Name of Decedent ___CHRISTOPHER M. FORTE, CHRISTOPHER MICHAEL FORTE, CHRISTOPHER FORTE___

Domicile at Death __60 Velma Avenue___ __Pittsfield__ __Berkshire__ __01201__
                    (Street and No.)        (City or Town)      (County)      (Zip)

Date of Death ___September 22, 2000___
Name and address of Petitioner(s) ___DEBRA G. FORTE___
___378 Elm Street, Pittsfield, MA  01201___
                                    Status __Mother___

### Heirs at law or next of kin of deceased including surviving spouse:

| Name | Residence (minors and incompetents must be so designated) | Relationship |
|------|-----------------------------------------------------------|--------------|
| DEBRA G. FORTE | 378 Elm Street, Pittsfield, MA 01201 | Mother |

XX The petitioner(s) hereby certif _ies_ that a copy of this document, along with a copy of the decedent's death certificate has been sent by certified mail to the **Department of Public Welfare, P.O. Box 86, Essex Station, Boston, Massachusetts 02112.**

Petitioner(s) pray(s) that he/she/they or some other suitable person
of _____ in the County of _____ be appointed
administrat _rix_ of said estate with/without surety on his/her/their bond(s) and certif _ies_ under the penalties of perjury that the foregoing statements are true to the best of his/her/their knowledge and belief.

Date __October 16, 2000___

Signature(s) ✓ _Debra Forte_

DEBRA G. FORTE

The undersigned hereby assent to the foregoing petition.

✓ _Debra G. Forte_

### DECREE

All persons interested having been notified in accordance with the law or having assented and no objections being made thereto, it is decreed that ___Debra G. Forte___
of __Pittsfield___ _____ in the
County of __Berkshire___ _____ be appointed administrat _or_ of said estate first giving bond
with __out___ sureties for the due performance of said trust.

Date __January 22, 2001___

_[signature]_
JUSTICE OF THE PROBATE AND FAMILY COURT

CJ-P1 (8/92)

A True Copy
ATTEST

_[signature]_
REGISTER OF PROBATE

EXHIBIT

B

# DONOVAN & O'CONNOR, LLP

PHILIP H. GRANDCHAMP
†DONALD W. GOODRICH
JOHN D. LANOUE
J. NORMAN O'CONNOR, JR.
JANICE J. COOK
DAVID B. MONGUE
†**CHRIS S. DODIG
††GORDON P. BLACK
STEPHEN N. PAGNOTTA

OF COUNSEL
**DOUGLAS J. ROSE
JOHN I. CURTIN
CECIL DRIVER

ATTORNEYS AND COUNSELLORS AT LAW
ONE COMMERCIAL PLACE
P.O. BOX 230
ADAMS, MASSACHUSETTS 01220-0230
————
(413) 743-3200
FAX (413) 743-5370
E-MAIL mail@docatty.com
EIN 04-2198966

SENIOR COUNSEL
J. NORMAN O'CONNOR

JAMES R. LOUGHMAN
MICHELLE K. MANNERS
†**DANIELLE D. AALBER'S
**MICHAEL R. PALMIERI
††DANIEL M. McMANUS

**Also Admitted NY
†Also Admitted VT
††Admitted VT ONLY

August 26, 2002

Secretary James P. Jajuga
Executive Office of Public Safety
One Ashburton Place, Room 2133
Boston, MA  02108

Re:     Christopher Forte
        Date of Incident:     September 22, 2000
        Location:             Industrial Way, Pittsfield, Massachusetts
        Involved Agency:      Massachusetts State Police

Dear Secretary Jajuga:

This office represents the estate of Christopher Forte with regard to claims against the Commonwealth of Massachusetts and the Massachusetts State Police arising out of the fatal accident that occurred on or about September 22, 2000, on Industrial Way, in Pittsfield, Massachusetts. We send this letter as a formal presentation of claims pursuant to G. L. c. 258, § 4.

On September 22, 2002, Mr. Forte was operating his motorcycle and being pursued by State Police Officer Daniel Pinkham. Officer Pinkham had stopped Mr. Forte allegedly because of minor traffic violations. When Mr. Forte left the stop without permission the pursuit commenced on South Street in Pittsfield, Massachusetts, proceeded for approximately two miles, and concluded on Industrial Way in Pittsfield. At the conclusion of the pursuit, Mr. Forte's motorcycle crashed after crossing over old train tracks off to the right side of a gravel road. Mr. Forte died as a result of injuries sustained. To date, the investigation we have been able to conduct suggests that the accident and Mr. Forte's death were caused as a result of Trooper Pinkham's negligence in pursuing Mr. Forte inappropriately, contacting Mr. Forte's motorcycle with his cruiser, or otherwise forcing Mr. Forte to the side of the roadway and over the railroad tracks.

Mr. Forte was 28-years-old at the time of this fatal accident. Prior to the accident he was employed full time earning in excess of $20,000 per year. The full value of this claim greatly exceeds the $100,000 tort claims limit (G. L. c. 258, § 2) that is likely applicable in this case. Accordingly, our demand on behalf of the estate of Christopher Forte is that the Commonwealth of Massachusetts tender a settlement offer in the amount $100,000 as soon as possible.

In addition to the formal presentation of this claim, we wish to inform you that to date we have not been provided (despite requests) with any of the essential information that would help the Forte family better understand what happened. This essential information is commonly available in fatal accident cases and is necessary before competent reconstructing can be performed. This lack of detailed information is particularly troubling when one considers that the

August 26, 2002
Page 2

family of Mr. Forte has no other means of getting some of this essential information.  By way of example the Forte family still does not have the following information:

      1.      photographs of the accident scene from the date of the accident, including photographs showing the final resting points of the involved vehicles and Mr. Forte;

      2.      statements from witnesses to the accident including Trooper Pinkham;

      3.      measurements showing the final resting points of the vehicles and Mr. Forte in relationship to fixed objects, skid marks, tire marks and the location at which the motorcycle crossed-over the train tracks; and

      4.      other "raw data" upon which a competent accident reconstruction could be based.

We requested this information many times over the 18-months immediately following the accident.  Finally, on March 11, 2002, we received an "accident reconstruction" report from the Commonwealth.  We enclose a copy of that report herewith for your review.  This report is far less detailed than other accident reconstruction reports we have seen that were prepared by the Massachusetts State Police with regard to accidents involving fatalities.  Quite frankly, the accident reconstruction report in this case raises more questions than it answers.  By way of example, the report suggests that Mr. Forte's motorcycle crossed over the train tracks in a left to right direction, yet the diagram seems to show that Mr. Forte's final resting point was to the left of the train tracks.  The accident reconstruction experts we have retained in this case, have suggest this is not physically possible unless Mr. Forte was moved.

In summary, the Forte family still has many unanswered questions concerning exactly how this fatal accident occurred.  It is unfortunate that they will be forced to file a lawsuit in an effort to obtain answers to their questions.

We shall await your reply as provided for by G. L. c. 258, § 4.

Very truly yours,

DONOVAN & O'CONNOR, LLP

Chris S. Dodig

CSD/ldl
Enclosure

CERTIFIED MAIL, RETURN RECEIPT REQUESTED.



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7002 0460 0000 0692 8969

| OFFICIAL USE | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To Sec. James P. Jajuga Exec. Off. of Pub.
Street, Apt. No.; or PO Box No. One Ashburton Place, RM 2133
City, State, ZIP+4 Boston, MA   02108

PS Form 3800, January 2001                See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Secretary James P. Jajuga
Executive Office of Public Safety
One Ashburton Place, RM 2133
Boston, MA   02108

Forte/csd/ldl

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
AUG 2 9 2002

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7002 0460 0000 0692 8969

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-0381

EXHIBIT

C

# DONOVAN & O'CONNOR, LLP

PHILIP H. GRANDCHAMP
†DONALD W. GOODRICH
JOHN D. LANOUE
J. NORMAN O'CONNOR, JR.
JANICE J. COOK
DAVID B. MONGUE
†**CHRIS S. DODIG
††GORDON R. BLACK
STEPHEN N. PAGNOTTA

OF COUNSEL
**DOUGLAS J. ROSE
JOHN I. CURTIN
CECIL DRIVER

ATTORNEYS AND COUNSELLORS AT LAW
ONE COMMERCIAL PLACE
P.O. BOX 230
ADAMS, MASSACHUSETTS 01220-0230

(413) 743-3200
FAX (413) 743-5370
E-MAIL mail@docatty.com
EIN 04-2198966

SENIOR COUNSEL
J. NORMAN O'CONNOR

JAMES R. LOUGHMAN
MICHELLE K. MANNEI:S
DANIELLE D. AALBERTS
*MICHAE R. PALMIERI
FRANKLIN M. McMANUS

· · Also Admitted NY
† Also Admitted VT
†† Admitted VT ONLY

[stamp: RECEIVED AUG 2 0 2002 OFFICE OF THE SUPERINTENDENT MASS STATE POLICE]

August 14, 2002

Col. Thomas J. Foley, Superintendent
Massachusetts State Police
470 Worcester Road
Framingham, MA 01702

Honorable Thomas F. Reilly
Attorney General of Massachusetts
One Ashburton Place
Boston, MA 02108-1698

Re:    Christopher Forte
       Date of Incident:      September 22, 2000
       Location:              Industrial Way, Pittsfield, Massachusetts
       Involved Agency:       Massachusetts State Police

Dear Col. Foley and Attorney General Reilly:

This office represents the estate of Christopher Forte with regard to claims against the Commonwealth of Massachusetts and the Massachusetts State Police arising out of the fatal accident that occurred on or about September 22, 2000, on Industrial Way, in Pittsfield, Massachusetts. We send this letter as a formal presentation of claims pursuant to G. L. c. 258, § 4.

On September 22, 2002, Mr. Forte was operating his motorcycle and being pursued by State Police Officer Daniel Pinkham. Officer Pinkham had stopped Mr. Forte allegedly because of minor traffic violations. When Mr. Forte left the stop without permission the pursuit commenced on South Street in Pittsfield, Massachusetts, proceeded for approximately two miles, and concluded on Industrial Way in Pittsfield. At the conclusion of the pursuit, Mr. Forte's motorcycle crashed after crossing over old train tracks off to the right side of a gravel road. Mr. Forte died as a result of injuries sustained. To date, the investigation we have been able to conduct suggests that the accident and Mr. Forte's death were caused as a result of Trooper Pinkham's negligence in pursuing Mr. Forte inappropriately, contacting Mr. Forte's motorcycle with his cruiser, or otherwise forcing Mr. Forte to the side of the roadway and over the railroad tracks.

Mr. Forte was 28-years-old at the time of this fatal accident. Prior to the accident he was employed full time earning in excess of $20,000 per year. The full value of this claim greatly exceeds the $100,000 tort claims limit (G. L. c. 258, § 2) that is likely applicable in this case. Accordingly, our demand on behalf of the estate of Christopher Forte is that the Commonwealth of Massachusetts tender a settlement offer in the amount $100,000 as soon as possible.

VERMONT OFFICE:   116 SOUTH STREET, P.O. BOX 1033, BENNINGTON, VERMONT 05201-1033   (802) 442-3233   FAX (802) 447-2970

August 14, 2002
Page 2

In addition to the formal presentation of this claim, we wish to inform you that to date we have not been provided (despite requests) with any of the essential information that would help the Forte family better understand what happened. This essential information is commonly available in fatal accident cases and is necessary before competent reconstructing can be performed. This lack of detailed information is particularly troubling when one considers that the family of Mr. Forte has no other means of getting some of this essential information. By way of example the Forte family still does not have the following information:

1.    photographs of the accident scene from the date of the accident, including photographs showing the final resting points of the involved vehicles and Mr. Forte;

2.    statements from witnesses to the accident including Trooper Pinkham;

3.    measurements showing the final resting points of the vehicles and Mr. Forte in relationship to fixed objects, skid marks, tire marks and the location at which the motorcycle crossed-over the train tracks; and

4.    other "raw data" upon which a competent accident reconstruction could be based.

We requested this information many times over the 18-months immediately following the accident. Finally, on March 11, 2002, we received an "accident reconstruction" report from the Commonwealth. We enclose a copy of that report herewith for your review. This report is far less detailed than other accident reconstruction reports we have seen that were prepared by the Massachusetts State Police with regard to accidents involving fatalities. Quite frankly, the accident reconstruction report in this case raises more questions than it answers. By way of example, the report suggests that Mr. Forte's motorcycle crossed over the train tracks in a left to right direction, yet the diagram seems to show that Mr. Forte's final resting point was to the left of the train tracks. The accident reconstruction experts we have retained in this case, have suggest this is not physically possible unless Mr. Forte was moved.

In summary, the Forte family still has many unanswered questions concerning exactly how this fatal accident occurred. It is unfortunate that they will be forced to file a lawsuit in an effort to obtain answers to their questions.

We shall await your reply as provided for by G. L. c. 258, § 4.

Very truly yours,

DONOVAN & O'CONNOR, LLP

Chris S. Dodig

CSD/ld
Enclosure

CERTIFIED MAIL, RETURN RECEIPT REQUESTED.
cc:  Ms. Debra Forte

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   K l Conrad

C. Date of Delivery   8/20/02

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Col. Thomas J. Foley, Superintendent
Massachusetts State Police
470 Worcester Road
Framingham, MA  01702

CSD/ldl/Forte

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service)   7002 0460 0000 0692 8846

PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-0381

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Cover...)

OFFICIAL

Postage $   83
Certified Fee   230
Return Receipt Fee
(Endorsement Required)   175
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees $   4...

Sent To   Col. Thomas   Foley,
Street, Apt. No.;   Massachusetts State Police
or PO Box No.   470 Worcester Road
City, State, ZIP+4   Framingham, MA   0...

PS Form 3800, January 2001     See R...

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by ( Printed Name )

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Honorable Thomas F. Reilly
Attorney General of Mass
One Ashburton Place
Boston, MA  02108-1698

CSD/ldl/Forte

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7002 0460 0000 0692 8853

PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-0381

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Cover...)

OFFICIAL

Postage $   83
Certified Fee   230
Return Receipt Fee
(Endorsement Required)   175
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees $

Sent To   Honorable Thomas F. Re...
Street, Apt. No.;   Attorney General of Mass
or PO Box No.   One Ashburton Place
City, State, ZIP+4   Boston, MA   02108-

PS Form 3800, January 2001     See Rev...

COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.  BECV2003-00076

Debra Forte as Administratrix of the    )
Estate of Christopher M. Forte          )
    Plaintiff,                          )
                                        )
vs.                                      )
                                        )
Commonwealth of Massachusetts,           )
Executive Office of Public Safety,       )
Department of State Police               )
    Defendant.                          )

APR 10 2005

## ANSWER AND DEMAND FOR JURY TRIAL BY THE COMMONWEALTH OF MASSACHUSETTS, EXECUTIVE OFFICE OF PUBLIC SAFETY, DEPARTMENT OF STATE POLICE

1.  The Defendant Commonwealth of Massachusetts, Executive Office of Public Safety, Department of State Police (hereinafter, "Commonwealth") has insufficient knowledge or information to admit or deny the allegations of the first paragraph of the Plaintiff's Complaint and therefore denies such allegations.

2.  The Defendant Commonwealth admits the allegations of the second paragraph of the Plaintiff's Complaint.

3.  The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the third paragraph of the Plaintiff's Complaint and therefore denies such allegations.

4.  The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the fourth paragraph of the Plaintiff's Complaint and therefore denies such allegations

5.  The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the fifth paragraph of the Plaintiff's Complaint and therefore denies such allegations.

6.  The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the sixth paragraph of the Plaintiff's Complaint and therefore denies such allegations.

7.  The Defendant Commonwealth has insufficient knowledge or information to admit or deny

the allegations of the seventh paragraph of the Plaintiff's Complaint and therefore denies such allegations

8. The Defendant Commonwealth admits receipt of such notice but does not admit or deny the sufficiency of such notice.

9. The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the ninth paragraph of the Plaintiff's Complaint and therefore denies such allegations.

## Count I

10. The Defendant Commonwealth reasserts and incorporates by reference its responses to the allegations of paragraphs one through nine of the Complaint as if expressly set forth herein in response to the allegations of the tenth paragraph of the Plaintiff's Complaint.

11. The Defendant Commonwealth denies the allegations of the eleventh paragraph of the Plaintiff's Complaint.

12. The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the twelveth paragraph of the Plaintiff's Complaint and therefore denies such allegations.

## Count II

13. The Defendant Commonwealth reasserts and incorporates by reference its responses to the allegations of paragraphs one through twelve of the Complaint as if expressly set forth herein in response to the allegations of the thirteenth paragraph of the Plaintiff's Complaint.

14. The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the fourteenth paragraph of the Plaintiff's Complaint and therefore denies such allegations.

## AFFIRMATIVE DEFENSES TO ALL CLAIMS

### FIRST AFFIRMATIVE DEFENSE
The Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
The Plaintiff's action is barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
The Plaintiff's action is barred by the provisions of M.G.L. c. 258, § 10(j).

2

### FOURTH AFFIRMATIVE DEFENSE
The Plaintiff has failed to comply with the notice requirements of M.G.L .c. 258, § 4.

### FIFTH AFFIRMATIVE DEFENSE
The Defendant Commonwealth states that any injuries sustained by Christopher Forte resulted from a superseding intervening cause for which the Defendant Commonwealth is not legally responsible.

### SIXTH AFFIRMATIVE DEFENSE
The conditions forming the basis of this Complaint were created by Christopher Forte's own intentional or negligent acts or conduct and therefore, the Defendant Commonwealth cannot be held liable.

### SEVENTH AFFIRMATIVE DEFENSE
Christopher Forte's injuries were not caused by the negligent act or omission of any "public employee" while acting within the scope of his/her employment; therefore the Defendant Commonwealth cannot be held liable. M.G.L. c. 258, § 2.

### EIGHTH AFFIRMATIVE DEFENSE
The Defendant Commonwealth is not liable for intentional torts pursuant to M.G.L. c. 258, § 10(c).

### NINTH AFFIRMATIVE DEFENSE
The Defendant Commonwealth is not liable for negligence pursuant to M.G.L. c. 258, § 2.

### TENTH AFFIRMATIVE DEFENSE
Interest, costs, attorney's fees and punitive damages are not recoverable against the Defendant Commonwealth unless provided for by statute; therefore, any reference to a demand for same must be stricken

### ELEVENTH AFFIRMATIVE DEFENSE
The activities complained of do not rise to the level of constitutional deprivations under 42 U.S.C. § 1983 or the Massachusetts Constitution.

### TWELFTH AFFIRMATIVE DEFENSE
The Defendant Commonwealth is absolutely or qualifiedly immune from liability for damages for any violation of Christopher Forte's rights under state law because his conduct at all relevant times was in good faith, without malice and not in disregard of settled principles of constitutional law.

### THIRTEENTH AFFIRMATIVE DEFENSE
The Defendant Commonwealth is not liable for damages because any conduct by him in

connection with the matters alleged in the complaint was discretionary, within the scope of his official authority as a public official, and performed in good faith.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any emotional distress suffered by the plaintiff was the result of the conduct of a third person, over which the Defendant Commonwealth had no control.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Defendant Commonwealth did not intend to inflict emotional distress on the plaintiff and he did not know, nor should he have known, that emotional distress was likely to result.

### SIXTEENTH AFFIRMATIVE DEFENSE

The conduct of the Defendant Commonwealth was not extreme and outrageous; it was not beyond all bounds of decency and it was not utterly intolerable in a civilized community.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's action is barred by the provisions of M.G.L. c. 258, § 10(a).

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's action is barred by the provisions of M.G.L. c. 258, § 10(b).

### NINETEENTH AFFIRMATIVE DEFENSE

Christopher Forte did not suffered any emotional harm manifested by objective symptomatology.

### TWENTIETH AFFIRMATIVE DEFENSE

The Defendant Commonwealth hereby gives notice that he intends to rely upon such other and further defenses that may become available or apparent during discovery proceedings in this case and he hereby reserves the right to amend his answer to assert any such defense.

### THE DEFENDANT COMMONWEALTH DEMANDS A TRIAL BY JURY ON ALL ISSUES

Respectfully submitted,
Commonwealth of Massachusetts
By Its Attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

William P. O'Neill    BBO#379745

4

Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413)784-1240 FAX: 784-1244

## CERTIFICATE OF SERVICE AND CERTIFICATE OF TIMELINESS

I, William P. O'Neill, Assistant Attorney General, Western Massachusetts Division, 1350 Main Street, Springfield, MA 01103-1629 do hereby certify that on April 7, 2003, I caused the foregoing **ANSWER AND DEMAND FOR JURY TRIAL BY THE COMMONWEALTH OF MASSACHUSETTS, EXECUTIVE OFFICE OF PUBLIC SAFETY, DEPARTMENT OF STATE POLICE** to be served upon the parties in this action by mailing a copy of the same, postage prepaid, first class mail to the Plaintiff's Attorney Chris S. Dodig, Esq, Donovan & O'Connor, One Commercial Place, P.O. Box 230, Adams, Massachusetts 01220-0230

Pursuant to the provisions of Superior Court Standing Order No. 1-88B.4., I further certify that these documents and motions are filed within the designated time standards for this case.

Respectfully submitted,
Commonwealth of Massachusetts
By Its Attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

William P. O'Neill
Assistant Attorney General

5

COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.  BECV2003-00076

Debra Forte as Administratrix of the )
Estate of Christopher M. Forte )
     Plaintiff, )
 )
vs. )
 )
Commonwealth of Massachusetts, )
Executive Office of Public Safety, )
Department of State Police )
     Defendant. )

TO THE CLERK OF THE ABOVE NAMED COURT:

    Please enter my appearance as attorney for Commonwealth of Massachusetts, Executive Office of Public Safety, Department of State Police in the above-entitled action.

                  Respectfully submitted,
                  Commonwealth of Massachusetts
                  By Its Attorney,

                  THOMAS F. REILLY
                  ATTORNEY GENERAL

                  William P. O'Neill
                  Assistant Attorney General
                  Western Massachusetts Division
                  1350 Main Street
                  Springfield, MA 01103-1629
                  (413)784-1240 FAX: 784-1244
                  BBO#379745



THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE S.S. SUPERIOR COURT

F
I
L
E
D

APR 10 2003



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### WESTERN MASSACHUSETTS DIVISION
### 1350 MAIN STREET
### SPRINGFIELD, MASSACHUSETTS 01103-1629

TOM REILLY
ATTORNEY GENERAL

(413) 784-1240
www.ago.state.ma.us

Deborah S. Capeless                                    April 7, 2003
Clerk of Courts -Civil Division
Berkshire Superior Court
76 East Street
Pittsfield, MA 01201

RE:    FORTE AS ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER FORTE V. COMMONWEALTH
       OF MASSACHUSETTS, EXECUTIVE OFFICE OF PUBLIC SAFETY, DEPARTMENT OF STATE
       POLICE
              Berkshire Superior Court C.A. No. BECV2003-00076

Dear Ms. Capeless:

       Enclosed please find the Defendant's Answer and Appearance in regard to the above-entitled matter for filing.

       Thank you for your attention to this matter.

                                        Very truly yours,

                                        William P. O'Neill
                                        Assistant Attorney General

cc: Chris S. Dodig, Esq,
Donovan & O'Connor
One Commercial Place
P.O. Box 230
Adams, Massachusetts 01220-0230

# DONOVAN & O'CONNOR, LLP

ATTORNEYS AND COUNSELLORS AT LAW

ONE COMMERCIAL PLACE

P.O. BOX 230

ADAMS, MASSACHUSETTS 01220-0230

PHILIP H. GRANDCHAMP
†DONALD W. GOODRICH
JOHN D. LANOUE
J. NORMAN O'CONNOR, JR.
JANICE J. COOK
DAVID B. MONGUE
†**CHRIS S. DODIG
††GORDON P. BLACK
STEPHEN N. PAGNOTTA

OF COUNSEL
**DOUGLAS J. ROSE
JOHN I. CURTIN
CECIL DRIVER

(413) 743-3200

FAX (413) 743-5370

E-MAIL mail@docatty.com

EIN 04-2198966

SENIOR COUNSEL
J. NORMAN O'CONNOR

JAMES R. LOUGHMAN
MICHELLE K. MANNERS
†**DANIELLE D. AALBERTS
**MICHAEL R. PALMIERI
STEPHEN F. NAREY

** Also Admitted NY
† Also Admitted VT
†† Admitted VT ONLY

March 31, 2003

Secretary James P. Jajuga
Executive Office of Public Safety
One Ashburton Place, Room 2133
Boston, MA  02108

Re:   Debra Forte as Administratrix of the Estate of Christopher M. Forte v. Commonwealth of
      Massachusetts, Executive Office of Public Safety, Department of State Police
      Berkshire Superior Court Civil Action No. BECV2003-00076

Dear Secretary Jajuga:

Pursuant to Mass. R. Civ. P. 4(d)(3), enclosed please find a true copy of the Summons and
Complaint with regard to the above-captioned matter.

Very truly yours,

DONOVAN & O'CONNOR, LLP



**SENDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

Secretary James P. Jajuga
Executive Office of Public
   Safety
One Ashburton Place, Room 2133
Boston, MA  02108

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  □ Agent
                        □ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                  APR - 1 2003

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   ☒ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

Article Number
(Transfer from service label)   7002 0460 0000 0693 3413

Form 3811, August 2001         Domestic Return Receipt

(802) 442-3233    FAX (802) 447-2970

# DONOVAN & O'CONNOR, LLP

PHILIP H. GRANDCHAMP
†DONALD W. GOODRICH
JOHN D. LANOUE
J. NORMAN O'CONNOR, JR.
JANICE J. COOK
DAVID B. MONGUE
†**CHRIS S. DODIG
††GORDON P. BLACK
STEPHEN N. PAGNOTTA

OF COUNSEL
**DOUGLAS J. ROSE
JOHN I. CURTIN
CECIL DRIVER

ATTORNEYS AND COUNSELLORS AT LAW
ONE COMMERCIAL PLACE
P.O. BOX 230
ADAMS, MASSACHUSETTS 01220-0230

(413) 743-3200
FAX (413) 743-5370
E-MAIL mail@docatty.com
EIN 04-2198966

SENIOR COUNSEL
J. NORMAN O'CONNOR

JAMES R. LOUGHMAN
MICHELLE K. MANNERS
†**DANIELLE D. AALBERTS
**MICHAEL R. PALMIERI
STEPHEN F. NAREY

** Also Admitted NY
† Also Admitted VT
†† Admitted VT ONLY

March 31, 2003

Honorable Thomas F. Reilly
Attorney General of Massachusetts
One Ashburton Place
Boston, MA  02108-1698

Re:    Debra Forte as Administratrix of the Estate of Christopher M. Forte v. Commonwealth of
       Massachusetts, Executive Office of Public Safety, Department of State Police
       Berkshire Superior Court Civil Action No. BECV2003-00076

Dear Attorney General Reilly:

Pursuant to Mass. R. Civ. P. 4(d)(3), enclosed please find a true copy of the Summons and
Complaint with regard to the above-captioned matter.

Very truly yours,

DONOVAN & O'CONNOR, LLP

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. Print your name and address on the reverse so that we can return the card to you. Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature  X _____ Coughlan  ☐ Agent  ☐ Addressee |
|  | B. Received by (Printed Name)   C. Date of Delivery  APR - 1 2003 |
| Article Addressed to:  Honorable Thomas F. Reilly Attorney General of Massachusetts One Ashburton Place Boston, MA  02108-1698 | D. Is delivery address different from item 1?  ☐ Yes  If YES, enter delivery address below:  ☒ No |
|  | 3. Service Type  ☒ Certified Mail   ☐ Express Mail  ☐ Registered   ☐ Return Receipt for Merchandise  ☐ Insured Mail   ☐ C.O.D. |
| 2. Article Number (Transfer from service label)   7002 0460 0000 0693 3406 | 4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| Form 3811, August 2001    Domestic Return Receipt | 102595-01-M-0381 |

(802) 442-3233    FAX (802) 447-2970

# DONOVAN & O'CONNOR, LLP

PHILIP H. GRANDCHAMP
†DONALD W. GOODRICH
JOHN D. LANOUE
J. NORMAN O'CONNOR, JR.
JANICE J. COOK
DAVID B. MONGUE
†** CHRIS S. DODIG
†† GORDON P. BLACK
STEPHEN N. PAGNOTTA

OF COUNSEL
** DOUGLAS J. ROSE
JOHN I. CURTIN
CECIL DRIVER

ATTORNEYS AND COUNSELLORS AT LAW
ONE COMMERCIAL PLACE
P.O. BOX 230
ADAMS, MASSACHUSETTS 01220-0230

(413) 743-3200
FAX (413) 743-5370
E-MAIL mail@docatty.com
EIN 04-2198966

SENIOR COUNSEL
J. NORMAN O'CONNOR

JAMES R. LOUGHMAN
MICHELLE K. MANNERS
†** DANIELLE D. AALBERTS
** MICHAEL R. PALMIERI
STEPHEN F. NAREY

** Also Admitted NY
† Also Admitted VT
†† Admitted VT ONLY

April 9, 2003

Deborah S. Capeless, Esq. Clerk
Superior Court Department
Silvio O. Conte Court House Building
76 East Street
Pittsfield, MA  01201

Re:    Forte v. Commonwealth of Massachusetts Executive Office of Public Safety
       Civil Docket No. BECV2003-00076

Dear Ms. Capeless:

Enclosed for filing with regard to proof of service in this matter please find copies of correspondence sent to Attorney General Thomas F. Reilly and Secretary James P. Jajunga enclosing the Summons and Complaint along with the appropriate certified mail receipts.

Should you have any questions or concerns regarding this matter, please do not hesitate to contact us.

Very truly yours,

DONOVAN & O'CONNOR, LLP

Chris S. Dodig

CSD/jdl
Enclosures

cc:    William P. O'Neill, Assistant Attorney General

COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.                                   SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO.  BECV2003-00076

Debra Forte as Administratrix of the       )
Estate of Christopher M. Forte             )
          Plaintiff,                       )
                                           )
vs.                                        )          **AFFIDAVIT**
                                           )
Commonwealth of Massachusetts,             )
Executive Office of Public Safety,         )
Department of State Police                 )
          Defendant.                       )


        Pursuant to the provisions of Superior Court Rule 9A(b)(2), I, William P. O'Neill, do
hereby depose and state that:

1.      On April 7, 2003, I served upon the Plaintiff's Attorney a copy of the Defendant's Motion
to Amend Track Designation and Scheduling Orders in regard to the above-entitled matter.

2.      I have not received an opposition to this Motion within three business days after the
expiration of the time permitted for the service of oppositions under 9A(a)(2).

3.      Pursuant to the rule cited above, no timely opposition has been filed to the Motion in
regard to the above-entitled matter.


        This statement made under oath on May 23, 2003.


                                        William P. O'Neill
                                        Assistant Attorney General



COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.                                    SUPERIOR COURT DEPARTMENT
                                                  CIVIL ACTION NO.  BECV2003-00076

Debra Forte as Administratrix of the        )
Estate of Christopher M. Forte               )
            Plaintiff,                       )
                                             )
vs.                                          )    TABLE OF CONTENTS
                                             )
Commonwealth of Massachusetts,               )
Executive Office of Public Safety,           )
Department of State Police                   )
            Defendant.                       )

        Pursuant to Rule 9A of the Superior Court Rules, attached hereto please find and accept
as a complete table of contents and index the following:

1.      Defendant's Motion to Amend Track Designation and Scheduling Orders
        (1 page)

2.      Affidavit of William P. O'Neill
        (1 page)

        The total number of pages attached to this Table of Contents is 2, exclusive of
Certificates of Service and other certifications.

                            Respectfully submitted,

                            Commonwealth of Massachusetts
                            By Its Attorney,

                            THOMAS F. REILLY
                            ATTORNEY GENERAL

                            William P. O'Neill
                            Assistant Attorney General
                            Western Massachusetts Division
                            1350 Main Street
                            Springfield, MA 01103-1549
                            (413)784-1240 FAX: 784-1244
                            BBO#379745

COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.                          SUPERIOR COURT DEPARTMENT
                                        CIVIL ACTION NO.  BECV2003-00076

Debra Forte as Administratrix of the    )
Estate of Christopher M. Forte          )
     Plaintiff,                        )
                                         )
vs.                                      )
                                         )
Commonwealth of Massachusetts,           )
Executive Office of Public Safety,       )
Department of State Police               )
     Defendant.                        )



## SUGGESTION OF DEATH

Now comes defendant Commonwealth of Massachusetts, Executive Office of Public

Safety, Department of State Police, and suggests on the record that the plaintiff, Debra Forte as

Administratrix of the Estate of Christopher M. Forte, died on May 1, 2003.

Respectfully submitted,

Commonwealth of Massachusetts
By Its Attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

William P. O'Neill   BBO#379745
Assistant Attorney General
Western Massachusetts Division
1350 Main Street, 4TH Floor
Springfield, MA 01103-1629
(413)784-1240 FAX: 784-1244



# Commonwealth of Massachusetts
## County of Berkshire
## The Superior Court

Civil Docket **BECV2003-00076**

RE:    Forte as Administratrix of the Estate of Christopher M Forte v Commonwealth of Mass.Executive Office of PublicDept. State Polic

TO:    Christopher S Dodig, Esquire
       Donovan & O'Connor, LLP
       1330 Mass Moca Way
       North Adams, MA 01247

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **05/29/2003**:

*RE: Motion to Amend Track Designation and Scheduling Orders to reflect "A" track, with certificate of service, filed.*

**is as follows:**

**Motion (P#4) ALLOWED (Daniel A. Ford, Justice). Notices mailed to counsel.**

Dated at Pittsfield, Massachusetts this 21st day of January, 2004.

Deborah S. Capeless,
Clerk of the Courts

BY:

Deborah S. Capeless
Assistant Clerk

Telephone: (413) 499-7487

Copies mailed 01/21/2004

cvdresult_2.wpd 254377 motallow dillonm

# Commonwealth of Massachusetts
## County of Berkshire
## The Superior Court

CIVIL DOCKET# **BECV2003-00076-A**

RE:    **Forte as Administratrix of the Estate of Christopher M Forte v Commonwealth of Mass.Executive Office of PublicDept. State Polic**

TO:Christopher S Dodig, Esquire
    Donovan & O'Connor, LLP
    1330 Mass Moca Way
    North Adams, MA 01247

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/14/2003 |
| Response to the complaint filed (also see MRCP 12) | 08/15/2003 |
| All motions under MRCP 12, 19, and 20 filed | 08/15/2003 |
| All motions under MRCP 15 filed | 06/16/2004 |
| All discovery requests and depositions completed | 05/14/2005 |
| All motions under MRCP 56 served and heard | 07/15/2005 |
| Final pre-trial conference held and firm trial date set | 11/14/2005 |
| Case disposed | |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session A sitting **in Superior Court-2nd Floor, Berkshire Superior Court.**

Dated: 01/21/2004

Deborah S. Capeless,
Clerk of Courts

BY:

Deborah A. Schilling,
Assistant Clerk

Location: Superior Court-2nd Floor
Telephone: (413) 499-7487

Check website for status of case: http://ma-trialcourts.org/tcic
cvdtraca_2.wpd 250227 trkset dillonm

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.                                    SUPERIOR COURT DEPARTMENT
                                                 OF THE TRIAL COURT
                                                 Civil Action No. 03-269

RICHARD P. McCARTHY and          )
BARBARA A. RICE,                 )
        Plaintiffs               )
                                 )
        v.                       )               NOTICE OF CHANGE OF ADDRESS
                                 )
BRUCE E. BELISLE d/b/a RIVERBEND )
BUILDERS,                        )
        Defendant                )


Please take notice that I, Chris S. Dodig, am attorney for plaintiffs Richard P. McCarthy

and Barbara A. Rice in the above-captioned matter and that my firm, Donovan & O'Connor,

LLP, has relocated its offices to 1330 Mass MoCA Way, North Adams, MA 01247.

    Dated:    2-18-04


                                        Chris S. Dodig
                                        BBO No. 556628


CSD:jll



COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. BECV2003-00076

DEBRA FORTE AS ADMINISTRATRIX )
OF THE ESTATE OF CHRISTOPHER M. )
FORTE, )
    Plaintiff )
  )
v. )
  )
COMMONWEALTH OF )
MASSACHUSETTS, EXECUTIVE )
OFFICE OF PUBLIC SAFETY, )
DEPARTMENT OF STATE POLICE, )
    Defendants )

NOTICE OF CHANGE OF ADDRESS

Please take notice that I, Chris S. Dodig, am attorney for plaintiff Debra Forte as

Administratrix of the Estate of Christopher M. Forte in the above-captioned matter and that my

firm, Donovan & O'Connor, LLP, has relocated its offices to 1330 Mass MoCA Way, North

Adams, MA 01247.

Dated:    2-18-04

Chris S. Dodig
BBO No. 556628

CSD:jll



COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

DEBRA FORTE AS ADMINISTRATRIX    )
OF THE ESTATE OF CHRISTOPHER M.   )
FORTE,                            )
    Plaintiff                     )
                                  )
v.                                )
                                  )
COMMONWEALTH OF                   )
MASSACHUSETTS, EXECUTIVE          )
OFFICE OF PUBLIC SAFETY,          )
DEPARTMENT OF STATE POLICE,       )
    Defendant                     )

ASSENTED TO MOTION TO AMEND
COMPLAINT

THE COMMONW... ...MASSACHUSETTS
BERKSHIRE S.... ...OR COURT
F
I
L
E
D

MAR 2 2004

F
I
L
E
D

Now comes the plaintiff in the captioned matter and hereby moves this Court for leave to amend the complaint to substitute Mary L. Forte (the new administratrix) in place of Debra Forte (the previous administratrix, now deceased). As grounds for this motion, the plaintiff states the following: The original complaint was filed on or about March 14, 2003. Within the original complaint, the plaintiff was Debra Forte as administratrix of the estate of Christopher M. Forte. Debra Forte died on May 1, 2003. A suggestion of death was filed in August 2003. On or about November 18, 2003, Mary L. Forte was appointed administratrix of the estate in place of Debra Forte.

Allowed
3/3/04 Agostini

Wherefore, the plaintiff respectfully requests leave to amend the complaint as above stated.

Dated:  February 26, 2004

THE PLAINTIFF

By her attorney,

Chris S. Dodig
BBO No. 556628

for Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA  01247
Telephone No. (413) 663-3200
Fax No. (413) 663-7970

ASSENTED TO:

William O'Neill (CSD)

William P. O'Neill
BBO No. 379745
Assistant Attorney General
Commonwealth of Massachusetts
Office of the Attorney General
Western Massachusetts Division
1350 Main Street, 4th Floor
Springfield, MA  01103
Telephone No. (413) 784-1240, ext. 107
Fax No. (413) 784-1244

KLK

CERTIFICATE OF SERVICE
I hereby certify that on March 1, 2004
I have caused the foregoing document to
be served on the parties to this matter by
mailing a true copy, postage prepaid, to
all counsel of record

2



Philip H. Grandchamp
Donald W. Goodrich‡
John D. Lanoue
J. Norman O'Connor, Jr.
Janice J. Cook
David B. Mongue
Chris S. Dodig**‡
Gordon P. Black‡‡
Stephen N. Pagnotta
Michelle K. Manners
Danielle D. Aalberts**‡

ASSOCIATES
James R. Loughman
Michael R. Palmieri**
Stephen F. Narey

SENIOR COUNSEL
J. Norman O'Connor

OF COUNSEL
Douglas J. Rose**
John I. Curtin
Cecil Driver

**Also admitted NY
‡ Also admitted VT
‡‡ Admitted VT only

VERMONT OFFICE:
116 South Street
P.O. Box 1033
Bennington
Vermont 05201-1033
802.442.3233
fax: 802.447.2970

email: mail@docatty.com
EIN 04-2198966

## DONOVAN & O'CONNOR, LLP
### Attorneys and Counselors at Law

1330 Mass MoCA Way
North Adams, Massachusetts 01247
413.663.3200
fax: 413.663.7970

March 1, 2004

Deborah S. Capeless, Clerk
Superior Court Department
Silvio O. Conte Court House Building
76 East Street
Pittsfield, MA  01201

Re:    Mary L. Forte as Administratrix of the Estate of Christopher M. Forte v. Commonwealth
       of Massachusetts, Executive Office of Public Safety, Department of State Police
       Civil Action No.: 03-076

Dear Ms. Capeless:

Enclosed herewith please find an **Assented** to Motion to Amend the Complaint.  Please present
this motion to the Court for consideration at your earliest convenience.

Should you have any questions or concerns with regard to this matter, please do not hesitate to
contact us.

Very truly yours,

DONOVAN & O'CONNOR, LLP

Chris S. Dodig

CSD:klk
Enclosure

cc:    William P. O'Neill, Esq.



## Commonwealth of Massachusetts
### County of Berkshire
### The Superior Court

Civil Docket **BECV2003-00076**

RE:    Forte as Administratrix of the Estate of Christopher M Forte v Commonwealth of Mass. Executive Office of Public Dept. State Polic

TO:    Christopher S Dodig, Esquire
Donovan & O'Connor, LLP
1330 Mass Moca Way
North Adams, MA 01247

---

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **03/03/2004**:

*RE: Plaintiff assented to motion to amend complaint and hereby moves this court for leave to amend the complaint to substitute Mary L. Forte ( the new administratrix) in place of Debra Forte (the previous administratrix, now deceased).*

**is as follows:**

**MOTION (P#9) ALLOWED (John A Agostini, Justice). Notices mailed to counsel.**

Dated at Pittsfield, Massachusetts this 3rd day of March, 2004.

BY:

Deborah S. Capeless,
Clerk of the Courts

Deborah A. Schilling,
Assistant Clerk

Telephone: (413) 499-7487

Copies mailed 03/03/2004

cvdresult_2.wpd 268657 motallow dillonm

COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.                                    SUPERIOR COURT DEPARTMENT
                                                  CIVIL ACTION NO. BECV2003-00076

Debra Forte as Administratrix of the        )
Estate of Christopher M. Forte               )
     Plaintiff,                          )
                                             )
vs.                                          )
                                             )
Commonwealth of Massachusetts,               )
Executive Office of Public Safety,           )
Department of State Police                   )
     Defendant.                         )

[STAMP: THE COMMONWEALTH OF MASSACHUSETTS BERKSHIRE, SS. SUPERIOR COURT   FILED  OCT – 4 2004]

## ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL BY THE COMMONWEALTH OF MASSACHUSETTS, EXECUTIVE OFFICE OF PUBLIC SAFETY, DEPARTMENT OF STATE POLICE

1.     The Defendant Commonwealth of Massachusetts, Executive Office of Public Safety, Department of State Police (hereinafter, "Commonwealth") has insufficient knowledge or information to admit or deny the allegations of the first paragraph of the Plaintiff's Complaint and therefore denies such allegations.

2.     The Defendant Commonwealth admits the allegations of the second paragraph of the Plaintiff's Complaint.

3.     The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the third paragraph of the Plaintiff's Complaint and therefore denies such allegations.

4.     The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the fourth paragraph of the Plaintiff's Complaint and therefore denies such allegations

5.     The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the fifth paragraph of the Plaintiff's Complaint and therefore denies such allegations.

6.     The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the sixth paragraph of the Plaintiff's Complaint and therefore denies such allegations.

7.     The Defendant Commonwealth has insufficient knowledge or information to admit or deny

the allegations of the seventh paragraph of the Plaintiff's Complaint and therefore denies such allegations

8. The Defendant Commonwealth admits receipt of such notice but does not admit or deny the sufficiency of such notice.

9. The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the ninth paragraph of the Plaintiff's Complaint and therefore denies such allegations.

### Count I

10. The Defendant Commonwealth reasserts and incorporates by reference its responses to the allegations of paragraphs one through nine of the Complaint as if expressly set forth herein in response to the allegations of the tenth paragraph of the Plaintiff's Complaint.

11. The Defendant Commonwealth denies the allegations of the eleventh paragraph of the Plaintiff's Complaint.

12. The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the twelfth paragraph of the Plaintiff's Complaint and therefore denies such allegations.

### Count II

13. The Defendant Commonwealth reasserts and incorporates by reference its responses to the allegations of paragraphs one through twelve of the Complaint as if expressly set forth herein in response to the allegations of the thirteenth paragraph of the Plaintiff's Complaint.

14. The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the fourteenth paragraph of the Plaintiff's Complaint and therefore denies such allegations.

### AFFIRMATIVE DEFENSES TO ALL CLAIMS

#### FIRST AFFIRMATIVE DEFENSE
The Plaintiff has failed to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE
The Plaintiff's action is barred by the statute of limitations.

#### THIRD AFFIRMATIVE DEFENSE
The Plaintiff's action is barred by the provisions of M.G.L. c. 258, § 10(j).

2

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to comply with the notice requirements of M.G.L .c. 258, § 4.

## FIFTH AFFIRMATIVE DEFENSE

The Defendant Commonwealth states that any injuries sustained by Christopher Forte resulted from a superseding intervening cause for which the Defendant Commonwealth is not legally responsible.

## SIXTH AFFIRMATIVE DEFENSE

The conditions forming the basis of this Complaint were created by Christopher Forte's own intentional or negligent acts or conduct and therefore, the Defendant Commonwealth cannot be held liable.

## SEVENTH AFFIRMATIVE DEFENSE

Christopher Forte's injuries were not caused by the negligent act or omission of any "public employee" while acting within the scope of his/her employment; therefore the Defendant Commonwealth cannot be held liable. M.G.L. c. 258, § 2.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant Commonwealth is not liable for intentional torts pursuant to M.G.L. c. 258, § 10(c).

## NINTH AFFIRMATIVE DEFENSE

The Defendant Commonwealth is not liable for negligence pursuant to M.G.L. c. 258, § 2.

## TENTH AFFIRMATIVE DEFENSE

Interest, costs, attorney's fees and punitive damages are not recoverable against the Defendant Commonwealth unless provided for by statute; therefore, any reference to a demand for same must be stricken

## ELEVENTH AFFIRMATIVE DEFENSE

The activities complained of do not rise to the level of constitutional deprivations under 42 U.S.C. § 1983 or the Massachusetts Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendant Commonwealth is absolutely or qualifiedly immune from liability for damages for any violation of Christopher Forte's rights under state law because his conduct at all relevant times was in good faith, without malice and not in disregard of settled principles of constitutional law.

## THIRTEENTH AFFIRMATIVE DEFENSE

3

The Defendant Commonwealth is not liable for damages because any conduct by him in connection with the matters alleged in the complaint was discretionary, within the scope of his official authority as a public official, and performed in good faith.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any emotional distress suffered by the plaintiff was the result of the conduct of a third person, over which the Defendant Commonwealth had no control.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Defendant Commonwealth did not intend to inflict emotional distress on the plaintiff and he did not know, nor should he have known, that emotional distress was likely to result.

## SIXTEENTH AFFIRMATIVE DEFENSE

The conduct of the Defendant Commonwealth was not extreme and outrageous; it was not beyond all bounds of decency and it was not utterly intolerable in a civilized community.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's action is barred by the provisions of M.G.L. c. 258, § 10(a).

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's action is barred by the provisions of M.G.L. c. 258, § 10(b).

## NINETEENTH AFFIRMATIVE DEFENSE

Christopher Forte did not suffered any emotional harm manifested by objective symptomatology.

## TWENTIETH AFFIRMATIVE DEFENSE

The Defendant Commonwealth hereby gives notice that he intends to rely upon such other and further defenses that may become available or apparent during discovery proceedings in this case and he hereby reserves the right to amend his answer to assert any such defense.

## THE DEFENDANT COMMONWEALTH DEMANDS A TRIAL BY JURY ON ALL ISSUES

Respectfully submitted,
Commonwealth of Massachusetts
By Its Attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

William P. O'Neill   BBO#379745
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413)784-1240 FAX: 784-1244

## CERTIFICATE OF SERVICE AND CERTIFICATE OF TIMELINESS

I, William P. O'Neill, Assistant Attorney General, Western Massachusetts Division, 1350 Main Street, Springfield, MA 01103-1629 do hereby certify that on October 1, 2004,  I caused the foregoing **ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL BY THE COMMONWEALTH OF MASSACHUSETTS, EXECUTIVE OFFICE OF PUBLIC SAFETY, DEPARTMENT OF STATE POLICE**  to be served upon the parties in this action by mailing a copy of the same, postage prepaid, first class mail to the Plaintiff's Attorney Chris S. Dodig, Esq, Donovan & O'Connor, 1330 Mass MoCA Way, North Adams, Massachusetts 01247

Pursuant to the provisions of Superior Court Standing Order No. 1-88B.4., I further certify that these documents and motions are filed within the designated time standards for this case.

Respectfully submitted,
Commonwealth of Massachusetts
By Its Attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

William P. O'Neill
Assistant Attorney General

5

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

MARY L. FORTE AS                        )
ADMINISTRATRIX OF THE ESTATE            )
OF CHRISTOPHER M. FORTE,                )
    Plaintiff                            )
                          )
    v.                                   )
                          )   FIRST AMENDED COMPLAINT
COMMONWEALTH OF                         )
MASSACHUSETTS, EXECUTIVE                )
OFFICE OF PUBLIC SAFETY,                )
DEPARTMENT OF STATE POLICE,             )
    Defendant                            )

1.     The plaintiff, Mary L. Forte, is an individual who resides in Pittsfield and is the duly appointed administratrix of the estate of her grandson, Christopher Forte, who died September 22, 2000 (see Exhibit A, copy of Probate Court appointment dated November 18, 2003).

2     The defendant, Commonwealth of Massachusetts, Executive Office of Public Safety, Department of State Police, was at all times relevant a public employer and did, on September 22, 2000, employ Massachusetts State Trooper Daniel Pinkham, a public employee.

### BACKGROUND

3.     During the early morning hours of September 22, 2000, the plaintiff's decedent, Christopher Forte, was operating a motorcycle owned by him on East Street and then on South Street in Pittsfield, Massachusetts.

4.     At the same time, State Trooper Daniel Pinkham did stop and detain Christopher Forte on South Street in Pittsfield because of suspected traffic violations.



5.    After briefly stopping, Christopher Forte fled the scene of the above-described traffic stop and State Trooper Pinkham engaged in a pursuit of Christopher Forte in his police cruiser.

6.    State Trooper Pinkham's pursuit of Christopher Forte proceeded southerly on East Street and then westerly on Industrial Way, all in the City of Pittsfield, Massachusetts.

7.    While being pursued by State Trooper Pinkham on Industrial Way, Christopher Forte was caused to lose control of his motorcycle and he suffered fatal injuries as a result of the ensuing crash.

8.    The plaintiff, through her attorney, did, pursuant to G.L. c. 258, § 4, send a letter presenting her claims to Secretary James P. Jajuga, Executive Office of Public Safety, Thomas J. Foley, Superintendent Massachusetts State Police, and Honorable Thomas Reilly, Attorney General of Massachusetts.  (See Exhibits B and C, copies of letters and evidence of receipt.)

9.    More than six (6) months have passed since the letters were received and no reply has been received or any final resolution achieved.

## COUNT 1

10.    The plaintiff incorporates herein all allegations contained in paragraphs 1 through 9 of her complaint.

11.    State Trooper Pinkham was negligent and reckless in his pursuit of Christopher Forte.

12.    As a proximate result of such negligence and recklessness, Christopher Forte was caused to suffer conscious pain and suffering of body and mind before his resulting death.

WHEREFORE, the plaintiff demands judgment against the defendant in an amount equivalent to the actual damages sustained, together with interest, costs and any such further relief as this Court deems just.

13.    The plaintiff incorporates herein all allegations contained in paragraphs 1 through 12 of her complaint.

14.    As a proximate result of the above described negligence and recklessness, Christopher Forte suffered fatal injuries and died and the next of kin of Christopher Forte was caused to suffer the loss of his reasonably expected income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and have incurred funeral and burial expenses on his behalf.

WHEREFORE, the plaintiff demands judgment against the defendant as provided in G.L. c. 229, §2, in an amount equivalent to the actual damages sustained and requests punitive damages and such further and other relief as this Court may deem just.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated: September 22, 2004

THE PLAINTIFF

By her attorney,

Chris S. Dodig
BBO No. 556628
for Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Telephone No. (413) 663-3200
Fax No. (413) 663-7970

3

<u>CERTIFICATE OF SERVICE</u>

I, Chris S. Dodig, hereby certify that on September 22, 2004, I have caused the foregoing document to be served on the parties to this matter by mailing a true copy, postage prepaid, to William P. O'Neill, Esq., Assistant Attorney General, Commonwealth of Massachusetts, Office of the Attorney General, Western Massachusetts Division, 1350 Main Street, Springfield, MA 01103-1629.

Chris S. Dodig

CSD:klk

4

# EXHIBIT A

## Commonwealth of Massachusetts
### The Trial Court
Probate and Family Court Department

Berkshire **Division**

Docket No. 00P0689-A2

## Administration De Bonis Non - With - Without - Sureties

Name of Decedent _____ Christopher M. Forte, a/k/a _____

Domicile at Death _____ 60 Velma Avenue _____                    Pittsfield
                      (street and no.)                           (city or town)
_Berkshire_                              01201    Date of Death  September 22, 2000
(county)                                  (zip)

Name and address of petitioner  Mary L. Forte

605 Williams Street, Pittsfield, MA _____          Status  Grandmother

That _____ Debra G. Forte _____                      was appointed by this Court,

~~administrator~~/administratrix of the estate of said decedent and has died ~~resigned was removed~~ without
having fully administered said estate, that there are goods and estate of the said decedent to the amount of
twenty dollars remaining to be administered: _____

[x] The petitioner(s) hereby certif _ies_ that a copy of this document, along with a copy of the decedent's
death certificate has been sent by _certified mail_ to the **Division of Medical Assistance, P.O. Box 15205,**
**Worcester, Massachusetts 01615-9906.**

Your petitioner prays that ~~he/she~~ or some other suitable person  Mary L. Forte
of  605 Williams Street, Pittsfield, MA  01201
   (street and no.)                (city or town)                (county)                        (zip)

be appointed ~~administrator~~/administratrix of the estate, not already administered, of said estate ~~with~~ without
—sureties on ~~his~~/her bond and certifies under the penalties of perjury that the foregoing statements herein con-
tained are true to the best of ~~his~~/her knowledge and belief.

Date_____ 6 - 2 - 03 _____          Signature _Mary L. Forte_
                                              Mary L. Forte

The undersigned hereby assent to the foregoing petition.

_____          _____
_____          _____
_____          _____
_____          _____

### DECREE

All persons interested having been notified in accordance with the law or having assented and no objections
being made thereto, it is decreed that _____ MARY L. FORTE

of _____ Pittsfield in the County of Berkshire _____                be appointed

~~administrator~~/administratrix of said estate, not already administered, first giving bond with_out_ _____ sureties,
for the due performance of said trust.

Date _Nov 18  2003_ _____          _Edward J. _____
                                    Justice of the Probate and Family Court

CJ-P 5 (3/02)

A True Copy
ATTEST

REGISTER OF PROBATE

# EXHIBIT B

# DONOVAN & O'CONNOR, LLP

PHILIP H. GRANDCHAMP
†DONALD W. GOODRICH
JOHN D. LANOUE
J. NORMAN O'CONNOR, JR.
JANICE J. COOK
DAVID B. MONGUE
†**CHRIS S. DODIG
††GORDON R. BLACK
STEPHEN N. PAGNOTTA

―――――

OF COUNSEL
**DOUGLAS J. ROSE
JOHN I. CURTIN
CECIL DRIVER

ATTORNEYS AND COUNSELLORS AT LAW
ONE COMMERCIAL PLACE
P.O. BOX 230
ADAMS, MASSACHUSETTS 01220-0230

―――――

(413) 743-3200
FAX (413) 743-5370
E-MAIL mail@docatty.com
EIN 04-2198966

SENIOR COUNSEL
J. NORMAN O'CONNOR

JAMES R. LOUGHMAN
MICHELLE K. MANNE۶ S
†**DANIELLE D. AALBERTS
**MICHAEL R. PALMIERI
††DANIEL M. McMANUS

**Also Admitted NY
†Also Admitted VT
††Admitted VT ONLY

August 26, 2002

Secretary James P. Jajuga
Executive Office of Public Safety
One Ashburton Place, Room 2133
Boston, MA 02108

Re:     Christopher Forte
        Date of Incident:        September 22, 2000
        Location:                Industrial Way, Pittsfield, Massachusetts
        Involved Agency:         Massachusetts State Police

Dear Secretary Jajuga:

This office represents the estate of Christopher Forte with regard to claims against the Commonwealth of Massachusetts and the Massachusetts State Police arising out of the fatal accident that occurred on or about September 22, 2000, on Industrial Way, in Pittsfield, Massachusetts. We send this letter as a formal presentation of claims pursuant to G. L. c. 258, § 4.

On September 22, 2002, Mr. Forte was operating his motorcycle and being pursued by State Police Officer Daniel Pinkham. Officer Pinkham had stopped Mr. Forte allegedly because of minor traffic violations. When Mr. Forte left the stop without permission the pursuit commenced on South Street in Pittsfield, Massachusetts, proceeded for approximately two miles, and concluded on Industrial Way in Pittsfield. At the conclusion of the pursuit, Mr. Forte's motorcycle crashed after crossing over old train tracks off to the right side of a gravel road. Mr. Forte died as a result of injuries sustained. To date, the investigation we have been able to conduct suggests that the accident and Mr. Forte's death were caused as a result of Trooper Pinkham's negligence in pursuing Mr. Forte inappropriately, contacting Mr. Forte's motorcycle with his cruiser, or otherwise forcing Mr. Forte to the side of the roadway and over the railroad tracks.

Mr. Forte was 28-years-old at the time of this fatal accident. Prior to the accident he was employed full time earning in excess of $20,000 per year. The full value of this claim greatly exceeds the $100,000 tort claims limit (G. L. c. 258, § 2) that is likely applicable in this case. Accordingly, our demand on behalf of the estate of Christopher Forte is that the Commonwealth of Massachusetts tender a settlement offer in the amount $100,000 as soon as possible.

In addition to the formal presentation of this claim, we wish to inform you that to date we have not been provided (despite requests) with any of the essential information that would help the Forte family better understand what happened. This essential information is commonly available in fatal accident cases and is necessary before competent reconstructing can be performed. This lack of detailed information is particularly troubling when one considers that the

August 26, 2002
Page 2

family of Mr. Forte has no other means of getting some of this essential information. By way of example the Forte family still does not have the following information:

1.    photographs of the accident scene from the date of the accident, including photographs showing the final resting points of the involved vehicles and Mr. Forte;

2.    statements from witnesses to the accident including Trooper Pinkham;

3.    measurements showing the final resting points of the vehicles and Mr. Forte in relationship to fixed objects, skid marks, tire marks and the location at which the motorcycle crossed-over the train tracks; and

4.    other "raw data" upon which a competent accident reconstruction could be based.

We requested this information many times over the 18-months immediately following the accident. Finally, on March 11, 2002, we received an "accident reconstruction" report from the Commonwealth. We enclose a copy of that report herewith for your review. This report is far less detailed than other accident reconstruction reports we have seen that were prepared by the Massachusetts State Police with regard to accidents involving fatalities. Quite frankly, the accident reconstruction report in this case raises more questions than it answers. By way of example, the report suggests that Mr. Forte's motorcycle crossed over the train tracks in a left to right direction, yet the diagram seems to show that Mr. Forte's final resting point was to the left of the train tracks. The accident reconstruction experts we have retained in this case, have suggest this is not physically possible unless Mr. Forte was moved.

In summary, the Forte family still has many unanswered questions concerning exactly how this fatal accident occurred. It is unfortunate that they will be forced to file a lawsuit in an effort to obtain answers to their questions.

We shall await your reply as provided for by G. L. c. 258, § 4.

Very truly yours,

DONOVAN & O'CONNOR, LLP

Chris S. Dodig

CSD/ldl
Enclosure

CERTIFIED MAIL, RETURN RECEIPT REQUESTED.



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | 2 30 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | $ |
| Total Postage & Fees | $ |

Postmark Here
AUG 27 2002
ADAMS MA

Sent To  Sec. James P. Jajuga Exec. Off. of Pub.

Street, Apt. No.; or PO Box No. One Ashburton Place, RM 2133

City, State, ZIP+4 Boston, MA  02108

PS Form 3800, January 2001    See Reverse for Instructions

7002 0460 0000 0692 8969

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Secretary James P. Jajuga
Executive Office of Public Safety
One Ashburton Place, RM 2133
Boston, MA  02108

Forte/csd/ldl

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
AUG 2 9 2002

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)    7002 0460 0000 0692 8969

PS Form 3811, August 2001    Domestic Return Receipt    102595-01-M-0381

# EXHIBIT C

# DONOVAN & O'CONNOR, LLP

PHILIP H. GRANDCHAMP
†DONALD W. GOODRICH
JOHN D. LANOUE
J. NORMAN O'CONNOR, JR.
JANICE J. COOK
DAVID B. MONGUE
† **CHRIS S. DODIG
† †GORDON P. BLACK
STEPHEN N. PAGNOTTA

———

OF COUNSEL
**DOUGLAS J. ROSE
JOHN T. CURTIN
CECIL DRIVER

ATTORNEYS AND COUNSELLORS AT LAW
ONE COMMERCIAL PLACE
P.O. BOX 230
ADAMS, MASSACHUSETTS 01220-0230

(413) 743-3200
FAX (413) 743-5370
E-MAIL mail@docatty.com
EIN 04-2198966

SENIOR COUNSEL
J. NORMAN O'CONNOR

JAMES R. LOUGHMAN
MICHELLE K. MANNEP S
DANIELLE D. AALBER ·S
MICHAEL R. PALMIERI
DANIEL M. McMANUS

·· Also Admitted NY
†Also Admitted VT
† † Admitted VT ONLY

August 14, 2002

Col. Thomas J. Foley, Superintendent
Massachusetts State Police
470 Worcester Road
Framingham, MA 01702

Honorable Thomas F. Reilly
Attorney General of Massachusetts
One Ashburton Place
Boston, MA 02108-1698

Re:    Christopher Forte
        Date of Incident:        September 22, 2000
        Location:                Industrial Way, Pittsfield, Massachusetts
        Involved Agency:        Massachusetts State Police

Dear Col. Foley and Attorney General Reilly:

This office represents the estate of Christopher Forte with regard to claims against the Commonwealth of Massachusetts and the Massachusetts State Police arising out of the fatal accident that occurred on or about September 22, 2000, on Industrial Way, in Pittsfield, Massachusetts. We send this letter as a formal presentation of claims pursuant to G. L. c. 258, § 4.

On September 22, 2002, Mr. Forte was operating his motorcycle and being pursued by State Police Officer Daniel Pinkham. Officer Pinkham had stopped Mr. Forte allegedly because of minor traffic violations. When Mr. Forte left the stop without permission the pursuit commenced on South Street in Pittsfield, Massachusetts, proceeded for approximately two miles, and concluded on Industrial Way in Pittsfield. At the conclusion of the pursuit, Mr. Forte's motorcycle crashed after crossing over old train tracks off to the right side of a gravel road. Mr. Forte died as a result of injuries sustained. To date, the investigation we have been able to conduct suggests that the accident and Mr. Forte's death were caused as a result of Trooper Pinkham's negligence in pursuing Mr. Forte inappropriately, contacting Mr. Forte's motorcycle with his cruiser, or otherwise forcing Mr. Forte to the side of the roadway and over the railroad tracks.

Mr. Forte was 28-years-old at the time of this fatal accident. Prior to the accident he was employed full time earning in excess of $20,000 per year. The full value of this claim greatly exceeds the $100,000 tort claims limit (G. L. c. 258, § 2) that is likely applicable in this case. Accordingly, our demand on behalf of the estate of Christopher Forte is that the Commonwealth of Massachusetts tender a settlement offer in the amount $100,000 as soon as possible.

VERMONT OFFICE:   116 SOUTH STREET, P.O. BOX 1033, BENNINGTON, VERMONT 05201-1033   (802) 442-3233   FAX (802) 447-2970

August 14, 2002
Page 2

In addition to the formal presentation of this claim, we wish to inform you that to date we have not been provided (despite requests) with any of the essential information that would help the Forte family better understand what happened. This essential information is commonly available in fatal accident cases and is necessary before competent reconstructing can be performed. This lack of detailed information is particularly troubling when one considers that the family of Mr. Forte has no other means of getting some of this essential information. By way of example the Forte family still does not have the following information:

     1.     photographs of the accident scene from the date of the accident, including photographs showing the final resting points of the involved vehicles and Mr. Forte;

     2.     statements from witnesses to the accident including Trooper Pinkham;

     3.     measurements showing the final resting points of the vehicles and Mr. Forte in relationship to fixed objects, skid marks, tire marks and the location at which the motorcycle crossed-over the train tracks; and

     4.     other "raw data" upon which a competent accident reconstruction could be based.

We requested this information many times over the 18-months immediately following the accident. Finally, on March 11, 2002, we received an "accident reconstruction" report from the Commonwealth. We enclose a copy of that report herewith for your review. This report is far less detailed than other accident reconstruction reports we have seen that were prepared by the Massachusetts State Police with regard to accidents involving fatalities. Quite frankly, the accident reconstruction report in this case raises more questions than it answers. By way of example, the report suggests that Mr. Forte's motorcycle crossed over the train tracks in a left to right direction, yet the diagram seems to show that Mr. Forte's final resting point was to the left of the train tracks. The accident reconstruction experts we have retained in this case, have suggest this is not physically possible unless Mr. Forte was moved.

In summary, the Forte family still has many unanswered questions concerning exactly how this fatal accident occurred. It is unfortunate that they will be forced to file a lawsuit in an effort to obtain answers to their questions.

We shall await your reply as provided for by G. L. c. 258, § 4.

Very truly yours,

DONOVAN & O'CONNOR, LLP

Chris S. Dodig

CSD/ldt
Enclosure

CERTIFIED MAIL, RETURN RECEIPT REQUESTED.
cc:  Ms. Debra Forte

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
KI Conrad    8/20/02

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Col. Thomas J. Foley, Superintendent
Massachusetts State Police
470 Worcester Road
Framingham, MA  01702

CSD/1d1/Forte

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service)    7002 0460 0000 0692 8846

PS Form 3811, August 2001    Domestic Return Receipt    102595-01-M-0381

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Co

O F F I C I A L

Postage $ 13
Certified Fee 230
Return Receipt Fee 175
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees $ 4

Sent To Col. Thomas J. Fo
Massachusetts State Pol
Street, Apt. No.; 470 Worcester Ro
or PO Box No.
City, State, ZIP+4 Framingham MA

PS Form 3800, January 2001

7002 0460 0000 0692 8846

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Honorable Thomas F. Reilly
Attorney General of Mass
One Ashburton Place
Boston, MA  02108-1698

CSD/1d1/Forte

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7002 0460 0000 0692 8853

PS Form 3811, August 2001    Domestic Return Receipt    102595-01-M-0381

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Co

O F F I C I A L

Postage $ 83
Certified Fee 230
Return Receipt Fee 175
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees $

Sent To Honorable Thomas F.
Attorney General of Mass
Street, Apt. No.; One Ashburton Plac
or PO Box No.
City, State, ZIP+4 Boston, MA  02108

PS Form 3800, January 2001

7002 0460 0000 0692 8853

DONOVAN & O'CONNOR, LLP
ATTORNEYS-AT-LAW
P.O. BOX 230
ADAMS, MA 01220

36914

53-7054/211

PAY
TO THE
ORDER OF ___ Superior Court ————————————————————————

DATE __March 13, 2003__

$ 210.00

Two hundred ten and 00/100 ————————————————————————— DOLLARS

**Banknorth**
Massachusetts
370 Main Street
Worcester, MA 01608

filing fee

FOR _Debra Forte as Admx v. Comm of Mass._     CSD   _Arlene C. Vacheron_

⑈036914⑈ ⑆211370545⑆ 5123540 2⑈

Debra Forte as Administratrix of the Estate of
Christopher M. Forte v. Commonwealth of Massachusetts,
Executive Office of Public Safety, Department of State
Police

The above-captioned case has been assigned a civil action
number of _____.

Signed: _____

Entered: _____

DDA/1dl

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

THE COMMONWEALTH OF MASSACHUSETTS
B.C. SUPERIOR COURT

FILED

MAY 18 2005

(Edward) Stapula

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

MARY L. FORTE AS
ADMINISTRATRIX OF THE ESTATE
OF CHRISTOPHER M. FORTE,
    Plaintiff

    v.

JOHN DANIEL PINKHAM, and the
COMMONWEALTH OF
MASSACHUSETTS, EXECUTIVE
OFFICE OF PUBLIC SAFETY,
DEPARTMENT OF STATE POLICE,
    Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)

SECOND AMENDED COMPLAINT

## PARTIES

1.    The plaintiff, Mary L. Forte, is an individual residing in Pittsfield, Berkshire

County, Massachusetts, and is the duly appointed administratrix of the estate of her grandson,

Christopher Forte, late of Pittsfield, who died on September 22, 2000. A copy of the Berkshire

Probate Court decree, dated November 18, 2003, appointing the plaintiff as administratrix, is

attached hereto as Exhibit A.

2.    The defendant, John Daniel Pinkham, is an individual residing in Ashfield,

Franklin County, Massachusetts.

3.    The defendant, Commonwealth of Massachusetts, Executive Office of Public

Safety, Department of State Police ("Commonwealth"), is and at all times relevant hereto was a

"public employer" within the meaning of G.L. c. 258, § 1.

τ

## BACKGROUND

4.    On September 22, 2000, the Commonwealth employed John Daniel Pinkham as a Massachusetts State Police Trooper, and in that capacity he ("State Trooper Pinkham") was a "public employee" within the meaning of G.L. c. 258, § 2.

5.    During the early morning hours of September 22, 2000, Christopher Forte was operating a motorcycle owned by him on East Street and then on South Street in the City of Pittsfield, Massachusetts.

6.    At the same time, State Trooper Pinkham did stop and detain Christopher Forte on South Street in said Pittsfield because of suspected traffic violations.

7.    After briefly stopping, Christopher Forte fled the scene of the above-described traffic stop on his motorcycle, and State Trooper Pinkham pursued in his police cruiser.

8.    State Trooper Pinkham's pursuit of Christopher Forte proceeded southerly on East Street and then westerly on Industrial Way, all in the City of Pittsfield, Massachusetts.

9.    While pursuing Christopher Forte on Industrial Way, State Trooper Pinkham caused Christopher Forte to lose control of his motorcycle, crash and suffer fatal injuries.

10.    The plaintiff, through her attorney, did, pursuant to G.L. c. 258, § 4, send letters presenting her claims to Col. Thomas J. Foley, Superintendent of the Massachusetts State Police, Honorable Thomas Reilly, Attorney General of Massachusetts, and Secretary James P. Jajuga, Executive Office of Public Safety.  Copies of those letters and evidence of their receipt are attached hereto as Exhibits B and C.

11.    More than six (6) months have passed since the letters were received and no reply has been received or any final resolution achieved.

2

## COUNT I
### (Against the Commonwealth)
### (For Conscious Pain and Suffering)

12.    The plaintiff incorporates herein all allegations contained in paragraphs 1 through 11 of her complaint.

13.    State Trooper Pinkham was negligent or reckless in the conduct of his pursuit of Christopher Forte.

14.    State Trooper Pinkham's negligence or recklessness proximately caused the motorcycle crash in which Christopher Forte sustained fatal injuries, as well as the conscious pain and suffering of body and mind which Christopher Forte experienced as a result of those injuries.

WHEREFORE, the plaintiff demands judgment against the Commonwealth pursuant to G.L. c. 229, § 6 and G.L. c. 258, § 2 in an amount equivalent to the actual damages sustained, together with interest, costs and any such further relief as this Court deems just.

## COUNT II
### (Against the Commonwealth)
### (For Wrongful Death)

15.    The plaintiff incorporates herein all allegations contained in paragraphs 1 through 14 of her complaint.

16.    State Trooper Pinkham's negligence or recklessness proximately caused Christopher Forte's death, and thereby caused Christopher Forte's next of kin to suffer the loss of his reasonably expected income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and to incur funeral and burial expenses on his behalf.

WHEREFORE, the plaintiff demands judgment against the Commonwealth pursuant to G.L. c. 229, § 2 and G.L. c. 258, § 2, in an amount equivalent to the actual damages sustained and requests punitive damages and such further and other relief as this Court may deem just.

## COUNT III
### (Against State Trooper Pinkham)
### (For Assault and/or Battery)

17.    The plaintiff incorporates herein all allegations contained in paragraphs 1 through 11 of her complaint.

18.    While pursuing Christopher Forte on Industrial Way, State Trooper Pinkham committed assault and/or battery upon Christopher Forte.

19.    State Trooper Pinkham's assault and/or battery upon Christopher Forte proximately caused the motorcycle crash in which Christopher Forte sustained fatal injuries, as well as the conscious pain and suffering of body and mind which Christopher Forte experienced as a result of those injuries.

WHEREFORE, the plaintiff demands judgment against State Trooper Pinkham pursuant to G.L. c. 229, § 6 in an amount equivalent to the actual damages sustained, and requests punitive damages and such further and other relief as this Court may deem just.

## COUNT IV
### (Against State Trooper Pinkham)
### (For Wrongful Death)

20.    The plaintiff incorporates herein all allegations contained in both paragraphs 1 through 11 and paragraphs 18 through 19 of her complaint.

4

21.    State Trooper Pinkham's assault and/or battery upon Christopher Forte proximately caused Christopher Forte's death, and thereby caused Christopher Forte's next of kin to suffer the loss of his reasonably expected income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and to incur funeral and burial expenses on his behalf.

WHEREFORE, the plaintiff demands judgment against State Trooper Pinkham pursuant to  G.L. c. 229, § 2, in an amount equivalent to the actual damages sustained and requests punitive damages and such further and other relief as this Court may deem just.

### COUNT V
### (Against State Trooper Pinkham)
### (For Violation of 42 U.S.C. § 1983)

22.    The plaintiff hereby incorporates all allegations contained in paragraphs 1 through 11 of her complaint.

23    State Trooper Pinkham attempted to force Christopher Forte to stop either by intentionally striking Christopher Forte's motorcycle with his police cruiser or by intentionally positioning his police cruiser in the path of Christopher Forte's motorcycle with knowledge or reason to know that Christopher Forte would not have an adequate opportunity to safely stop or drive around the police cruiser.

24.    State Trooper Pinkham's conduct as described in paragraph 23 above violated Christopher Forte's right to be secure against unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

25.    State Trooper Pinkham's conduct as described in paragraph 23 above violated Christopher Forte's rights under 42 U.S.C. § 1983.

26.    State Trooper Pinkham's conduct as described in paragraph 23 above proximately caused the crash which resulted in Christopher Forte's sustaining fatal injuries.

WHEREFORE, the plaintiff demands judgment against State Trooper Pinkham pursuant to 42 U.S.C. §§ 1983 and 1988, in an amount equivalent to the actual damages sustained plus punitive damages, attorney's fees and such further and other relief as this Court may deem just.

## COUNT VI
### (Against State Trooper Pinkham)
### (For Violation of G.L. c. 12, § 11H)

27.    The plaintiff hereby incorporates all allegations contained in paragraphs 1 through 11 of her complaint.

28.    State Trooper Pinkham's decision to pursue Christopher Forte was unreasonable under the circumstances.

29.    State Trooper Pinkham attempted to force Christopher Forte to stop either by intentionally striking Christopher Forte's motorcycle with his police cruiser or by intentionally positioning his police cruiser in the path of Christopher Forte's motorcycle with knowledge or reason to know that Christopher Forte would not have an adequate opportunity to safely stop or drive around the police cruiser.

30.    State Trooper Pinkham's conduct as described in paragraphs 28 and 29 above violated Christopher Forte's right to be secure against unreasonable seizures under the Fourteenth Article of the Massachusetts Declaration of Rights.

31.    State Trooper Pinkham's conduct as described in paragraphs 28 and 29 above violated Christopher Forte's rights under G.L. c. 12, § 11H.

32.    State Trooper Pinkham's conduct as described in paragraphs 28 and 29 above proximately caused the crash which resulted in Christopher Forte's sustaining fatal injuries.

WHEREFORE, the plaintiff demands judgment against State Trooper Pinkham pursuant to G.L. c. 12, §§ 11H and 11I, in an amount equivalent to the actual damages sustained plus attorney's fees and such further and other relief as this Court may deem just.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated: May 17, 2005

THE PLAINTIFF

By her attorney,

Chris S. Dodig
BBO No. 556628
for Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA  01247
Telephone No. (413) 663-3200
Fax No. (413) 663-7970

## CERTIFICATE OF SERVICE

I, Chris S. Dodig, hereby certify that on  May 17, 2005, I have caused the foregoing document to be served on the parties to this matter by mailing a true copy, postage prepaid, to William P. O'Neill, Esq., Assistant Attorney General, Commonwealth of Massachusetts, Office of the Attorney General, Western Massachusetts Division, 1350 Main Street, Springfield, MA 01103-1629.

Chris S. Dodig

CSD:JRL:klk

7

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

MARY L. FORTE AS            )
ADMINISTRATRIX OF THE ESTATE   )
OF CHRISTOPHER M. FORTE,     )
    Plaintiff                  )
                             )
    v.                      )
                             )    LIST OF DOCUMENTS
COMMONWEALTH OF          )
MASSACHUSETTS, EXECUTIVE    )
OFFICE OF PUBLIC SAFETY,     )
DEPARTMENT OF STATE POLICE,   )
    Defendant               )

*[Court filing stamp: THE COMMONWEALTH OF MASSACHUSETTS ... AS SUPERIOR COURT, FILED MAY – 4 2005, signature]*

1.     Plaintiff, Mary L. Forte as Administratrix of the Estate of Christopher M. Forte's, Motion for Leave to File Second Amended Complaint;

2.     Plaintiff, Mary L. Forte as Administratrix of the Estate of Christopher M. Forte's, Memorandum in Support of her Motion for Leave to File a Second Amended Complaint, together with attached Exhibits 1 through 7;

3.     Plaintiff, Mary L. Forte as Administratrix of the Estate of Christopher M. Forte's, Amended Complaint (Draft);

4.     Affidavit of Compliance; and

5.     Notice of Filing.

Dated: May 3, 2005

Chris S. Dodig, Esq.
BBO No. 556628
Attorney for Plaintiff
For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel.: (413) 663-3200
Fax: (413) 663-7970

*Allowed
5/9/05 [signature]*

## CERTIFICATE OF SERVICE

I, hereby certify that on May 3, 2005, I have caused the foregoing document to be served on the parties to this matter by mailing a true copy, postage prepaid, to William P. O'Neill, Esq., Assistant Attorney General, Commonwealth of Massachusetts, Office of the Attorney General, Western Massachusetts Division, 1350 Main Street, Springfield, MA 01103-1629.

Chris S. Dodig, Esq.

CSD:klk

2

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.



MARY L. FORTE AS
ADMINISTRATRIX OF THE ESTATE
OF CHRISTOPHER M. FORTE,
    Plaintiff

v.

COMMONWEALTH OF
MASSACHUSETTS, EXECUTIVE
OFFICE OF PUBLIC SAFETY,
DEPARTMENT OF STATE POLICE,
    Defendant

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

AFFIDAVIT OF COMPLIANCE

I, Chris S. Dodig, being duly sworn, depose and say as follows:

1.      I am the attorney of record for the Plaintiff;

2.      On April 19, 2005, in compliance with Superior Court Rule 9A(b)(2), I did by certified mail, with return receipt requested, mail copies of the enclosed Motion for Leave to File a Second Amended Complaint, Memorandum in Support of her Motion for Leave to File a Second Amended Complaint, together with attached Exhibits 1 through 7, and Amended Complaint to defendant's counsel, William P. O'Neill, Esq., Assistant Attorney General, Commonwealth of Massachusetts, Office of the Attorney General, Western Division, 1350 Main Street, Springfield, Massachusetts 01103-1629.  A signed receipt of the delivery of the aforesaid documents is affixed hereto;

3.      I have received no opposition to said motion;

4.      On May 3, 2005, I gave notice to defendant's counsel of the filing of the said

Motion for Leave to File a Second Amended Complaint, Memorandum in Support of her Motion

for Leave to File a Second Amended Complaint, together with attached Exhibits 1 through 7, and

Amended Complaint and

5.      Pursuant to Standing Order No. 1-88 B.4., this motion is filed within the

designated time standards for this case.

Dated:  May 3, 2005

_____

Chris S. Dodig, Esq.
BBO #556628
Attorney for Plaintiff
For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA  01247
Tel.:  (413) 663-3200
Fax:  (413) 663-7970

## CERTIFICATE OF SERVICE

I, hereby certify that on May 3, 2005, I have caused the foregoing document to be served
on the parties to this matter by mailing a true copy, postage prepaid, to William P. O'Neill, Esq.,
Assistant Attorney General, Commonwealth of Massachusetts, Office of the Attorney General,
Western Massachusetts Division, 1350 Main Street, Springfield, MA  01103-1629

CSD:klk

_____

2

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

William P. O'Neill, Esq.
Assistant Attorney General
Commonwealth of Massachusetts
Office of the Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA  01103-1629

CSD:klk  Forte

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X *Sandy Giordano*    ☐ Agent   ☐ Addressee

B. Received by (*Printed Name*)    C. Date of Delivery
Sandy Giordano    4/20/05

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)    ☐ Yes

2. Article Number
(*Transfer from service label*)
7004 1160 0005 1911 2129

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

MARY L. FORTE AS
ADMINISTRATRIX OF THE ESTATE
OF CHRISTOPHER M. FORTE,
    Plaintiff

    v.

COMMONWEALTH OF
MASSACHUSETTS, EXECUTIVE
OFFICE OF PUBLIC SAFETY,
DEPARTMENT OF STATE POLICE,
    Defendant

NOTICE OF FILING OF MOTION FOR
LEAVE TO FILE SECOND AMENDED
COMPLAINT

TO:    William P. O'Neill, Esq.
        Assistant Attorney General
        Commonwealth of Massachusetts
        Office of the Attorney General
        Western Massachusetts Division
        1350 Main Street
        Springfield, Massachusetts 01103-1629

       Please take notice that the undersigned, representing the Plaintiff, has filed Motion for

Leave to File a Second Amended Complaint, Memorandum in Support of her Motion for Leave

to File a Second Amended Complaint, together with attached Exhibits 1 through 7, and Amended

Complaint, with the Berkshire Superior Court on May 3, 2005.

       Dated:  May 3, 2005

                                        Chris S. Dodig, Esq.
                                        BBO No. 556628
                                        Attorney for Plaintiff
                                        For Donovan & O'Connor, LLP
                                        1330 Mass MoCA Way
                                        North Adams, MA  01247
                                        Tel.:  (413) 663-3200
                                        Fax:  (413) 663-7970

CERTIFICATE OF SERVICE

     I hereby certify that on May 3, 2005, I have caused the foregoing document to be served on the parties to this matter by mailing a true copy, postage prepaid, to William P. O'Neill, Esq., Assistant Attorney General, Commonwealth of Massachusetts, Office of the Attorney General, Western Massachusetts Division, 1350 Main Street, Springfield, MA 01103-1629.

CSD:klk

2

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT

FILED
MAY - 4 2005

MARY L. FORTE AS
ADMINISTRATRIX OF THE ESTATE
OF CHRISTOPHER M. FORTE,
    Plaintiff

    v.

JOHN DANIEL PINKHAM, and the
COMMONWEALTH OF
MASSACHUSETTS, EXECUTIVE
OFFICE OF PUBLIC SAFETY,
DEPARTMENT OF STATE POLICE,
    Defendant

)
)
)
)
)
)
)
)
)

PLAINTIFF'S MOTION FOR LEAVE TO
FILE A SECOND AMENDED COMPLAINT

Now comes the plaintiff, Mary L. Forte, as Administratrix of the Estate of Christopher M.

Forte, and moves pursuant to Rule 15(a) of the Massachusetts Rules of Civil Procedure for leave

to file a Second Amended Complaint in the above-captioned action.

Supporting affidavits and a memorandum in support accompany this motion.

Dated: April 19, 2005

THE PLAINTIFF

By her attorney,

Chris S. Dodig
BBO No. 556628
for Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA  01247
Telephone No. (413) 663-3200
Fax No. (413) 663-7970



COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.                                    SUPERIOR COURT DEPARTMENT
                                                 OF THE TRIAL COURT
                                                 Civil Action No. 03-076

MARY L. FORTE AS                            )
ADMINISTRATRIX OF THE ESTATE )
OF CHRISTOPHER M. FORTE,          )
        Plaintiff                              )
                                               )
        v.                                     )    PLAINTIFF'S MEMORANDUM IN
                                               )    SUPPORT OF HER MOTION FOR LEAVE
JOHN DANIEL PINKHAM, and the      )    TO FILE A SECOND AMENDED
COMMONWEALTH OF                        )    COMPLAINT
MASSACHUSETTS, EXECUTIVE       )
OFFICE OF PUBLIC SAFETY,          )
DEPARTMENT OF STATE POLICE,    )
        Defendant                            )

## FACTS

On March 14, 2003, Debra Forte, as Administratrix of the Estate of Christopher Forte,

commenced the above-captioned action. In her Complaint, she alleged that (1) Massachusetts

State Trooper John Daniel Pinkham ("State Trooper Pinkham") pursued Christopher Forte on

September 22, 2000; (2) State Trooper Pinkham was negligent or reckless; and (3) State Trooper

Pinkham's negligence or recklessness proximately caused a motorcycle crash as a result of

which Christopher Forte sustained fatal injuries. Upon that basis, she asserted claims pursuant to

G.L. c. 229 and G.L. c. 258 for Christopher Forte's conscious pain and suffering (Count I) and

wrongful death (Count II) against the Commonwealth of Massachusetts, Executive Office of

Public Safety, Department of State Police ("Commonwealth").

On or about April 7, 2003, the Commonwealth filed its Answer to the Complaint.

On May 1, 2003, Debra Forte died. See the Suggestion of Death filed by the

Commonwealth on or about August 7, 2003.

On or about March 1, 2004, the parties filed an Assented to Motion to Amend the Complaint to substitute Mary Forte as plaintiff, and that motion was allowed March 3, 2004.

On or about September 22, 2004, Mary Forte filed a First Amended Complaint, substituting herself as plaintiff.

On or about October 1, 2003, the Commonwealth filed its Answer to Mary Forte's First Amended Complaint.

Now Mary Forte is moving for leave to file a Second Amended Complaint, which would add State Trooper Pinkham as a defendant and assert claims against him for assault and battery (Count III), wrongful death (Count IV), violation of 42 U.S.C. § 1983 (Count V) and violation of G.L. c. 12, §§ 11H & 11I (Count VI).

## **BACKGROUND AND ALLEGATIONS**

On September 22, 2000, Massachusetts State Trooper John Pinkham observed two motorcyclists, Christopher Forte and Thomas Cornelier, proceeding on East Street and then on North Street in Pittsfield, Massachusetts. Trooper Pinkham believed that he had probable cause to issue traffic citations for speeding (non-radar), defective taillight, and excessive noise. After the motorcyclists turned left out of Park Square onto South Street Trooper Pinkham activated his blue lights. Shortly thereafter Christopher Forte pulled his motorcycle to the side of the road and Trooper Pinkham pulled over behind him. Thomas Cornelier continued operating his motor vehicle southerly on South Street. After pulling over for a brief period of time, Christopher Forte then drove away and Trooper Pinkham pursued him southerly on South Street. During the pursuit Forte and Pinkham passed Thomas Cornelier who had been pulled over by another officer on South Street. During the pursuit Trooper Pinkham obtained Christopher Fortes license plate number and "radioed" this information to the State Police headquarters. The pursuit continued southerly on South Street until Christopher Forte turned right onto Industrial Way.

Industrial Way is a dead end gravel road. Trooper Pinkham pursued Christopher Forte down

Industrial Way. Mr. Forte, for an unknown reason, drove off the right hand side of the road, was

thrown from his motorcycle and subsequently died.

Plaintiffs present claims assert that, under the circumstances, the Commonwealth of

Massachusetts through its employees was negligent in allowing this pursuit to continue. Plaintiff

has consulted with a police procedure expert who supports this theory.

Plaintiff now seeks to add claims alleging that Trooper Pinkham, at the conclusion of the

pursuit on Industrial Way, unreasonably seized Christopher Forte by either intentionally

contacting Forte's motorcycle with his cruiser or intentionally blocking Forte's path with his

cruiser thus forcing Forte to go off the side of the road and crash. Such allegations, if adequately

supported, would compel a conclusion that Trooper Pinkham unreasonably seized Christopher

Forte in violation of 42 U.S.C. § 1983 and M.G.L. c. 12 § 11(h)(i). See, e.g., Brower v. County

of Inyo, 489 U.S. 593 (1989); Buckner v. Kilgore, 36 F.3d 536 (6th Cir. 1994); and Hawkins v.

City of Farmington, 189 F.3d 695 (8th Cir. 1999). See also Commonwealth v. Stoute, 422 Mass.

782 (1996); and Hancock v. Town of Wakefield, 1996 Mass. Super. LEXIS 167 (attached hereto

as Addendum A).

## ARGUMENT

In pertinent part, Rule 15(a) of the Massachusetts Rules of Civil Procedure provides:

> . . . [A] party may amend his pleading only by leave of court or by
> written consent of the adverse party; and leave shall be freely
> given when justice so requires. . . .

See also DiVenuti v. Reardon, 37 Mass. App. Ct. 73, 77 (1994) ("a trial judge should be

generously disposed to motions to amend pleadings").

Amplifying on the foregoing theme, the Supreme Judicial Court has stated that Rule 15

requires a motion for leave to amend to be allowed "in the absence of [a good reason] such as

undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by
amendments previously allowed, undue prejudice to the opposing party, . . . futility" or the like.
Castellucci v. United States Fidelity and Guaranty Co., 372 Mass. 288, 292 (1977) (quoting
Foman v. Davis, 371 U.S. 178, 192 [1962]).

In the instant case, "undue delay" and "dilatory motive" are not in issue. Counsel for the
Commonwealth has informally indicated that he will not object to Mary Forte's pending motion
on those grounds. See paragraphs 3-4 of the Affidavit of Chris S. Dodig. But even if he were to
raise such an objection, it would be unavailing. Any delay on Mary Forte's part in bringing this
motion is justified by the fact that it was prompted by information obtained relatively recently
during discovery. See paragraphs 5-7 of the Affidavit of Chris S. Dodig. Moreover, even absent
such a justification, denying that motion would be inappropriate because, "[w]hile 'undue delay'
may justify . . . denial [of a motion to amend], this court has usually required some [other] factor
. . . such as the imminence of trial" in addition to the delay itself. See Goulet v. Whitin Machine
Works, Inc., 399 Mass. 547, 552 (1987)  Here, discovery is still ongoing and trial is, at least,
several months away.

Nor can the Commonwealth complain of "repeated failure to cure deficiencies by
amendments previously allowed." The only prior amendment previously sought or allowed by
Mary Forte was the one substituting her as plaintiff in place of the late Debra Forte.

Likewise, no one will be prejudiced by the allowance of Mary Forte's pending motion.
After all, her preexisting claims are predicated on State Trooper Pinkham's misconduct. Trooper
Pinkham was the first person deposed in the case. Moreover, while her proposed amendment
would introduce a new theory of liability, that consideration is mitigated by three other factors.
First, the Commonwealth's interests are aligned with State Trooper Pinkham's (see G.L. c. 258,
§ 9A), and its attorney represented him at his deposition. Second, Mary Forte has previously

"telegraphed" her intent to add State Trooper Pinkham as a defendant, so the defendants cannot plausibly claim to have been taken by surprise. See paragraphs 3-4 of the Affidavit of Chris S. Dodig. Third, and finally, it bears repeating that if this motion is allowed there will not be any additional discovery required and, therefore, no delay will result.

The only other conceivable basis for the Commonwealth to object to Mary Forte's pending motion would appear to be "futility." As stated above there is ample caselaw to support her proposed theories of recovery against State Trooper Pinkham. See, e.g., Brower v. County of Inyo, 489 U.S. 593 (1989); Buckner v. Kilgore, 36 F.3d 536 (6th Cir. 1994); and Hawkins v. City of Farmington, 189 F.3d 695 (8th Cir. 1999). See also Commonwealth v. Stoute, 422 Mass. 782 (1996); and Hancock v. Town of Wakefield, 1996 Mass. Super. LEXIS 167 (attached hereto as Addendum A). Trooper Pinkham, not unexpectedly, denies that he contacted Forte's motorcycle or forced it off the roadway Plaintiff, however, highlights the following evidence which would support a conclusion that Trooper Pinkham violated Mr. Forte's constitutional rights by either intentionally contacting Forte's motorcycle with his cruiser or intentionally blocking Forte's path forcing him to go off the roadway:

1.      Christopher Forte's accident happened when he went off the right hand side of Industrial Way (see photograph of Industrial Way attached as Exhibit 3);

2.      At the time of the accident Forte was traveling at a relatively low rate of speed: 25 to 30 miles per hour (see Exhibit 4, accident reconstruction report, page 7);

3.      There is no explanation for why Mr. Forte would have intentionally driven off the right hand side of Industrial Way. Mr. Forte had previously operated his motorcycle successfully for a considerable amount of time which operation included passing a line of cars on South Street on the right hand side at a speed of 60 to 70 miles per hour while Trooper Pinkham passed the same line of cars on the left hand side. (See Exhibit 2, Lakowicz affidavit, and Exhibit 5,

Pinkham deposition, page 69.) It does not make sense that, minutes later, he would crash on his own traveling less than half that speed;

4.      While Christopher Forte's motorcycle was traveling at approximately 25 to 30 miles per hour on Industrial Way just before the accident, Trooper Pinkham was traveling at 53 miles per hour. (See Exhibit 5, Pinkham deposition, page 80)  Thus, Trooper Pinkham was "gaining on" or "overtaking" Forte;

5.      Trooper Pinkham testified that he "did not skid [to a stop] at all on the gravel" road. He also said "it was not a panic stop." (See Exhibit 5, Pinkham deposition, page 86);

6.      The photographic evidence, however, directly contradicts Trooper Pinkham and demonstrates that he did lock up his brakes. (See Exhibit 2, Lakowicz affidavit);

7.      The physical evidence showed that the cruiser also traveled into the grass on the right side of the roadway in the same area where the motorcycle crashed. (See Exhibit 6, Detective Sergeant Drawec's deposition, page 27-29 and 37 through 38, and photos #22 and 33);

8.      An inspection of the police cruiser performed by plaintiffs reconstruction expert, Northeast Collision Analysis (Carl Lakowicz), as well as the photographs show damage to the cruiser that has not been explained or documented by the State Police as being attributable to any other incident (See Exhibit 2, affidavit of Carl Lakowicz);

9.      Pittsfield Police Sergeant Michael Fitzgerald testified that he followed Trooper Pinkham down Industrial Way ("not very close to the [cruiser]") "probably only went maybe 30 35 miles an hour, couldn't see the motorcycle, I could barely see the cruisers blue lights because of the dust." (See Exhibit 7, Fitzgerald deposition, page 28, 29 and 58).  Sergeant Fitzgerald also testified that when he arrived at the scene he "looked at the front and both sides of the cruiser".... "to see if there was any damage" (Exhibit 7, page 59-61). This suggests Sergeant Fitzgerald suspected contact or, at least, proximity.

While plaintiffs civil rights claims based upon what happened at the conclusion of the pursuit may ultimately prove to be unsuccessful, nonetheless, the evidence is certainly sufficient to create triable issues of fact with regard to whether or not Mr. Forte's constitutional rights were violated. Plaintiff acknowledges that the above evidence is circumstantial but, unfortunately, Trooper Pinkham is the only living witness to what actually happened at the conclusion of the pursuit.

## **CONCLUSION**

In light of the foregoing, this Court should grant the plaintiff's Motion for Leave to File a Second Amended Complaint.

Dated: April 19, 2005

THE PLAINTIFF

By her attorney,

Chris S. Dodig
BBO No. 556628
for Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Telephone No. (413) 663-3200
Fax No. (413) 663-7970

CSD:klk

# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

MARY L. FORTE AS                          )
ADMINISTRATRIX OF THE ESTATE              )
OF CHRISTOPHER M. FORTE,                  )
    Plaintiff                             )
                                          )
v.                                        )
                                          )
                                          )    AFFIDAVIT OF CHRIS S. DODIG
JOHN DANIEL PINKHAM, and the              )
COMMONWEALTH OF                           )
MASSACHUSETTS, EXECUTIVE OF               )
PUBLIC SAFETY, DEPARTMENT OF              )
STATE POLICE,                             )
    Defendants                            )

I, Chris S. Dodig, being duly sworn, state as follows:

1.    I am an attorney licensed to practice in the Commonwealth of Massachusetts, and am a partner in the law firm of Donovan & O'Connor, LLP, which has offices located at 1330 Mass MoCA Way, North Adams, Massachusetts 01247.

2.    Donovan & O'Connor, LLP represents the plaintiff, Mary L. Forte, as Administratrix of the Estate of Christopher M. Forte, with respect to the above-captioned action.

3.    Soon after discovery started in earnest (after Mary Forte was substituted as plaintiff for the late Debra Forte) I advised Atty. O'Neil that plaintiff was considering filing a motion to amend the complaint to assert civil rights claims.

4.    On November 15, 2004, I advised Atty. O'Neil in writing that plaintiff was likely going to seek to amend the complaint to assert civil rights claims. The letter explained that plaintiff wanted to wait until additional discovery was conducted to decide whether such claims

should be added. The letter requested that Atty. O'Neil agree not to object based upon untimeliness. (See November 14, 2004 letter attached as Exhibit A.)

5.    There have been numerous discovery difficulties and delays in this case. By way of example, plaintiffs have been seeking production of the State Police audiotape of communications made on the night of the incident. There is no dispute that such tape did exist. On July 26, 2004, defendants sent a letter to plaintiffs counsel purporting to enclose "the original audio tape of the radio transmissions…" Plaintiff's counsel promptly reviewed the tape and advised that he did not believe the correct tape had been produced. On October 4, 2004, defendants again asserted that the tape provided was the "original copied tape of the low frequency transmission of September 22, 2000." It was not until plaintiff deposed Trooper O'Toole (the desk officer who participated in the radio transmissions) that defendant agreed the tape was not the "correct" tape. To date, the correct tape has not been located or produced by the defendant. It should also be noted that the accident happened on September 22, 2000 and on October 23, 2000 plaintiffs previous attorney sent a certified letter to the State Police requesting preservation of the tape (received on October 24, 2000).

6.    The depositions of Trooper Wilson (the State Police accident reconstruction officer) and Detective Sergeant Drawec (the photographing officer) were completed on December 21, 2004. Both witnesses provided information that plaintiff is using to support this motion.

7.    Additionally, plaintiff has not yet been given the opportunity to depose Lieutenant Howard Lockwood. Plaintiff first noticed Lieutenant Lockwood's deposition on March 17, 2004 (over one year ago) to be conducted on April 16, 2004. Within the last four to six weeks

2

defendants have, for the first time, advised that Lieutenant Lockwood is retired and living in

South Carolina.  Lieutenant Lockwood is the third officer (along with Trooper Pinkham and

Trooper O'Toole) involved in the radio transmissions for the night in question.  According to all

involved, and State Police policy, Lieutenant Lockwood was the senior officer and had the

ultimate authority to terminate the pursuit.  At the present time plaintiff does not even know if

Lieutenant Lockwood was listening to the radio communications on the night in question.

     8.     Despite the outstanding discovery, plaintiff has decided to seek leave to amend

presently.

     Signed under the pains and penalties of perjury this 15th day of April, 2005.

_____
Chris S. Dodig

CSD:klk

3

# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
WESTERN MASSACHUSETTS DIVISION
1350 MAIN STREET
SPRINGFIELD, MASSACHUSETTS 01103-1629

THOMAS F. REILLY
ATTORNEY GENERAL

(413) 784-1240
www.ago.state.ma.us

July 26, 2004

Chris S. Dodig, Esq,
Donovan & O'Connor
1330 Mass MoCA Way
Adams, Massachusetts 01247

RE:    FORTE AS ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER FORTE v.  COMMONWEALTH
OF MASSACHUSETTS, EXECUTIVE OFFICE OF PUBLIC SAFETY, DEPARTMENT OF STATE
POLICE        Berkshire Superior Court C.A. No. BECV2003-00076

Dear Mr. Dodig:

Enclosed please find the original audiotape of the radio transmissions of the Cheshire Barracks for the relevant period of time on September 22, 2000.

Further to our conversation today, it is being provided pursuant to request No.11 of the Plaintiff's Second Request for Production of Documents. It is my understanding that your office will arrange to make a copy and return the original to this office via some form of accountable mail service.

If there is any conflict in either content or timing between the original and any copy, we have agreed that the original copy will control.

I am attempting to respond to remaining Request for Production of Documents as quickly as possible. Thank you for your patience in this matter.

Very truly yours,

William P. O'Neill
Assistant Attorney General

Enc.

F169.001

# EXHIBIT 2

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

MARY L. FORTE AS )
ADMINISTRATRIX OF THE ESTATE )
OF CHRISTOPHER M. FORTE, )
     Plaintiff )
 )
 )
     v. )
 )     AFFIDAVIT OF CARL LAKOWICZ
JOHN DANIEL PINKHAM, and the )
COMMONWEALTH OF )
MASSACHUSETTS, EXECUTIVE )
OFFICE OF PUBLIC SAFETY, )
DEPARTMENT OF STATE POLICE, )
     Defendant

       I, Carl Lakowicz, make the following affidavit with regard to the above-captioned

matter:

       1.     My name is Carl Lakowicz. I, on behalf of Northeast Collision Analysis,

Inc., was engaged on behalf of the estate of Christopher Forte to serve as an accident

reconstruction expert in this case.

       2.     On or about April 17, 2001, I, together with another employee from

Northeast Collision Analysis, performed a site inspection at Industrial Way in Pittsfield,

Massachusetts, inspected the motorcycle involved in the accident, and inspected the

cruiser involved in the accident;

       3.     While inspecting the cruiser I did note and record certain damage to the

passenger side of the police cruiser. Thereafter, in May 2001, we were able to review

records from the Commonwealth of Massachusetts regarding collision damage sustained

by the at-issue cruiser prior to the September 22, 2000 incident involving Christopher

Forte. This documentation did show that the damage to the right rear quarter panel of

the cruiser was from a different incident but it did not document in any way a front to

back scrape of approximately 3.5 inches on the passenger side rear view mirror that we

recognized upon our inspection of the cruiser and that appears in the photographs of the

cruiser taken on the night of the incident. This scrape damage to the cruiser rear view mirror is not explained by any prior collision.

4. The photographs taken by the State Police on the night of the incident demonstrate that Trooper Pinkham did "lock up" his brakes at the conclusion of the pursuit.

5. In my opinion there is no reasonable explanation as to why Christopher Forte would have drove off the right hand side of Industrial Way and proceed directly toward the metal yellow gate shown in the photographs when the path ahead was clear.

6. We will continue to review any other pertinent information that is obtained during the course of discovery in this action.

Signed under the pains and penalties of perjury this _____14_____ day of April, 2005.

_____
Carl Lakowicz

CSD:klk

# EXHIBIT 3



# EXHIBIT 4

# MASSACHUSETTS STATE POLICE
## COLLISION ANALYSIS AND RECONSTRUCTION SECTION



RECEIVED
MAR 1 2002
MASS. STATE POLICE
ACCIDENT RECONSTRUCTION CARS

### PAGE 1

| COLLISION # | 59100 |
| --- | --- |
| RECON. # | |
| PHOTO # | |
| LAB # | |

| STATUS | |
| --- | --- |
| OPEN | |
| PENDING COURT | |
| CLOSED | |

| COMPLAINANT: | Massachusetts State Police B-4 | PHONE: | 413-743-4700 |
| --- | --- | --- | --- |
| COMPLAINANT'S ADDRESS: | | Route 8 Cheshire, Massachusetts 01255 | |
| DATE REC'D: | 09-22-00 | TIME REC'D: 0230 | TYPE OF COL: Fatal |
| PRIMARY INVESTIGATOR: | Trooper Dan Pinkham | | TROOP/DEPT: MSP B-4 |
| RECONSTRUCTIONIST ASSIGNED: | Tpr DW Wilson #2075 | TEAM: | Central |

| COLLISION OCCURRED: | Pittsfield | | Friday | 09-22-00 | 0204 Hours |
| --- | --- | --- | --- | --- | --- |
| | CITY/TOWN | COUNTY | DAY | DATE | TIME |

### GIST

n 09-22-00 at approximately 0204 hours vehicle #1 a 1975 Harley Davidson Motorcycle was failing to stop for a police officer and turned onto Industrial Ave. Industrial Ave is a gravel roadway. The Motorcycle traveled down into a parking area and crossed over some railroad track and lost control causing the Harley motorcycle to fall ejecting the operator. The operator was fatally injured. At the time the weather was clear and the roadway was dry.

Tpr DW Wilson #2075
Collision Reconstructionist
ACTAR #307



EXHIBIT
DWS
1
12-21-04 08

SYNOPSIS

On 09-22-00 at approximately 0240 hours this officer was assigned to reconstruct a one-vehicle collision on Industrial Ave, part of this roadway is a public way in the Town of Pittsfield. This officer arrived at the scene at approximately 0335 hours. The scene was secured and the vehicle remained in its final rest position. This officer then spoke with officer at the scene and latter with the investigating Trooper, Trooper Dan Pinkham. Trooper Pinkham then gave the following synopsis: On 09-22-00 at approximately 0204 hours vehicle #1 a 1975 Harley Davidson Motorcycle was failing to stop for a police officer and turned onto Industrial Ave. Industrial Ave is a gravel roadway. The Motorcycle traveled down into a parking area and crossed over some railroad track and lost control causing the Harley motorcycle to fall ejecting the operator. The operator was fatally injured. At the time the weather was clear and the roadway was dry.
Vehicle #1 was a 1975 Harley Davidson, color black. Massachusetts Registration MX8625.
Vehicle #1 was operated by a:

1) FORTE, Christopher M      Driver
    60 Velma Lane             Fatally Injured
    Pittsfield, Massachusetts
    DOB: 06-21-72
    LIC#: 0246227392

2

## SCENE OBSERVATION AND MEASUREMENTS

This officer observed the roadway to be an undivided, uneven graveled road. Railroad tracks are mostly buried along the graveled roadway. The roadway starts out as an even roadway. Once one passes through a gate the area becomes more a parking area. The roadway appears to dead end but there are paths in the area. On the left of the road there is an area for parking trailers.

This officer did observe tire marks just prior to the railroad tracks. These marks are wide and dirt moved outward. The marks go over both sets of railroad tracks. This area the railroad tracks are just below the surface. The tire marks cleared the dirt off railroad tracks. The tire marks are 64.3 feet for the outside and 16.21 feet for the inside tire mark. In this officer's opinion these tire marks are scuff marks. These tire marks are from a rolling and sliding tire. The marks end and then there are some gouges and scrapes in the surface. These gouges are 7.2 feet after the tire marks end. The motorcycle travels 32.68 feet coming to rest in the graveled surface. The operator travels 63.53 feet coming to rest on the graveled surface.

This officer observed no tire marks from the cruiser at the scene and these tire marks did not line up with the cruiser. These tire marks line up with the motorcycle. In this officer's opinion based upon evidence and training and experience the motorcycle went into a left turn and started to yaw or scuff. The motorcycle caught the railroad tracks and the motorcycle lost control causing the motorcycle to fall ejecting the operator.

3

## VEHICLE #1 DAMAGE REPORT

VEHICLE DESCRIPTION: COLOR: Black  YEAR: 1975  MAKE: Harley Davidson
Motorcycle 1000cc REG: MX8625  STATE: MA  VIN: 4A36833H5  Mileage: 3099 TRIP
ODOMETER: 96.5

### TIRE EXAMINATION

| LOCATION | TYPE | PSI | TREAD DEPTH |
|----------|------|-----|-------------|
| Front | Heang Shin 100/90-19 | 15 lbs | 5-7-6/32 |
| Rear | 130/90-16 | 24 lbs | 5-3-6/32 |

### EXTERIOR DAMAGE REPORT

1) Dent in rim rear appears to be old.
2) 2 inches on right shock depression mark.
3) Left side 1.5 inch on shock.
4) Dirt on handle bar.
5) Blinker face down.
6) Center peg dirt and scraped.
7) Gear scraped end broken.
8) Rear peg broken off.
9) Saddle bag dirt.
10) Rear tire scraped.
11) Mass Inspection 05/31/01.
12) Right side pipe not scraped.
13) Rear peg, center peg, front peg no damage.
14) Steering no damage.
15) Gas tank no damage.
16) Seat scraped laterally.
17) Speedometer broken.
18) Left shift off.
19) Gear 1 down then 1 up.

4

## LIGHT EXAMINATION

1) Front headlight, and running or blinkers shows no signs of hot shock.
2) Left brake light pointed down, hot shock.
3) The rest of the rear lights show no signs of hot shock.

## SPEEDOMETER INSPECTION

1) The speedometer was not examined under a black light or a poly light.

## BRAKE EXAMINATION

1) Master cylinder fluid full.
2) Front rotor and pads are good.
3) Front brake stops motorcycle.

## OTHER INSPECTIONS

This officer also inspected cruiser 2436, VIN 1G1BL52P8SR148363. 1995 Chevy Caprice. This officer did not observe any damage consistent with impacting the motorcycle. There was a scraped under front bumper driver side, rear quarter outside bumper and a dent passenger side quarter and bumper a scrape, scrape lower door rear. All these marks appeared to be old and had no paint transfer.

5

# VEHICLE #1
## SPEED CALCULATIONS

## CALCULATION OF SPEED

### VEHICLE #1

This officer observed some tire marks. These marks are wide and dirt moved outward. The marks go over both sets of railroad tracks. This area the railroad tracks are just below the surface. The tire marks cleared the dirt off railroad tracks. The tire marks are 64.3 feet for the outside and 16.21 feet for the inside tire mark. In this officer's opinion these tire marks are scuff marks. These tire marks are from a rolling and sliding tire. The marks end and then there are some gouges and scrapes in the surface. These tire marks were curved but hit the railroad tracks so one is unable to calculate a speed using these marks.

The motorcycle travels 32.68 feet coming to rest in the graveled surface. The operator travels 63.53 feet coming to rest on the graveled surface.

The motorcycle travels 32.68 feet. The motorcycle tumbled and dug in and this officer will use a friction value of .65. Using this calculation the speed is 25 mph.

$$S = \sqrt{30 \times D \times (f \times n)}$$
$$S = \sqrt{30 \times 32.68 \, (0.65 \times 100.0\%)}$$
$$S = \sqrt{980.40 \times 0.65}$$
$$S = \sqrt{637.26}$$
$$S = 25.24$$

$$V = 1.466 \times S$$
$$V = 1.466 \times 25.24$$
$$V = 37.00$$

The operator was thrown a distance of 63.53 feet. The angle being thrown off is approximately 18 to 22 degrees; this gives a speed of 30.21 mph to 30.70 mph.

$$V = \frac{\sqrt{2 \times a \times f \times D}}{Cos\emptyset + (f \times Sin\emptyset)}$$

$$V = \frac{\sqrt{2 \times 32.2 \times 0.66 \times 63.53}}{0.927 + (0.66 \times 0.374)}$$

$$V = \frac{\sqrt{2700.2}}{0.927 + (0.246)}$$

$$V = \frac{51.96}{1.173}$$

$$V = 44.29$$

$$V = \frac{\sqrt{2 \times a \times f \times D}}{Cos\emptyset + (f \times Sin\emptyset)}$$

$$V = \frac{\sqrt{2 \times 32.2 \times 0.66 \times 63.53}}{0.951 + (0.66 \times 0.309)}$$

$$V = \frac{\sqrt{2700.2}}{0.951 + (0.203)}$$

$$V = \frac{51.96}{1.154}$$

$$V = 45.02$$

6

## CONCLUSIONS

1) The Harley Davidson motorcycle was traveling at 25 to 30 mph when the motorcycle rolled onto its side.

2) The operator of the Motorcycle lost control as he traveled over the railroad tracks.

3) FORTE, Christopher M was operating the Harley Motorcycle.

## OPINION

1) In this officer's opinion there was not any contact between the Harley Davidson and the Chevy.

2) This officer observed no mechanical problems with the motorcycle, which contributed to this crash.

3) Results indicate the operator was under the influence of alcohol.

Tpr DW Wilson #2075
Collision Reconstructionist
ACTAR #307

7

# EXHIBIT 5

Page 1

```
 1           COMMONWEALTH OF MASSACHUSETTS
 2  BERKSHIRE, SS.        SUPERIOR COURT DEPARTMENT
                          OF THE TRIAL COURT
 3                        Docket No. BECV2003-0076
 4  ----------------------------
    DEBRA FORTE, as Administratrix )
 5  of the Estate of CHRISTOPHER M.)
    FORTE,                         )
 6                                 )
                 Plaintiff,        )
 7                                 )
         vs.                       )
 8                                 )
    COMMONWEALTH OF MASSACHUSETTS, )
 9  EXECUTIVE OFFICE OF PUBLIC     )
    SAFETY, DEPARTMENT OF STATE    )
10  POLICE,                        )
                                   )
11               Defendant.        )
    ----------------------------
12
13
14      DEPOSITION OF:  JOHN DANIEL PINKHAM, taken before
15   Lance A. Boardman, Notary Public-Stenographer,
16   pursuant to the Massachusetts Rules of Civil
17   Procedure, at the law offices of Donovan &
18   O'Connor, One Commercial Place, Adams,
19   Massachusetts, on Friday, June 13, 2003,
20   commencing at 9:59 a.m.
21               - - - - -
22              Lance A. Boardman
          BOARDMAN REPORTING SERVICE, INC.
23             117 Somerset Avenue
          Pittsfield, Massachusetts  01201
24               (413) 443-4242
```

Page 3

```
 1
 2               I N D E X
 3
 4                            PG   LN
 5  JOHN DANIEL PINKHAM........................  5   2
 6     EXAMINATION BY MR. DODIG.................  5   5
 7
 8
 9
10           E X H I B I T S
11
12  Plaintiff's Exhibit 1, a map of East Street,
    was marked for identification................ 33  20
13
    Plaintiff's Exhibit 2, diagram of South
14  Street, was marked for identification......... 53  21
15  Plaintiff's Exhibit 3, diagram of Lipton
    Mobil parking lot, was marked for
16  identification............................... 89  17
17  Plaintiff's Exhibit 4, accident
    reconstruction report diagram, was marked
18  for identification........................... 90   6
19
20
21
22
23
24
```

Page 2

```
 1
    APPEARANCES:
 2
 3
    For the Plaintiff:
 4
 5
        Chris S. Dodig, Esq.
 6      Donovan & O'Connor, P.C.
        One Commercial Place
 7      P.O. Box 230
        Adams, Massachusetts  01220-0230
 8
 9
    For the Defendant:
10
11      William P. O'Neill, Esq., AAG
        Office of the Attorney General
12      1350 Main Street, 4th Floor
        Springfield, Massachusetts  01103-1629
13
14
15
16
17
18            COPY
19
20
21
22
23
24
```

Page 4

```
 1
 2        S T I P U L A T I O N S
 3
 4      It is agreed by and between the parties that all
 5  objections, except as to form, are reserved to be
 6  raised at the time of trial for the first time.
 7
 8      It is further agreed by and between the parties
 9  that all motions to strike unresponsive answers are
10  also reserved to be raised at the time of trial for
11  the first time.
12
13      It is further agreed that the deponent will read
14  and sign the deposition, and that the sealing of the
15  deposition is waived.
16
17      It is further agreed by and between the parties
18  that notification to all parties of the receipt of the
19  original deposition transcript is also hereby waived.
20
21
22
23
24
```

Page 69

1 assessed the situation and said that it was a head
2 injury and a neck injury, and to move him may cause
3 more substantial damage. Called for an ambulance.
4 That was the basic content.
5    Q. Let me take you back to the South Street
6 area.
7    Do you recall the speed of the motorcycle
8 and/or your vehicle as you approached the traffic
9 ahead of you that included the Cornellier motorcycle
10 and the Expedition, the police Expedition?
11    A. I would -- again, I didn't look at my
12 speedometer at this point. I would estimate it in the
13 60, 65, 70 range. It was not -- it was greater than
14 what I would typically travel the road at; however, it
15 was not the maximum speed that that road could be
16 traveled. It was a high rate of speed; however, it
17 was not driving to the extreme limits of what was
18 possible.
19    Q. Tell me what you recall about the vehicles
20 that you approached and eventually passed. How many
21 were there?
22    A. I believe there were two. This -- you know,
23 I recall I was probably a little bit -- I was quite
24 focused on the motorcycle. I recall seeing two

Page 70

1 vehicles, a clear path on the left, and that it was
2 safe to go around them. So I did not pay much mind
3 to, you know, identifying the vehicles when I just --
4 I observed traffic and a way around them.
5    Q. Did you observe the Cornellier motorcycle to
6 be one of the vehicles?
7    A. I actually did not observe the Cornellier
8 motorcycle. I do not recall him stopping.
9    Q. Was one of the vehicles the police
10 Expedition, the Pittsfield Police Expedition?
11    A. Yes.
12    Q. Before you passed them, is it your memory
13 that Christopher Forte passed them on his motorcycle?
14    A. Yes, he was ahead of me.
15    Q. And he passed on the right is your memory?
16    A. That is what I believe -- I cannot recall
17 whether that was -- I definitely saw his car or whether
18 that was, you know, circumstantial and I said, oh, I
19 went by him on the left. I don't recall that.
20    Q. So you're not sure which side he passed
21 them?
22    A. Right.
23    Q. But he did pass them?
24    A. He did pass them. And I believe -- I

Page 71

1 thought I was on the right, on the breakdown side.
2    Q. How much room was there on the right?
3    A. I believe there were -- I think there were
4 two full breakdown lanes.
5    Q. So one on the --
6    A. Right. It was 6 to 8 feet.
7    Q. On the right side of the white line, being
8 the right of the traveled way?
9    A. Yes.
10    Q. Do you have any landmarks you can refer us
11 to in terms of where the pass of the vehicles occurred
12 on South Street?
13    A. There's a traffic light down there. I'm not
14 sure -- I believe it may be as labeled on this map,
15 Crofut Street. There's a traffic light down there;
16 however, it was beyond the traffic light.
17    Q. Was that traffic light green when you went
18 through?
19    A. Yes.
20    Q. How close were you to Mr. Forte's motorcycle
21 just prior to the pass?
22    A. I was -- I was too far to get the plate. I
23 was -- I would say I was quite -- I was quite a
24 distance behind him. Judging distance in this

Page 72

1 situation is fairly difficult, but 75 yards.
2    Q. After the pass, did you gain on him or did
3 the gap remain similar until you reached the Lipton
4 Mobil?
5    A. It was very little distance, as I recall,
6 between passing those vehicles and the Lipton Mobil,
7 so there wasn't much time for me to judge that.
8    Q. Do you have any recollection of whether the
9 Cornellier vehicle had been passed by you prior to
10 Industrial Way?
11    A. No.
12    Q. Have you since learned what happened to
13 the the -- the Cornellier vehicle -- strike that.
14    Are you aware that the Cornellier vehicle --
15 that you did pass it?
16    A. Upon reading the Pittsfield reports, if I
17 understand them correctly, I would have had to have
18 passed him for them to effect a stop where he was.
19    Q. They stopped him before Industrial Way, in
20 other words?
21    A. Yes.
22    Q. After making the pass then, is it your
23 memory that the distance was still in the approximate
24 range of 75 yards between your cruiser and the

Page 77

1   That's fine, thank you.

2   And Forte -- put an F, rather than drawing a

3   motorcycle, just generally where he was positioned.

4   Now, your memory is that was approximately

5   the position he came to the first stop at?

6   A. Right.  There were some barriers in the

7   way.  I don't know whether there was a propane tank in

8   there.  There were some impediments to his continuing

9   in whatever direction he was heading.

10   Q. And where did the Pittsfield Police

11   Expedition pull in?

12   A. I think it was to the -- what would that be,

13   the northeastern side of the lot.  I'll label that

14   "PPD." I'll label mine "MSP."

15   Q. After coming into the lot, you had your

16   lights on and were observing Mr. Forte.  Why did you

17   not get out at that point when you saw him start

18   back-pedaling with his feet?

19   A. Because it was clear that he would be able

20   to get underway before I was able to exit my vehicle

21   and get up to him.

22   Q. Why no effort sort of to come up here on the

23   side of him which would, as we're -- you know, closer

24   to the gas tank, sort of to block him in?

Page 78

1   A. I was very conscious of the fact that any

2   contact between my cruiser and his motorcycle would be

3   construed as deadly force, so I didn't want to

4   initiate contact at all, whether use it as a barrier

5   or whatnot.  And he was also immobile, backing the

6   motorcycle up.

7   As far as how I would box him in without

8   contacting the motorcycle, I don't recall seeing any

9   possible way.

10   Q. How long did this state of affairs last, in

11   other words, pulling in there and him backing up using

12   his feet before beginning to go again?

13   A. It only took him a second or two to move the

14   motorcycle back enough to clear whatever the barrier

15   was.

16   Q. So he backed up a bit and then began

17   proceeding again toward Industrial Way?

18   A. Yes.

19   Q. If you'd draw an arrow showing his path.

20   And did you take a similar path to pursue

21   him?

22   A. Yes.  I went around to the western side of

23   the gas pumps, between the pumps and the Lipton Mobil.

24   Q. So the same side of the pump that he went

Page 79

1   down and you've drawn the arrow on?

2   A. Yes.

3   Q. Did the Pittsfield police cruiser move at

4   all after Mr. Forte began toward Industrial Way?

5   A. At that point I didn't observe any

6   movement.  I wasn't looking at them, however.  I was

7   focusing on the motorcycle, obviously.

8   Q. As you followed the motorcycle to enter onto

9   Industrial Way, where was the cruiser, if you noticed?

10   A. In the same general area.  I don't know

11   whether he had -- but he was generally in the -- at

12   the intersection of Industrial Way and South Street.

13   Q. Did he, the Pittsfield Police -- I think --

14   well, we'll call him an officer because I forget his

15   rank -- follow you down Industrial Way after the

16   pursuit again started up?

17   A. Yes.

18   Q. Were you familiar with Industrial Way?

19   A. No, not at all.

20   Q. Were you aware it was a dead end?

21   A. No.

22   Q. Were you aware it was a gravel road?

23   A. No, not until I observed dust from the

24   motorcycle.

Page 80

1   Q. Had you ever been on it before?

2   A. No.

3   Q. What radio contact was made to this point,

4   to the point just before Forte and then you enter onto

5   Industrial Way?

6   You told me about the radio contact when you

7   pulled him over initially and then he began again.

8   A. Right.

9   Q. Describe for me, please, the radio contact

10   from that point until this point here that we're at,

11   being in the parking lot.

12   A. I don't remember the content as we headed

13   down South Street, but when we pulled into the Lipton

14   Mobil, I had a very good clear look at the plate, and

15   I called that in.

16   As we exited the parking lot and headed down

17   Industrial Way, I believe Cheshire told me that they

18   had the plate, they were all set with that, and asked

19   for my speed.  I recall looking down at my speedometer

20   and it said 53, so I told them approximately 50 for my

21   speed.  And I believe that I -- I believe I

22   communicated we were heading down -- I don't know how

23   I phrased it, exactly where we were -- where we had

24   made the turn, but I believe I communicated we had

Page 85

1  motorcycle began to go back and forth, and all of a
2  sudden, just all of a sudden began tumbling. He
3  popped up, and that was when the crash occurred.
4     Q. Which way was the motorcycle -- strike
5  that. Which way did the motorcycle travel after
6  Mr. Forte left the motorcycle, after his body left?
7     A. Momentum just carried it straight as the
8  same direction we were heading in general.
9     Q. Which way did his body get thrown?
10     A. Like I said, he was popped up in the air.
11  It may have been a little bit to the left of where if
12  the vehicle had kept going straight, but it was not
13  any -- there was no turn. It was more then maybe the
14  direction it tumbled to the very slightly left.
15     Q. Do you recall whether he landed on the
16  gravel surface or on the grass on the right side?
17     A. Where he wound up was on the gravel.
18     Q. Do you recall -- did you observe the tumble
19  at all so that you can say where he landed first as
20  opposed to where he ended up?
21     A. No. All I saw was I saw him pop up, and
22  then I came upon where he was laying.
23     Q. Did you have to brake to stop from the
24  approximately 53 miles an hour you were traveling at?

Page 86

1     A. Yes.
2     Q. Did you skid at all on the gravel?
3     A. No.
4     Q. How long of a stop -- how long did it take
5  you to stop in terms of feet?
6     A. I really couldn't estimate that. It was --
7  I recall I was able to select where I pulled my
8  cruiser up to for some sort of tactical advantage. I
9  believe I angled my cruiser slightly. It was not a
10  panic stop. But, you know, I was off the accelerator
11  as soon as I saw the crash happen.
12     Q. Did you observe which part of Mr. Forte's
13  body hit the ground first?
14     A. No, I didn't see that.
15     Q. When you saw him, what part of his body was
16  on the ground?
17     A. He was laying on his side.
18     Q. Do you recall which side?
19     A. I believe that it was his right side because
20  I think -- I think as he lay, he was -- he was facing
21  where my cruiser would be, and I believe his head was
22  closer to me than his feet, which would make it his
23  right side.
24     Q. Was his helmet still on?

Page 87

1     A. I don't recall that.
2     Q. Did you observe the motorcycle in its tumble
3  at all?
4     A. I saw it tumble, but beyond the fact that
5  there was a crash that occurred, I didn't concern
6  myself with exactly how it tumbled beyond not striking
7  the motorcycle when I stopped.
8     Q. Did the tires on your cruiser ever touch or
9  cross the railroad tracks that were present on the
10  side of and then near Industrial Way?
11     A. I don't know. I didn't know there were
12  railroad tracks there until after the fact. And
13  wherever my cruiser wound up after this occurred, I
14  left it where it was. And I followed a direct path to
15  that point from South Street. So by extrapolation you
16  would be able to get a general idea of my path.
17     Q. I'm sorry, you followed a direct path
18  from --
19     A. -- South Street or -- well, after Lipton
20  Mobil, I should say the parking lot, but in the area
21  when we got on Industrial Way, don't go off the
22  roadway, turn around, make any substantial turns. I
23  was a fairly direct path to where my final stopping
24  was.

Page 88

1     Q. How close to the motorcycle was your cruiser
2  when you did stop?
3     A. I think I stopped 20 or 30 feet short.
4  Again, the motorcycle wasn't moved after this point.
5  We left the cruiser, left the motorcycle there.
6     Q. That's where I was going to go next.
7     Did you move your cruiser at all after it
8  came to a stop, the strategic stop you mentioned?
9     A. No.
10     Q. Did anyone until after the reconstruction --
11     A. Not until after the scene was cleared.
12     Q. Did you move Mr. Forte's motorcycle at all?
13     A. No.
14     Q. Did you touch it?
15     A. No.
16     Q. Did anyone, that you observed?
17     A. Not until after -- not that I observed and
18  not until after accident recon. had been there.
19     Q. Did you move Mr. Forte's body at all?
20     A. No.
21     Q. Did you turn it over?
22     A. No.
23     Q. Did you touch it?
24     A. No.

# EXHIBIT 6

3

COMMONWEALTH OF MASSACHUSETTS

2  Berkshire, ss.              Superior Court
                              Docket No. 03-076

3

4

5  MARI L. FORTE AS ADMINISTRATRIX OF
   THE ESTATE OF CHRISTOPHER M. FORTE,

6

7          vs

8  COMMONWEALTH OF MASSACHUSETTS,
   EXECUTIVE OFFICE OF PUBLIC SAFETY,

9  DEPARTMENT OF STATE POLICE.

10

11          CONTINUED DEPOSITION OF: JOHN W. DRAWEC
    taken before Deborah A. Pularo, Certified Shorthand

12  Reporter and Notary Public, pursuant to Rule 30 of
    the Massachusetts Rules of Civil Procedure, at the

13  offices of DONOVAN & O'CONNOR, LLP, 1330 Mass MoCA
    Way, North Adams, Massachusetts on December 21, 2004,

14  commencing at 11:30 a.m.

15

16  APPEARANCES:

17  DONOVAN & O'CONNOR, LLP
    1330 Mass MoCA Way

18  North Adams, MA  01247
    Representing the Plaintiff

19  BY: CHRIS S. DODIG, ESQUIRE

20  COMMONWEALTH OF MASSACHUSETTS
    OFFICE OF THE ATTORNEY GENERAL

21  Western Massachusetts Division
    1350 Main Street

22  Springfield, MA  01103-1629
    Representing the Defendants

23  BY: WILLIAM P. O'NEILL, ASSISTANT ATTORNEY GENERAL

24          Deborah A. Pularo
            Certified Shorthand Reporter

---

2

1          I N D E X

2  WITNESSES      DIRECT  CROSS  REDIRECT  CROSS

3  John W. Drawec 4

4

5

6          E X H I B I T S
7          (Plaintiff's)

8

9  EXHIBIT                        PAGE

10  1    Massachusetts State Police
        Administrative Log          14

11

12

13

14

15

16

17

18

19

20

21

22          *   *   *

23

24

---

1          STIPULATIONS

2

3      It is agreed by and between the parties that all

4  objections except as to the form of the question are

5  reserved to be raised at the time of trial for the

6  first time.

7

8      It is further agreed by and between the parties

9  that all motions to strike unresponsive answers are

10  also reserved to be raised at the time of trial for

11  the first time.

12

13      It is also agreed that the deponent will reaad and

14  sign and waive the sealing of the deposition.

15

16      It is further agreed by and between the parties

17  that notification to all parties of the receipt of

18  the original deposition transcript is also hereby

19  waived.

20

21          *   *   *

22      The deponent, JOHN W. DRAWEC, having been first

23  duly identified by license and sworn, testifies as

24  follows:

---

4

1  DIRECT EXAMINATION BY MR. DODIG:

09:40:05  2      Q.  (BY MR. DODIG)  Good afternoon.  My name is

09:40:07  3  Chris Dodig.  I represent the family of Christopher

09:40:10  4  Forte who was involved in a fatal motor vehicle

09:40:15  5  accident on September 22, 2000.  I understand that

09:40:18  6  you were involved, at least as the photographer, or

09:40:21  7  that fatality.  I am going to ask you a series of

09:40:26  8  questions here about that.  Have you been through a

09:40:28  9  deposition before?

09:40:28  10      A.  **Once before.**

09:40:29  11      Q.  Just as a reminder, try to wait for me to

09:40:33  12  complete my question, and I will try to wait for you

09:40:35  13  to complete your answer so that the stenographer can

09:40:38  14  have a neat recording of what each of us say.  I

09:40:43  15  don't think we will be long at all.  If you need to

09:40:45  16  take a break, just let me know.  Answer all of the

09:40:48  17  questions verbally rather than by a gesture so the

09:40:53  18  stenographer can record that.

09:40:55  19      A.  **I will.**

09:40:56  20      Q.  What is your full name?

09:40:57  21      A.  **John William Drawec.  The last name is**

09:41:00  22  **spelled, D-R-A-W-E-C.**

09:41:02  23      Q.  What is your rank in the State Police?

09:41:03  24      A.  **I am presently a Detective Lieutenant.**

---

25

10:20:42  1  I am going to guess --

10:20:44  2      MR. O'NEILL: Don't speculate, if you

10:20:46  3  don't know.

10:20:50  4      Q.  (BY MR. DODIG)  When you were there and you

10:20:50  5  were taking those photographs, part of your mindset

10:20:54  6  was to capture the differing pattern on the tire?

10:21:00  7      A.  In this particular series of photos, it was to

10:21:03  8  document the cruiser itself.

10:21:05  9      Q.  In 24 and 30, the tire is documented?

10:21:12  10     A.  That's correct.

10:21:12  11     Q.  When you were taking those photos, did you see

10:21:19  12  the differing pattern or what you described as the

10:21:23  13  scuff mark on the tires?

10:21:24  14     A.  Yes, I did.

10:21:24  15     Q.  Was your intention to capture that?

10:21:28  16     A.  That's correct.

10:21:28  17     Q.  As you put together 24 and 30, along with the

10:21:38  18  photographs marked as 22 and 20, was it your

10:21:44  19  intention to show a likely cause of the scuff mark to

10:21:50  20  the tire?

10:21:51  21     A.  Not really.  At the time, I was just basically

10:21:54  22  trying to document the scene as I found it.

10:22:03  23     Q.  From the photographs, particularly, photograph

10:22:34  24  numbered 30 and 24, are you able to say whether the

26

10:24:44  1  right front tire went into a skid to develop that

10:24:49  2  differing pattern?

10:22:50  3      A.  I really don't have the training to make that

10:22:52  4  call.  That would be Trooper Wilson who would have to

10:22:56  5  make that call.

10:23:13  6      Q.  Do any of the photographs you took show the

10:23:17  7  path of the motorcycle as it was near the train

10:23:23  8  tracks?

10:24:23  9      A.  I have a series of four here.

10:24:25  10     Q.  What are the numbers?  These are the

10:24:27  11  handwritten numbers, right?

10:24:28  12     A.  Handwritten numbers.  The first is number 15.

10:24:31  13  That's actually looking back from the motorcycle.

10:24:38  14  Number 34 and number 9.  33 as well.  I specifically

10:24:52  15  remember Trooper Wilson asking me to take this

10:24:55  16  photograph for this particular line over on the side

10:24:58  17  there.  He actually asked me to go back and take that

10:25:03  18  one which I did.

10:25:53  19     Q.  Let me show you photos with handwritten

10:25:?  20  numbers 20 and 22 on them and ask if anywhere in

10:26:30  21  those two photos you see marks, tire marks, or

10:28:35  22  otherwise depicting the travel of the motorcycle?

10:28:38  23     A.  In these particular photographs, that area is

10:?  24  too dark.  The flash didn't reach that particular

27

10:26:45  1  area.

10:26:46  2      Q.  Where was the area, forward of those

10:26:48  3  photographs, 22 and 20, or to the right?

10:26:51  4      A.  It would be to the right of the right rear of

10:26:55  5  the cruiser itself.

10:26:57  6      Q.  I am thinking of -- I won't draw an arrow

10:27:01  7  because I don't know if this is of any significance.

10:27:04  8  But this area here on photograph number 22, is that

10:27:07  9  of any significance in terms of the travel of the

10:27:10  10  motorcycle, that you are aware of?

10:27:12  11     A.  Not that I'm aware of.

10:27:14  12     Q.  In photograph 20, there is a line about in the

10:27:19  13  center of the photograph coming through the train

10:27:22  14  tracks.  Is that of any significance that you are

10:27:25  15  aware of in the travel of the motorcycle?

10:27:28  16     A.  I believe that it might be.  But, again, I am

10:27:31  17  not positive.  It is leading to the area to that

10:27:36  18  right rear of the cruiser itself.  But, again, we

10:27:43  19  have a dark area there.

10:27:44  20     Q.  So this -- I am going to -- on photograph

10:27:49  21  number 20, you have drawn a small arrow in.  With

10:27:52  22  your permission, I am going to make a number one

10:27:55  23  below that arrow.  That indicates -- I think you said

10:28:00  24  you think -- the right tire of the cruiser?

28

10:28:01  1      A.  I believe so, one of the right tires.

10:28:04  2      Q.  Now, I am going to draw another arrow to the

10:28:08  3  line I was just talking to you about moments ago and

10:28:11  4  mark it with a two.  You are not certain what that

10:28:15  5  line within the train track or that mark depicts; is

10:28:20  6  that correct?

10:28:20  7      A.  That's correct.

10:28:21  8      Q.  It may be the travel of the motorcycle?

10:28:23  9      A.  It could be.

10:28:24  10     Q.  Is it photograph 33 that you said Trooper

10:28:32  11  Wilson specifically had you take to depict some of

10:28:36  12  the travel of the motorcycle?

10:28:?  13     A.  There was one other one.  I specifically

10:28:49  14  remembered him just making sure that I had documented

10:28:52  15  that.  There was one other one that was close to it.

10:28:56  16  I believe it is 19.  But, again, that one is dark.

10:29:06  17     Q.  Which one are you able to see it best in?

10:29:08  18     A.  The number 33.

10:29:10  19     Q.  Would you draw an arrow pointing to the line

10:29:13  20  that Trooper Wilson asked you to be sure to documen[t]

10:29:16  21  in the photographs?

10:29:16  22     A.  I drew a line parallel to it.

10:29:23  23     Q.  Your understanding is that represented the

10:29:25  24  travel of the motorcycle?

29

10:29:27 1    A.  I believe so.

10:29:28 2    Q.  Were there any scrapes on the cruiser that you

10:29:54 3 were -- strike that.

4    Were there any scrapes on the cruiser that you

5 independently photographed or that you were

10:30:00 6 instructed to photograph?

10:30:02 7    A.  No.

10:30:02 8    Q.  In the photograph with handwritten number 30,

10:30:08 9 do you see the scrape on the rear right side mirror?

10:30:13 10        MR. O'NEILL:  I will object to the

10:30:15 11 characterization.

10:30:18 12        THE WITNESS:  I see something there.  I

10:30:21 13 don't know if it is a scrape.  It would be better if

10:30:25 14 I had a close up shot of it.  I don't know if it is

10:30:31 15 from the flash or not.

10:30:32 16    Q.  (BY MR. DODIG)  May I take a look at the

10:30:34 17 photos again to see if there are any other pictures

10:30:40 18 of that?

10:30:40 19    A.  Sure.  Also 22 shows that line a little bit

10:30:55 20 that he wanted documented.

10:30:57 21    Q.  Photograph 22 also shows the line that Trooper

10:31:01 22 Wilson wanted you to document?

10:31:03 23    A.  That's correct.

10:31:04 24    Q.  Would you take a pen and point to it on

30

10:31:07 1 photograph 22 or run parallel to it, whichever you

10:31:11 2 are more comfortable with?

10:31:12 3    A.  I will do it parallel.

10:32:21 4        MR. DODIG:  Off the record.

10:32:24 5        (Off the record discussion)

10:34:39 6    Q.  (BY MR. DODIG)  Which photo did you just mark

10:34:43 7 with the parallel line, do you recall?  Oh, I see, it

10:34:47 8 is photograph 22?

10:34:48 9    A.  That's correct.

10:35:00 10    Q.  When you arrived, did you determine whether

10:35:03 11 the cruiser was left in its final resting position

10:35:07 12 such that the photographs you were taking of it

10:35:12 13 were --

10:35:12 14    A.  It was my understanding that the cruiser had

10:35:14 15 not been moved.  The trunk was open, I believe,

10:35:16 16 because the Trooper accessed first aid equipment.  I

10:35:22 17 believe they kept it there.

10:35:46 18    Q.  At the scene, did you determine whether the

10:35:49 19 cruiser traveled over the same ground as the

20 motorcycle or slightly to the left of the motorcycle?

21    A.  I didn't make any determination as to that.

10:36:20 22    Q.  Did you take any videotape or other depictions

10:36:26 23 of the scene other than the photographs?

10:36:31 24    A.  No, I did not.

31

10:36:30 1    Q.  Did you draw any diagrams?

10:36:32 2    A.  No, I did not.

10:36:33 3    Q.  Did anyone under your supervision draw

10:36:36 4 diagrams?

10:36:37 5    A.  Not that I know of.

10:36:38 6    Q.  Other than the other woman, I believe it was,

10:36:41 7 that took photographs later that day in the daytime

10:36:45 8 hours, do you know of anyone else that took

10:36:47 9 photographs?

10:36:48 10    A.  She also took photographs of the helmet on the

10:36:51 11 27th.  I believe it was the 27th she was notified,

10:36:56 12 but I believe she actually took them on the 28th.

10:36:56 13    Q.  Would you describe for me your recollection of

10:37:01 14 the discussions you had with Trooper Wilson at the

10:37:04 15 scene in terms of what he wanted you to do and what

10:37:07 16 his thinking was?

10:37:08 17    A.  One of the things he definitely wanted was,

10:37:12 18 documentation during the daytime simply because the

10:37:15 19 lighting was so bad in that particular area.  Upon

10:37:18 20 his arrival, that's when he actually spent a

10:37:22 21 significant amount of time at the front of the car,

10:37:24 22 the cruiser itself, looking for any damage and

10:37:27 23 everything like that.  Made sure that I documented

10:37:30 24 that.  You will notice in a couple of the photographs

32

10:37:33 1 there was no flash.  He wanted to make sure that all

10:37:35 2 the lenses were intact on the cruiser itself.  That

10:37:38 3 type of thing.

10:37:43 4    Q.  Did he want to document the path of travel of

10:37:47 5 both vehicles?

10:37:47 6    A.  I believe so.

10:37:49 7    Q.  You mentioned your specific recollection about

10:37:56 8 getting that line in the grass photographed?

10:37:58 9    A.  That's correct.

10:37:59 10    Q.  Do you have any other specific recollections

10:38:01 11 of photographs that he wanted that hadn't been done

10:38:05 12 before his arrival?

10:38:05 13    A.  Just to make sure that I got both sides of the

10:38:08 14 front of the cruiser as well as the front itself.  I

10:38:16 15 specifically remember him calling me over to get that

10:38:16 16 line.

10:38:19 17    Q.  How about the shots of the tire tracks going

10:38:22 18 over the railroad tracks, was that something that you

10:38:25 19 did before or after his arrival?

10:38:27 20    A.  That was something that I did on my own.

10:38:45 21    Q.  Early in the deposition you referred to some

10:38:49 22 photographs that were way back near where the main

10:38:53 23 road goes on to Industrial Road.  I am trying to find

10:38:57 24 those now.  Strike that.

33

think that's all the questions I have. Let me

st clarify, before I let you go, what we are going

do with the photographs and the exhibits. I just

nt to make sure I have looked at these.

am going to show you now four photographs taken

the daylight of the scene of the accident. Are

ose the photographs taken by the other State Police

icer that went later that day?

**A. Yes, they are.**

Q. Are they the only ones of the scene that she

ok?

**A. I believe there are a few more negatives that**

**e in here. There should be a total of seven.**

Q. Can I take a look at the other three negatives

at weren't made into prints?

**A. Yes.**

Q. Are these other negatives even further out

ar the main road?

**A. I believe they are.**

Q. My question is this: Are any of those daytime

notographs of near where the motorcycle went down

ar the railroad tracks? They all seem to be

rther back out to me.

**A. That's correct, they are pretty far out.**

34

Q. In any of the daytime photographs, are you

ble to make out tire tracks from either of the

ehicles, the police cruiser or the motorcycle?

**A. No. Actually, at the time when I responded to**

**ne scene, the other troopers had responded. Their**

**ars were back a lot further. I believe that there**

**/as a medical crew that had actually gone up to the**

**cene, to the left of the cruiser, at some point**

**here, too. So there were some other tire tracks**

**hat were in there further out as well as to the left**

**of the cruiser.**

Q. Okay.

MR. DODIG: Off the record.

(Off the record discussion)

MR. DODIG: Back on the record.

Q. (BY MR. DODIG) Detective Lieutenant Drawec,

just to conclude and make sure we all know what

documents are where, you are going to maintain

possession of the original negatives from the

photographs, correct?

**A. That's correct.**

Q. How many are there from the nighttime shoot,

total negatives?

**A. Total negatives including blanks?**

35

10:47:05  1    Q. Including blanks, yes.

10:47:12  2    **A. There are 10 strips consisting of four frames**

10:47:15  3  **each, some of which are blank.**

10:47:17  4    Q. So a total of 40 pieces, some of which are

10:47:21  5  blanks?

10:47:21  6    **A. That's correct.**

10:47:21  7    Q. About how many actually contain photographs or

10:47:27  8  printable photographs?

10:47:28  9    **A. I believe, 33. I believe, 33.**

10:47:32  10    Q. Okay. From the daytime shoot, how many

10:47:37  11  negatives are there?

10:47:38  12    **A. I believe there are seven.**

10:47:39  13    Q. Are they all --

10:47:41  14    **A. One strip of four, one strip of two, and one**

10:47:46  15  **strip of one.**

10:47:47  16    Q. All those contain printable photographs, none

10:47:50  17  appear blank?

10:47:51  18    **A. That's correct.**

10:47:51  19    Q. The other strip there, what is that?

10:47:53  20    **A. This is four -- a strip of four negatives of**

10:47:58  21  **the helmet.**

10:47:59  22    Q. Okay. You can reduce each or record those

10:48:05  23  negatives on to CD Roms?

10:48:07  24    **A. That's correct.**

36

10:48:08  1    Q. All right.

10:48:09  2    **A. I can also print up a contact sheet showing**

10:48:12  3  **each negative from that CD Rom.**

10:48:15  4    Q. You'd be willing to do that and give it to

10:48:18  5  Attorney O'Neill?

10:48:19  6    **A. Yes, I will.**

10:48:20  7           MR. DODIG: Okay. The last thing we

10:48:20  8  should do is make sure we have the photographs. Off

10:48:34  9  the record for the time being.

10:48:35  10           (Off the record discussion)

10:51:20  11           MR. DODIG: Back on the record.

10:51:22  12    Q. (BY MR. DODIG) During your deposition,

10:51:25  13  Detective Lieutenant Drawec, we have been looking at

10:51:29  14  photographs that you have brought with you. On the

10:51:31  15  back of each of those photographs you have

10:51:35  16  handwritten numbers; is that correct?

10:51:36  17    **A. That's correct.**

10:51:36  18    Q. We were referring to those numbers throughout

10:51:39  19  the deposition. One photograph that we were

10:51:41  20  referring to was photograph number 22. That actually

10:51:46  21  corresponds with negative number six; is that

10:51:49  22  correct?

10:51:49  23    **A. That's correct.**

10:51:56  24    Q. You have changed that on the back of the

37

10:51:55 1  photograph?

10:51:52 2  **A. Yes, and I initialed it.**

10:51:54 3  **Q.** Just for the record, on the front of that

3 4  photograph, you drew two arrows that you think

10:51:59 5  correspond to the right and left tires of the

10:52:02 6  cruiser?

10:52:02 7  **A. That could correspond, that's correct.**

10:52:05 8  **Q.** On photograph 22, you drew a line parallel to

10:52:10 9  the line that Trooper Wilson wanted you to document?

10:52:13 10  **A. That's correct.**

10:52:13 11  **Q.** On photograph 33, you did the same, drew a

10:52:18 12  line parallel to the mark that Trooper Wilson wanted

10:52:22 13  you to document?

10:52:22 14  **A. That's correct.**

10:52:27 15  **Q.** On photograph 20, you drew a line, and I put

10:52:33 16  number one on it corresponding to what you think is

10:52:36 17  the right front -- a mark made from the right front

10:52:41 18  tire of the cruiser. And arrow number two represents

10:52:44 19  what might have been a mark made by the motorcycle's

10:52:50 20  direction of travel?

10:52:51 21  **A. Number one, as indicated, would probably be**

10:52:55 22  **from the right side. For me to call it the right**

10:52:58 23  **front or right rear, I don't know.**

...59 24  **Q.** Either way, the right side of the cruiser?

38

10:53:02 1  **A. Correct.**

10:53:02 2  **Q.** Number 22 may be the direction of travel of

10:53:06 3  the motorcycle?

10:53:09 4  **A. That's correct.**

10:53:10 5  **Q.** Okay. For the record, you have been kind

10:53:13 6  enough -- you are going to take the negatives and are

10:53:15 7  kind enough to allow me to maintain the original

10:53:19 8  photographs we were using, the prints from the

10:53:21 9  negatives. And I will make a copy of those with the

10:53:24 10  notations on them for Attorney O'Neill.

10:53:28 11  Is there anything else that you think we need to

10:53:30 12  put on the record?

10:53:31 13  MR. O'NEILL: You are going to give me

10:53:33 14  back the photographs that are not marked?

10:53:34 15  MR. DODIG: I was going to keep them, if

10:53:38 16  that's all right with the two of you. I will make

10:53:39 17  copies for you.

10:53:41 18  MR. O'NEILL: The only ones I want copies

10:53:43 19  of are the ones that we have referred to in that

3 20  recap with the markings on them.

10:53:58 21  MR. DODIG: The CD's are just your things,

10:54:02 22  and we are going to get another copy of those?

10:54:04 23  THE WITNESS: Yes. What I will do is, I

...14 24  will separate them into three; one of the scene, one

39

10:54:09 1  of the day shots, and one of the helmet.

10:54:12 2  MR. DODIG: There is nothing in that pile

10:54:14 3  we haven't looked at?

10:54:15 4  THE WITNESS: No.

10:54:22 5  MR. DODIG: Off the record.

10:54:24 6  (Off the record discussion)

10:54:31 7  MR. DODIG: We are all set. I thank you

10:54:33 8  for your time. I am sorry to drag you out here, but

10:54:36 9  I appreciate your time.

10:54:39 10  THE WITNESS: You are welcome.

10:54:40 11  MR. O'NEILL: Thank you.

10:54:42 12  (Deposition concluded)

13

14

15

16

17

18

19

20

21

22

23

24

40

1  COMMONWEALTH OF MASSACHUSETTS
   COUNTY OF BERKSHIRE

2

3  I, DEBORAH A. PULARO, A Notary Public within and
   for the State of Massachusetts do hereby certify that

4  I took the deposition of JOHN W. DRAWEC, pursuant to
   Rule 30 of the Massachusetts Rules of Civil Procedure

5  on December 21, 2004 at the offices of DONOVAN &
   O'CONNOR, LLP, 1330 Mass MoCA Way, North Adams,

6  Massachusetts.

7  I further certify that the above-named deponent
   was by me first duly sworn to testify to the truth

8  concerning their knowledge in the matter of FORTI: V.
   COMMONWEALTH OF MASSACHUSETTS, now pending in the

9  Berkshire County Superior Court, Pittsfield,
   Massachusetts.

10

11  I further certify that the within testimony was
    taken by me stenographically and reduced to

12  typewritten form. I further certify that said
    deposition is a true record of the testimony given by

13  said witness.

14  I further certify that I am neither counsel for,
    related to, nor employed by any of the parties to the

15  action in which this deposition was taken; and,
    further, that I am not a relative or employee of any

16  attorney or counsel employed by the parties hereto,
    nor financially or otherwise interested in the

17  outcome of the action.

18  WITNESS my hand and seal this 27th day
    of December, 2004.

19

20

21  Deborah A. Pularo
    NOTARY PUBLIC

22

23  My Commission expires:

24  October 2, 2009



#33



#22



#20



#6

# EXHIBIT 7

Michael Fitzgerald    Forte v. Commonweal of Massachusetts          3/11/2004

Page 1

1               COMMONWEALTH OF MASSACHUSETTS
             DEPARTMENT OF THE TRIAL COURT
2              SUPERIOR COURT DEPARTMENT

3      BERKSHIRE, SS.    CIVIL ACTION NO.
       CV2003-00076
4

5

6      *********************************
       DEBRA FORTE AS ADMINISTRATRIX
7      OF THE ESTATE OF
       CHRISTOPHER M. FORTE,
8                             Plaintiff

9      vs.

10     COMMONWEALTH OF MASSACHUSETTS,
       EXECUTIVE OFFICE OF PUBLIC
11     SAFETY, DEPARTMENT OF
       STATE POLICE,
12                            Defendants
       *********************************
13

14          DEPOSITION OF SERGEANT MICHAEL

15     FITZGERALD, taken at the request of the

16     Defendant pursuant to Rule 30 of the

17     Massachusetts Rules of Civil Procedure before

18     Nicole E. Guilbert, a Notary Public in and

19     for the Commonwealth of Massachusetts, on

20     March 11, 2004, commencing at 10:00 a.m.,

21     taken at the offices of Berkshire Superior

22     Court, 76 East Street, Pittsfield,

23     Massachusetts  01201.

24

Page 26

1    Q.  But he didn't?
2    A.  He didn't.  He went on the opposite
3    side of the gas pumps.
4    Q.  He went between the gas pumps and
5    the store?
6    A.  Right.
7    Q.  What was the cruiser doing during
8    this period of time?
9    A.  He was going very slow and
10   following him around.  He had his lights on
11   and he was trying to effect a motor vehicle
12   stop.
13   Q.  So the overhead lights were
14   activated on the cruiser and on your vehicle?
15   A.  Yeah.  Right.
16   Q.  And the cruiser followed the
17   motorcycle between the convenience store and
18   the gas pumps?
19   A.  Yeah.  After he went this way, the
20   cruiser followed him after.
21   Q.  At any point from the time the
22   cruiser and the motorcycle were here at this
23   southbound entrance, did you see any contact
24   between the motorcycle and the cruiser?

Page 27

1    A.  No.
2    Q.  And did you have them under almost
3    constant observation during this period of
4    time?
5    A.  Oh, yeah.  Definitely.
6    Q.  The motorcycle goes between the
7    convenience store and the pumps followed by
8    the cruiser.  What do you do?
9    A.  Back up and follow them, go down
10   Industrial Drive.
11   Q.  And Industrial Drive is -- I think
12   there's a sign by the railpost that says,
13   "Private Way"; are you familiar with it?
14   A.  Yeah.  I believe it is a private
15   way.
16   Q.  I think before you alluded to the
17   fact that Industrial Way is really a very
18   wide area between the gas station lot and the
19   parking lot for Lipton Industries over here?
20   A.  Yeah.  It's all almost all one --
21   it's not the same surface but this is all
22   blacktop.
23   Q.  At some point on Industrial Way or
24   -- Industrial Drive, rather, the blacktop

Page 28

1    stops?
2    A.  Yeah.  You go down a little bit of
3    a hill and then it turns into a dirt parking
4    lot.
5    Q.  Describe for me what happened as
6    you backed up and went down Industrial Drive.
7    A.  Not much.
8    Q.  How far --
9    A.  I mean I just backed up and started
10   following them.
11   Q.  You're now driving down Industrial
12   Drive?
13   A.  Yep.
14   Q.  How far in front of you is the
15   cruiser approximately?
16   A.  I don't know.  I mean he's --
17   obviously, there's a time delay for me, so
18   I'm not very close to him.  I can see his
19   taillights but there's all kinds of dust
20   kicking up.
21   Q.  Can you still see his overhead
22   lights?
23   A.  Yeah.
24   Q.  Can you see the motorcycle?

Page 29

1    A.  No.
2    Q.  And is that because of the dust?
3    A.  I'm sure that's a factor but, you
4    know, it's two in the morning.
5    Q.  It's dark?
6    A.  And his lights are on.  It's --
7    once you get to the bottom of the hill, it's
8    flat again.  It's not -- you're not going
9    down a hill so you can't see -- you couldn't
10   see over the cruiser at that time.  So I
11   can't see him.
12   Q.  Is there any lighting that's
13   available from either overhead lights or from
14   any of the buildings on Industrial Way?
15   A.  Yeah.  I think there's some outside
16   lights but it's not a very bright area.
17   Q.  As you're going down Industrial
18   Way, what -- do you recall what your speed
19   was?
20   A.  I know I wasn't -- it's not a very
21   good road, so I probably only went, maybe,
22   30, 35 miles an hour.  If I got to that -- I
23   didn't go down the road very far before the
24   cruiser was there.

8 (Pages 26 to 29)

Page 58

1  that Industrial Way was not a good road so
2  you decided to only go at about 30 to 35
3  miles an hour. What do you mean by not a
4  good road?
5      **A.  Well, I mean it's the -- you**
6  **know. It doesn't have an asphalt surface.**
7  **It's a dirt road. And I mean the reason --**
8  **the other reason is it wasn't that long of a**
9  **distance before -- I mean I would have ended**
10  **up catching up with them. To me I didn't**
11  **want to go fast and fishtail in the dirt for**
12  **no reason. The state police was behind him.**
13  **I just wanted to try to keep them in sight.**
14      Q.  Now, I think you testified, correct
15  me if I'm wrong -- strike that. Am I correct
16  in remembering that you never saw the
17  motorcycle as the two went down Industrial
18  Way?
19      **A.  I couldn't see the motorcycle. I**
20  **could barely see the cruiser's blue lights**
21  **and taillights because of the dust. You**
22  **know, it's a dirt road, and I don't think it**
23  **had rained any time before that and --**
24      Q.  One of the primary reasons you

Page 59

1  could not see the motorcycle was because the
2  cruiser was in front of you --
3      **A.  Yeah. The cruiser was between me**
4  **and the motorcycle plus the dust made it --**
5  **if it was -- let's just say if it was an**
6  **asphalt drive, then maybe I could have saw**
7  **the motorcycle through the cruiser but I mean**
8  **it's a flat road. So I don't know with the**
9  **lights whether I would have or not.**
10      Q.  And to your observation the cruiser
11  followed roughly the same path as the
12  motorcycle down Industrial Way?
13      **A.  Yeah.**
14      Q.  Now, after the incident, did either
15  you or the trooper move any of the vehicles?
16      **A.  No.**
17      Q.  You mentioned that you didn't see
18  any contact-like damage on either the cruiser
19  or the motorcycle. My question is did you
20  look for it?
21      **A.  I looked at the cruiser.**
22      Q.  Where did you look?
23      **A.  I looked at the front. I looked at**
24  **both sides of it.**

Page 60

1      Q.  Did you look at the passenger side
2  rear view mirror?
3      **A.  No.**
4      Q.  Did you make any observations that
5  there were scratches on that rear view
6  mirror?
7      **A.  No, I didn't.**
8      Q.  Did you attempt to look at that?
9      **A.  No. I looked at the side. In**
10  **general, both the left front and right front**
11  **sides, in general. I don't recall looking at**
12  **the passenger side mirror.**
13      Q.  Did you do a detailed look? I mean
14  a flashlight, careful look at it?
15      **A.  I don't think I had my flash --**
16  **yeah, I did. Yeah. I looked at it with the**
17  **flashlight. I didn't see anything.**
18      Q.  What did the trooper say to you
19  when you did that?
20      **A.  He didn't say anything.**
21      Q.  Where was he?
22      **A.  He was right there. I don't even**
23  **know if he was watching me do it or not. I**
24  **couldn't answer you.**

Page 61

1      Q.  Why'd you do that?
2      **A.  To see if there was any damage.**
3      Q.  I mean but damage from contact with
4  the motorcycle you're thinking of? I mean
5  you're not worrying about damage from two
6  days ago?
7      **A.  Well, I was looking for damage in**
8  **general. If I saw something, I probably**
9  **would have asked him or looked to see if it**
10  **was new, old.**
11      Q.  In terms of the roadway where the
12  vehicles came to the final rest and you drew
13  us a picture of that, in terms of Industrial
14  Way was that in the center, the right, or the
15  left side of Industrial Way where the
16  vehicle --
17      **A.  Probably in about the center. It's**
18  **rather wide there but, you know, it's weedy**
19  **on both -- we pretty much stayed in the**
20  **middle.**
21      Q.  And your best memory is that the
22  cruiser, the motorcycle, and Forte were
23  approximately in the middle of the roadway?
24      **A.  Pretty much, yeah.**

COMMONWEALTH OF MASSACHUSETTS

# DRAFT

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

MARY L. FORTE AS )
ADMINISTRATRIX OF THE ESTATE )
OF CHRISTOPHER M. FORTE, )
    Plaintiff )
 )
    v. )
 )
DANIEL PINKHAM, and the )    SECOND AMENDED COMPLAINT
COMMONWEALTH OF )
MASSACHUSETTS, EXECUTIVE )
OFFICE OF PUBLIC SAFETY, )
DEPARTMENT OF STATE POLICE, )
    Defendant )

## **PARTIES**

    1.    The plaintiff, Mary L. Forte, is an individual residing in Pittsfield, Berkshire

County, Massachusetts, and is the duly appointed administratrix of the estate of her grandson,

Christopher Forte, late of Pittsfield, who died on September 22, 2000. A copy of the Berkshire

Probate Court decree, dated November 18, 2003, appointing the plaintiff as administratrix, is

attached hereto as Exhibit A.

    2.    The defendant, John Daniel Pinkham, is an individual residing in Ashfield,

Franklin County, Massachusetts.

    3.    The defendant, Commonwealth of Massachusetts, Executive Office of Public

Safety, Department of State Police ("Commonwealth"), is and at all times relevant hereto was a

"public employer" within the meaning of G.L. c. 258, § 1.

## BACKGROUND

4.      On September 22, 2000, the Commonwealth employed John Daniel Pinkham as a Massachusetts State Police Trooper, and in that capacity he ("State Trooper Pinkham") was a "public employee" within the meaning of G.L. c. 258, § 2.

5.      During the early morning hours of September 22, 2000, Christopher Forte was operating a motorcycle owned by him on East Street and then on South Street in the City of Pittsfield, Massachusetts.

6.      At the same time, State Trooper Pinkham did stop and detain Christopher Forte on South Street in said Pittsfield because of suspected traffic violations.

7.      After briefly stopping, Christopher Forte fled the scene of the above-described traffic stop on his motorcycle, and State Trooper Pinkham pursued in his police cruiser.

8.      State Trooper Pinkham's pursuit of Christopher Forte proceeded southerly on East Street and then westerly on Industrial Way, all in the City of Pittsfield, Massachusetts.

9.      While pursuing Christopher Forte on Industrial Way, State Trooper Pinkham caused Christopher Forte to lose control of his motorcycle, crash and suffer fatal injuries.

10.     The plaintiff, through her attorney, did, pursuant to G.L. c. 258, § 4, send letters presenting her claims to Col. Thomas J. Foley, Superintendent of the Massachusetts State Police, Honorable Thomas Reilly, Attorney General of Massachusetts, and Secretary James P. Jajuga, Executive Office of Public Safety.  Copies of those letters and evidence of their receipt are attached hereto as Exhibits B and C.

11.     More than six (6) months have passed since the letters were received and no reply has been received or any final resolution achieved.

2

## COUNT I
### (Against the Commonwealth)
### (For Conscious Pain and Suffering)

12.    The plaintiff incorporates herein all allegations contained in paragraphs 1 through 11 of her complaint.

13.    State Trooper Pinkham was negligent or reckless in the conduct of his pursuit of Christopher Forte.

14.    State Trooper Pinkham's negligence or recklessness proximately caused the motorcycle crash in which Christopher Forte sustained fatal injuries, as well as the conscious pain and suffering of body and mind which Christopher Forte experienced as a result of those injuries.

WHEREFORE, the plaintiff demands judgment against the Commonwealth pursuant to G.L. c. 229, § 6 and G.L. c. 258, § 2 in an amount equivalent to the actual damages sustained, together with interest, costs and any such further relief as this Court deems just.

## COUNT II
### (Against the Commonwealth)
### (For Wrongful Death)

15.    The plaintiff incorporates herein all allegations contained in paragraphs 1 through 14 of her complaint.

16.    State Trooper Pinkham's negligence or recklessness proximately caused Christopher Forte's death, and thereby caused Christopher Forte's next of kin to suffer the loss of his reasonably expected income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and to incur funeral and burial expenses on his behalf.

3

WHEREFORE, the plaintiff demands judgment against the Commonwealth pursuant to G.L. c. 229, § 2 and G.L. c. 258, § 2, in an amount equivalent to the actual damages sustained and requests punitive damages and such further and other relief as this Court may deem just.

<u>**COUNT III**</u>
<u>**(Against State Trooper Pinkham)**</u>
<u>**(For Assault and/or Battery)**</u>

17.     The plaintiff incorporates herein all allegations contained in paragraphs 1 through 11 of her complaint.

18.     While pursuing Christopher Forte on Industrial Way, State Trooper Pinkham committed assault and/or battery upon Christopher Forte.

19.     State Trooper Pinkham's assault and/or battery upon Christopher Forte proximately caused the motorcycle crash in which Christopher Forte sustained fatal injuries, as well as the conscious pain and suffering of body and mind which Christopher Forte experienced as a result of those injuries.

WHEREFORE, the plaintiff demands judgment against State Trooper Pinkham pursuant to G.L. c. 229, § 6 in an amount equivalent to the actual damages sustained, and requests punitive damages and such further and other relief as this Court may deem just.

<u>**COUNT IV**</u>
<u>**(Against State Trooper Pinkham)**</u>
<u>**(For Wrongful Death)**</u>

20.     The plaintiff incorporates herein all allegations contained in both paragraphs 1 through 11 and paragraphs 18 through 19 of her complaint.

4

21.     State Trooper Pinkham's assault and/or battery upon Christopher Forte proximately caused Christopher Forte's death, and thereby caused Christopher Forte's next of kin to suffer the loss of his reasonably expected income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and to incur funeral and burial expenses on his behalf.

WHEREFORE, the plaintiff demands judgment against State Trooper Pinkham pursuant to G.L. c. 229, § 2, in an amount equivalent to the actual damages sustained and requests punitive damages and such further and other relief as this Court may deem just.

### COUNT V
### (Against State Trooper Pinkham)
### (For Violation of 42 U.S.C. § 1983)

22.     The plaintiff hereby incorporates all allegations contained in paragraphs 1 through 11 of her complaint.

23     State Trooper Pinkham attempted to force Christopher Forte to stop either by intentionally striking Christopher Forte's motorcycle with his police cruiser or by intentionally positioning his police cruiser in the path of Christopher Forte's motorcycle with knowledge or reason to know that Christopher Forte would not have an adequate opportunity to safely stop or drive around the police cruiser.

24.     State Trooper Pinkham's conduct as described in paragraph 23 above violated Christopher Forte's right to be secure against unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

25.     State Trooper Pinkham's conduct as described in paragraph 23 above violated Christopher Forte's rights under 42 U.S.C. § 1983.

5

26.    State Trooper Pinkham's conduct as described in paragraph 23 above proximately caused the crash which resulted in Christopher Forte's sustaining fatal injuries.

WHEREFORE, the plaintiff demands judgment against State Trooper Pinkham pursuant to 42 U.S.C. §§ 1983 and 1988, in an amount equivalent to the actual damages sustained plus punitive damages, attorney's fees and such further and other relief as this Court may deem just.

**COUNT VI**
**(Against State Trooper Pinkham)**
**(For Violation of G.L. c. 12, § 11H)**

27.    The plaintiff hereby incorporates all allegations contained in paragraphs 1 through 11 of her complaint.

28.    State Trooper Pinkham's decision to pursue Christopher Forte was unreasonable under the circumstances.

29.    State Trooper Pinkham attempted to force Christopher Forte to stop either by intentionally striking Christopher Forte's motorcycle with his police cruiser or by intentionally positioning his police cruiser in the path of Christopher Forte's motorcycle with knowledge or reason to know that Christopher Forte would not have an adequate opportunity to safely stop or drive around the police cruiser.

30.    State Trooper Pinkham's conduct as described in paragraphs 28 and 29 above violated Christopher Forte's right to be secure against unreasonable seizures under the Fourteenth Article of the Massachusetts Declaration of Rights.

31.    State Trooper Pinkham's conduct as described in paragraphs 28 and 29 above violated Christopher Forte's rights under G.L. c. 12, § 11H.

6

32.     State Trooper Pinkham's conduct as described in paragraphs 28 and 29 above

proximately caused the crash which resulted in Christopher Forte's sustaining fatal injuries.

WHEREFORE, the plaintiff demands judgment against State Trooper Pinkham pursuant

to G.L. c. 12, §§ 11H and 11I, in an amount equivalent to the actual damages sustained plus

attorney's fees and such further and other relief as this Court may deem just.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated: April _____, 2005

THE PLAINTIFF

By her attorney,

_____

Chris S. Dodig
BBO No. 556628
for Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA  01247
Telephone No. (413) 663-3200
Fax No. (413) 663-7970

## CERTIFICATE OF SERVICE

I, Chris S. Dodig, hereby certify that on _____, 2005, I have caused the
foregoing document to be served on the parties to this matter by mailing a true copy, postage
prepaid, to William P. O'Neill, Esq., Assistant Attorney General, Commonwealth of
Massachusetts, Office of the Attorney General, Western Massachusetts Division, 1350 Main
Street, Springfield, MA  01103-1629.

_____

Chris S. Dodig

7



# Commonwealth of Massachusetts
## County of Berkshire
## The Superior Court

Civil Docket **BECV2003-00076**

RE:    Forte as Administratrix of the Estate of Christopher M Forte v Commonwealth of Mass.Executive Office of PublicDept. State Polic

TO:    Christopher S Dodig, Esquire
Donovan & O'Connor, LLP
1330 Mass Moca Way
North Adams, MA 01247

### <u>CLERK'S NOTICE</u>

This is to notify you that in the above referenced case the Court's action on **03/03/2004**:

*RE: Plaintiff assented to motion to amend complaint and hereby moves this court for leave to amend the complaint to substitute Mary L. Forte ( the new administratrix) in place of Debra Forte (the previous administratrix, now deceased).*

**is as follows:**

**MOTION (P#9) ALLOWED (John A Agostini, Justice). Notices mailed to counsel.**

Dated at Pittsfield, Massachusetts this 3rd day of March, 2004.

Deborah S. Capeless,
Clerk of the Courts

BY:

Deborah A. Schilling,
Assistant Clerk

Telephone: (413) 499-7487

Copies mailed 03/03/2004

cvdresult_2.wpd 268657 motallow dillonm

# Commonwealth of Massachusetts
## County of Berkshire
### The Superior Court



Civil Docket **BECV2003-00076**

RE:    Forte as Administratrix of the Estate of Christopher M Forte v Commonwealth of Mass.Executive Office of PublicDept. State Polic

TO:    Christopher S Dodig, Esquire
       Donovan & O'Connor, LLP
       1330 Mass Moca Way
       North Adams, MA 01247

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **05/09/2005**:

*RE: Plaintiff's Motion for Leave to File a Second Amended Complaint, filed.*

**is as follows:**

**MOTION (P#15) ALLOWED (John A Agostini, Justice). Notices mailed to counsel.**

Dated at Pittsfield, Massachusetts this 10th day of May, 2005.

Deborah S. Capeless,
Clerk of the Courts

BY:

Deborah A. Schilling,
Assistant Clerk

Telephone: (413) 499-7487

Copies mailed 05/10/2005

COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.                                        SUPERIOR COURT DEPARTMENT
                                                     CIVIL ACTION NO. BECV2003-00076

Debra Forte as Administratrix of the
Estate of Christopher M. Forte
        Plaintiff,

vs.

Commonwealth of Massachusetts,
Executive Office of Public Safety,
Department of State Police
        Defendant.



## ANSWER TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL BY THE COMMONWEALTH OF MASSACHUSETTS, EXECUTIVE OFFICE OF PUBLIC SAFETY, DEPARTMENT OF STATE POLICE

1.  The Defendant Commonwealth of Massachusetts, Executive Office of Public Safety, Department of State Police (hereinafter, "Commonwealth") has insufficient knowledge or information to admit or deny the allegations of the first paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

2.  The Defendant Commonwealth admits the allegations of the second paragraph of the Plaintiff's Second Amended Complaint

3.  The Defendant Commonwealth admits the allegations of the third paragraph of the Plaintiff's Second Amended Complaint.

4.  The Defendant Commonwealth admits the allegations of the fourth paragraph of the Plaintiff's Second Amended Complaint.

5.  The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the fifth paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

6.  The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the sixth paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

7.  The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the seventh paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

8.  The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the eighth paragraph of the Plaintiff's Second Amended Complaint and

therefore denies such allegations.

9. The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the ninth paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

10. The Defendant Commonwealth admits receipt of such notice but does not admit or deny the sufficiency of such notice.

11. The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the eleventh paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

## Count I

12. The Defendant Commonwealth reasserts and incorporates by reference its responses to the allegations of paragraphs one through eleven of the Complaint as if expressly set forth herein in response to the allegations of the twelfth paragraph of the Plaintiff's Second Amended Complaint

13. The Defendant Commonwealth denies the allegations of the thirteenth paragraph of the Plaintiff's Second Amended Complaint

14. The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the fourteenth paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

## Count II

15. The Defendant Commonwealth reasserts and incorporates by reference its responses to the allegations of paragraphs one through fourteen of the Plaintiff's Second Amended Complaint as if expressly set forth herein in response to the allegations of the fifteenth paragraph of the Plaintiff's Second Amended Complaint

16. The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the sixteenth paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

## Count III

17. The Defendant Commonwealth reasserts and incorporates by reference its responses to the allegations of paragraphs one through sixteen of the Plaintiff's Second Amended Complaint as if expressly set forth herein in response to the allegations of the seventeenth paragraph of the Plaintiff's Second Amended Complaint

18.   The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the eighteenth paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

19.   The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the nineteenth paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

<u>**Count IV**</u>

20.   The Defendant Commonwealth reasserts and incorporates by reference its responses to the allegations of paragraphs one through nineteen of the Complaint as if expressly set forth herein in response to the allegations of the twentieth paragraph of the Plaintiff's Second Amended Complaint

21.   The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the twenty first paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

22.   The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the twenty-second paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

<u>**Count V**</u>

23.   The Defendant Commonwealth reasserts and incorporates by reference its responses to the allegations of paragraphs one through twenty two of the Complaint as if expressly set forth herein in response to the allegations of the twenty-third paragraph of the Plaintiff's Second Amended Complaint

24.   The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the twenty-fourth paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

25.   The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the twenty-fifth paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

26.   The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the twenty-sixth paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

<u>**Count VI**</u>

27.   The Defendant Commonwealth reasserts and incorporates by reference its responses to the

3

allegations of paragraphs one through twenty six of the Plaintiff's Second Amended Complaint as if expressly set forth herein in response to the allegations of the twenty-seventh paragraph of the Plaintiff's Second Amended Complaint

28. The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the twenty-eighth paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

29. The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the twenty-ninth paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

30. The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the thirtieth paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

31. The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the thirty-first paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

32. The Defendant Commonwealth has insufficient knowledge or information to admit or deny the allegations of the thirty-second paragraph of the Plaintiff's Second Amended Complaint and therefore denies such allegations.

## AFFIRMATIVE DEFENSES TO ALL CLAIMS

### FIRST AFFIRMATIVE DEFENSE
The Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
The Plaintiff's action is barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
The Plaintiff's action is barred by the provisions of M.G.L. c. 258, § 10(j).

### FOURTH AFFIRMATIVE DEFENSE
The Plaintiff has failed to comply with the notice requirements of M.G.L .c. 258, § 4.

### FIFTH AFFIRMATIVE DEFENSE
The Defendant Commonwealth states that any injuries sustained by Christopher Forte resulted from a superseding intervening cause for which the Defendant Commonwealth is not legally responsible.

### SIXTH AFFIRMATIVE DEFENSE
The conditions forming the basis of this Complaint were created by Christopher Forte's own

4

intentional or negligent acts or conduct and therefore, the Defendant Commonwealth cannot be held liable.

## SEVENTH AFFIRMATIVE DEFENSE

Christopher Forte's injuries were not caused by the negligent act or omission of any "public employee" while acting within the scope of his/her employment; therefore the Defendant Commonwealth cannot be held liable. M.G.L. c. 258, § 2.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant Commonwealth is not liable for intentional torts pursuant to M.G.L. c. 258, § 10(c).

## NINTH AFFIRMATIVE DEFENSE

The Defendant Commonwealth is not liable for negligence pursuant to M.G.L. c. 258, § 2.

## TENTH AFFIRMATIVE DEFENSE

Interest, costs, attorney's fees and punitive damages are not recoverable against the Defendant Commonwealth unless provided for by statute; therefore, any reference to a demand for same must be stricken

## ELEVENTH AFFIRMATIVE DEFENSE

The activities complained of do not rise to the level of constitutional deprivations under 42 U.S.C. § 1983 or the Massachusetts Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendant Commonwealth is absolutely or qualifiedly immune from liability for damages for any violation of Christopher Forte's rights under state law because his conduct at all relevant times was in good faith, without malice and not in disregard of settled principles of constitutional law.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant Commonwealth is not liable for damages because any conduct by him in connection with the matters alleged in the complaint was discretionary, within the scope of his official authority as a public official, and performed in good faith.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any emotional distress suffered by the plaintiff was the result of the conduct of a third person, over which the Defendant Commonwealth had no control.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Defendant Commonwealth did not intend to inflict emotional distress on the plaintiff and he did not know, nor should he have known, that emotional distress was likely to result.

## SIXTEENTH AFFIRMATIVE DEFENSE

The conduct of the Defendant Commonwealth was not extreme and outrageous; it was not beyond all bounds of decency and it was not utterly intolerable in a civilized community.

5

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's action is barred by the provisions of M.G.L. c. 258, § 10(a).

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's action is barred by the provisions of M.G.L. c. 258, § 10(b).

## NINETEENTH AFFIRMATIVE DEFENSE

Christopher Forte did not suffered any emotional harm manifested by objective symptomatology.

## TWENTIETH AFFIRMATIVE DEFENSE

The Defendant Commonwealth hereby gives notice that he intends to rely upon such other and further defenses that may become available or apparent during discovery proceedings in this case and he hereby reserves the right to amend his answer to assert any such defense.

## THE DEFENDANT COMMONWEALTH DEMANDS A TRIAL BY JURY ON ALL ISSUES

Respectfully submitted,
Commonwealth of Massachusetts
By Its Attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

William P. O'Neill   BBO#379745
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413)784-1240 FAX: 784-1244

## CERTIFICATE OF SERVICE AND CERTIFICATE OF TIMELINESS

I, William P. O'Neill, Assistant Attorney General, Western Massachusetts Division, 1350 Main Street, Springfield, MA 01103-1629 do hereby certify that on May 18, 2005, I caused the foregoing ANSWER TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL BY THE COMMONWEALTH OF MASSACHUSETTS, EXECUTIVE OFFICE OF PUBLIC SAFETY, DEPARTMENT OF STATE POLICE to be served upon the parties in this action by mailing a copy of the same, postage prepaid, first class mail to the Plaintiff's Attorney Chris S. Dodig, Esq, Donovan & O'Connor, 1330 Mass MoCA Way, North Adams, Massachusetts 01247.

Pursuant to the provisions of Superior Court Standing Order No. 1-88B.4., I further certify that these documents and motions are filed within the designated time standards for this case.

William P. O'Neill
Assistant Attorney General

6

COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss                                    SUPERIOR COURT DEPARTMENT

_____
Debra Forte as Administratrix of the        )
Estate of Christopher M. Forte               )
                    Plaintiff,               )
                                             )
Vs.                                          )
                                             )  CIVIL ACTION NO.  BECV2003-00076
Commonwealth of Massachusetts,               )
Executive Office of Public Safety,           )
Department of State Police, and              )
John D. Pinkham,                             )
                    Defendant                )
_____            )

---

## NOTICE OF APPEARANCE

---

       Please enter my appearance for the Defendant, John D. Pinkham in the above-referenced matter.

                         John D. Pinkham
                         By his Attorney,


                         LAW OFFICES OF TIMOTHY M. BURKE


                         _____
                         Scott W. Dunlap
                         BBO #634389
                         160 Gould Street, Suite 111
                         Needham, MA 02494
                         (781) 455-0707

Certificate of Service

I hereby certify that I have served a true copy of the foregoing document upon each other attorney of record by mailing first class postage prepaid.

Dated: 6-7-05

# LAW OFFICES OF TIMOTHY M. BURKE

NEEDHAM CORPORATE CENTER
160 Gould Street, Suite 111
Needham, Massachusetts 02494-2300
(781) 455-0707
Facsimile (781) 455-8879

*Timothy M. Burke*
*Joseph P. Kittredge*
*Sheila E. McCravy*
*Scott W. Dunlap*
*Suzanne T. Caravaggio*

*Of Counsel*
*Brian J. Rogal*
*Joseph G. Donnellan*

June 7, 2005

Berkshire Superior Court
Court House Building
76 East Street
Pittsfield, MA 01201

Re:    Debra Forte as Administratrix of the Estate of Christopher M. Forte
       v. Commonwealth of Massachusetts, et al.
       Civil Action No. BEC2003-00076

Dear Sir or Madam:

Enclosed please find my Notice of Appearance to be filed in reference to the above matter.

Thank you for your assistance.

Very truly yours,

Scott W. Dunlap

SWD/dcs
Enclosure

cc:    Chris Dodig, Esq.
       William O'Neil, AAG

# Commonwealth of Massachusetts

**BERKSHIRE,** ss.

**SUPERIOR COURT**
**CIVIL ACTION**
No. 03-076

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE S.S. SUPERIOR COURT

**F I L E D**

JUL 19 2005

Mary L. Forte as Administratrix of the Estate
of Christopher M. Forte, **Plaintiff(s)**

v.

John Daniel Pinkham and the Commonwealth of
Massachusetts, Executive Office of Public Safety,
Department of State Police, **Defendant(s)**

## SUMMONS

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: John Daniel Pinkham

You are hereby summoned and required to serve upon ......Chris S. Dodig........................................,
.......Donovan & O'Connor, LLP..................................................................................................

plaintiff's attorney, whose address is .......1330 Mass. MoCA Way, North Adams, Massachusetts...
01247................................................................................................................., an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon
you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the complaint in
the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or with-
in a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any
other action.

Witness, BARBARA ROUSE-MAN , Esquire at Pittsfield, the ....15th.......................... day
of ....June..............., in the year of our Lord one thousand nine hundred and Two Thousand and Five

_____
CLERK.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) — TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — OTHER

CSD:klk

Form - CIV. P. - 1 - 6-75 — 2500



**Commonwealth of Massachusetts**
**County of The Berkshire**
**The Superior Court**

CIVIL DOCKET# **BECV2003-0007**~~0~~**-A**

RE:  **Forte as Administratrix of the Estate of Christopher M Forte v Commonwealth of Mass.Executive Office of PublicDept. State Polic**

TO:  Christopher S Dodig, Esquire
Donovan & O'Connor, LLP
1330 Mass Moca Way
North Adams, MA 01247

## NOTICE TO APPEAR FOR FINAL PRE-TRIAL CONFERENCE

A final pre-trial conference in the above referenced case will be held on **11/14/2005 in Superior Court 2nd Floor at 02:00 PM**. All trial counsel are required to attend and submit their joint pre-trial memorandum to the Court.

In accordance with Standing Order 1-88, the time standards tracking order, and in order to facilitate orderly and efficient progress towards trial, counsel for all parties **shall meet** for the purpose of preparing a joint pre-trial memorandum. Unless all counsel agree otherwise, counsel for the plaintiff shall be responsible for preparing and circulating the first draft of the memorandum which shall contain the following component parts:

(1)  Agreed facts in a form suitable for submission as an exhibit at trial;
(2)  A brief statement by each party of what that party expects the evidence to show;
(3)  Agreed suggested description of the case to be read to the jury during impanelment;
(4)  Statement of all unusual legal issues (including, particularly, any unusual evidentiary issues), the position of the parties on these issues, and a statement of authorities. Provide a copy of all cases and other authorities relief upon other than reported SJC and Appeal Court cases.
(5)  The name and address of each witness to be called by each party. (Failure to list in the pre-trial memorandum a witness, other than a rebuttal witness, the need for which cannot reasonably be anticipated prior to trial, may lead to an order precluding the testimony of that witness.)
(6)  The names, addresses and qualifications of each expert witness the parties intend to call, together with the subject matter on which the expert is expected to testify, the substance of all facts and opinions to which the expert is expected to testify and a detailed summary of the grounds of each expert's opinion. If an expert witness' identify and expected testimony has previously been disclosed in response to expert interrogatories, this item may be covered by appending to the pre-trial memorandum a copy of the expert interrogatory responses.
**NOTE:** Inclusion of an expert witness' identify and expected testimony in the joint pre-trial memorandum does not waive any party's right to object to that expert's testimony on the ground that responses to expert discovery were untimely or inadequate.
(7)  Estimated length of trial.
(8)  All parties shall meet prior to the time of the pre-trial conference to discuss the possibility of settlement, and the amenability of the case to mediation or other forms of alternate dispute resolution. The parties shall state in the pre-trial memorandum that the parties have so met and shall itemize the special or liquidated damages alleged and except in jury-waived cases, state the demand, the offer and any agreement concerning alternate dispute resolution.

No later than five (5) business days prior to the scheduled trial, counsel shall meet and review the exhibits proposed to be introduced by each party and all materials to be shown to the jury. Based on that meeting and review of exhibits, counsel shall prepare a joint exhibit list identifying 1) stipulated exhibits (which shall be pre-marked and introduced at the commencement of trial) and 2) proposed exhibits of each party as to which there is no agreement on admissibility. The exhibit list is to be presented to the trial judge at the commencement of trial with a copy for the court reporter.

In the event deposition transcripts are to be offered at trial or video taped depositions are to be shown, and there are objections to any of the answers set forth in the transcript or on the video tape, the parties, not less than three days prior to the commencement of trial, are to supply to the court a transcript of the testimony with objections highlighted and, in the margin, a brief statement of the grounds of the objection and the response by the proponent of the testimony.

Dated: 08/11/2005

Telephone: (413) 499-7487

By the Court (Daniel A. Ford, Justice)

BY:

Deborah S. Capeless
Clerk

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................................................, 19 ........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

........................................................................................................................................................................

........................................................................................................................................................................

........................................................................................................................................................................

Dated : ................................................., 19.........      ................................................................................

I, Scott W. Dunlap, as attorney for John Daniel Pinkham, hereby accept service on his behalf.

Date: __7/15/05__      Signature: _Scott W. _____

**N.B.   TO PROCESS SERVER:—**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

| , 19 . |
|---|

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION

No. ................................

................................, Plff(s).

v.

................................, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.                                              SUPERIOR COURT DEPARTMENT
                                                           CIVIL ACTION NO. BECV2003-00076

Debra Forte as Administratrix of the    )
Estate of Christopher M. Forte          )
     Plaintiff,                          )
                                        )
vs.                                     )
                                        )
Commonwealth of Massachusetts,          )
Executive Office of Public Safety,      )
Department of State Police              )
     Defendant.                          )



THE COMMONWEALTH OF MASSACHUSETTS

SEP 0 1 2005

FILED

## DEFENDANT COMMONWEALTH OF MASSACHUSETTS EMERGENCY MOTION TO ASSENT TO REMOVAL

Now comes the Commonwealth of Massachusetts and moves this Court to allow it to assent

late to the removal of the above entitled case to federal court.

In support of such motion, the Commonwealth states that the codefendant has removed this

case to federal court. Removing the case against the Commonwealth will allow the case to be tried

at one time rather than creating the expense for all parties of two trials.

WHEREFORE, the Commonwealth respectfully moves this court to file its late assent to the

removal of this case to federal court.

                      Respectfully submitted,
                      Commonwealth of Massachusetts
                      By Its Attorney,

                      THOMAS F. REILLY
                      ATTORNEY GENERAL

                      William P. O'Neill  BBO#379745
                      Assistant Attorney General
                      Western Massachusetts Division
                      1350 Main Street
                      Springfield, MA 01103-1629
                      (413)784-1240 FAX: 784-1244

## CERTIFICATE OF SERVICE

I, William P. O'Neill, Assistant Attorney General, hereby certify that on August 31, 2005, I served a copy of the foregoing **DEFENDANT COMMONWEALTH OF MASSACHUSETTS EMERGENCY MOTION TO ASSENT TO REMOVAL** by first-class Mail, postage prepaid upon counsel of record: Chris S. Dodig, Esquire, Donovan & O'Connor, One Commercial Place, P.O. Box 230, Adams, MA 01220-0230 and Scott Dunlap, Esquire, Law Office of Timothy M. Burke, 160 Gould Street, Suite 111, Needham, MA 02494-2300

William P. O'Neill  BBO No. 379745
Assistant Attorney General

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE,ss

AUG 29 2005

BERKSHIRE DIVISION
SUPERIOR COURT DEPARTMENT

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

MARY L. FORTE AS                    )
ADIMINISTRATRIX OF THE ESTATE       )
OF CHRISTOPHER M. FORTE,            )
          Plaintiff                 )
                                    )
                                    )
v                                   )
                                    )
                                    )
JOHN DANIEL PINKHAM, and the        )
COMMONWEALTH OF                     )
MASSACHUSETTS, EXECUTIVE            )
OFFICE OF PUBLIC SAFETY,            )
DEPARTMENT OF STATE POLICE,         )
          Defendant                 )
_____ )

# 05 - 30175 - MAP

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant John Daniel Pinkham gives

Notice of Removal to this Court of an action brought against him in the Massachusetts

Superior Court of Berkshire County.  In Support thereof, Pinkham states the following:

1.    Removing party is a Defendant in the above-entitled action.

2.    On or about March 14, 2003, the Plaintiff commenced this action in the

      Berkshire Superior Court of the Commonwealth of Massachusetts.  A

      copy of the Complaint of Civil Action No. 2003-076 is attached as Exhibit

      A.

I hereby certify on 7/28/05 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on_____
☑ original filed in my office on ___7/25/05___
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

3.    On or about April 19, 2005, Plaintiff filed a motion for Leave to File a

Second Amended Complaint. In this motion, Plaintiff sought for the first

time, to add claims against State Police Trooper John D. Pinkham,

including a claim under 42 U.S.C. §1983. Prior to this time, the Plaintiff's

claims were against agencies of the Commonwealth for negligence of its

employees.

4.    On or about July 15, 2005 counsel for Defendant Pinkham accepted

service of the second amended Complaint. A copy of his summons is

attached as Exhibit B.

6.    No responsive pleadings have been filed in state court by the Defendants.

7.    This notice is filed in this Court within thirty (30) days after Defendant's

receipt of the Complaint.

8.    The above-entitled action is a civil rights action for wrongful death of

Christopher Forte.

9.    This Court has original jurisdiction in the above-entitled action pursuant to

28 U.S.C. § 1331, and the action may therefore be removed to this Court

pursuant to 28 U.S.C. § 1441.

10.   The Commonwealth is not subject to the jurisdiction of this Court for the

claims asserted in the complaint by virtue of the Eleventh Amendment to

the United States Constitution. See Pennhurst State School and Hospital

v. Halderman, 465 U.S. 89, 121 (1984). For this reason, it is not necessary

to obtain the consent of the Commonwealth in this Notice of Removal, nor

has the Commonwealth given its consent to removal. Hill v. City of

Boston, 706 F.Supp. 966, 968 (1989).

11.     No other Defendants are named in this action who could assent and join in

        this Notice of Removal.

12.     Notice of Removal will be given to all counsel promptly after filing this

        notice, and true and accurate copy of this notice will be filed with the clerk

        of the Superior Court for Suffolk County, Massachusetts.

13.     Pursuant to Local Rule 81.1, certified or attested copies of all records,

        proceedings, and docket entries in the state court will be filed in this Court

        within 30 days.

WHEREFORE, Defendant Pinkham gives notice of the removal of all claims

against him from the Superior Court of Berkshire County, Massachusetts to this Court.

Claims against the Commonwealth should remain in State Court.


                          Respectfully submitted,

                          For Defendant Daniel Pinkham,
                          By his Attorneys,



                          _____
                          Timothy M. Burke, Esquire, BBO# 065720
                          Scott W. Dunlap, Esquire, BBO #634389
                          LAW OFFICES OF TIMOTHY M. BURKE
                          160 Gould Street, Suite 111
                          Needham, MA  02494
                          (781) 455-0707

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a true copy of the above document was served upon the attorney of record for each party via first class mail, postage pre-paid.

Date: _____7/19/5'_____          _____

EXHIBIT___A___

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

MARY L. FORTE AS                          )
ADMINISTRATRIX OF THE ESTATE              )
OF CHRISTOPHER M. FORTE,                  )
    Plaintiff                            )
                                          )
    v.                                   )
                                          )
                                          )    SECOND AMENDED COMPLAINT
JOHN DANIEL PINKHAM, and the              )
COMMONWEALTH OF                           )
MASSACHUSETTS, EXECUTIVE                  )
OFFICE OF PUBLIC SAFETY,                  )
DEPARTMENT OF STATE POLICE,               )
    Defendant                            )

## **PARTIES**

1.    The plaintiff, Mary L. Forte, is an individual residing in Pittsfield, Berkshire

County, Massachusetts, and is the duly appointed administratrix of the estate of her grandson,

Christopher Forte, late of Pittsfield, who died on September 22, 2000. A copy of the Berkshire

Probate Court decree, dated November 18, 2003, appointing the plaintiff as administratrix, is

attached hereto as Exhibit A.

2.    The defendant, John Daniel Pinkham, is an individual residing in Ashfield,

Franklin County, Massachusetts.

3.    The defendant, Commonwealth of Massachusetts, Executive Office of Public

Safety, Department of State Police ("Commonwealth"), is and at all times relevant hereto was a

"public employer" within the meaning of G.L. c. 258, § 1.

## BACKGROUND

4.     On September 22, 2000, the Commonwealth employed John Daniel Pinkham as a Massachusetts State Police Trooper, and in that capacity he ("State Trooper Pinkham") was a "public employee" within the meaning of G.L. c. 258, § 2.

5.     During the early morning hours of September 22, 2000, Christopher Forte was operating a motorcycle owned by him on East Street and then on South Street in the City of Pittsfield, Massachusetts.

6.     At the same time, State Trooper Pinkham did stop and detain Christopher Forte on South Street in said Pittsfield because of suspected traffic violations.

7.     After briefly stopping, Christopher Forte fled the scene of the above-described traffic stop on his motorcycle, and State Trooper Pinkham pursued in his police cruiser.

8.     State Trooper Pinkham's pursuit of Christopher Forte proceeded southerly on East Street and then westerly on Industrial Way, all in the City of Pittsfield, Massachusetts.

9.     While pursuing Christopher Forte on Industrial Way, State Trooper Pinkham caused Christopher Forte to lose control of his motorcycle, crash and suffer fatal injuries.

10.     The plaintiff, through her attorney, did, pursuant to G.L. c. 258, § 4, send letters presenting her claims to Col. Thomas J. Foley, Superintendent of the Massachusetts State Police, Honorable Thomas Reilly, Attorney General of Massachusetts, and Secretary James P. Jajuga, Executive Office of Public Safety. Copies of those letters and evidence of their receipt are attached hereto as Exhibits B and C.

11.     More than six (6) months have passed since the letters were received and no reply has been received or any final resolution achieved.

2

### COUNT I
### (Against the Commonwealth)
### (For Conscious Pain and Suffering)

12.    The plaintiff incorporates herein all allegations contained in paragraphs 1 through 11 of her complaint.

13.    State Trooper Pinkham was negligent or reckless in the conduct of his pursuit of Christopher Forte.

14.    State Trooper Pinkham's negligence or recklessness proximately caused the motorcycle crash in which Christopher Forte sustained fatal injuries, as well as the conscious pain and suffering of body and mind which Christopher Forte experienced as a result of those injuries.

WHEREFORE, the plaintiff demands judgment against the Commonwealth pursuant to G.L. c. 229, § 6 and G.L. c. 258, § 2 in an amount equivalent to the actual damages sustained, together with interest, costs and any such further relief as this Court deems just.

### COUNT II
### (Against the Commonwealth)
### (For Wrongful Death)

15.    The plaintiff incorporates herein all allegations contained in paragraphs 1 through 14 of her complaint.

16.    State Trooper Pinkham's negligence or recklessness proximately caused Christopher Forte's death, and thereby caused Christopher Forte's next of kin to suffer the loss of his reasonably expected income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and to incur funeral and burial expenses on his behalf.

3

WHEREFORE, the plaintiff demands judgment against the Commonwealth pursuant to G.L. c. 229, § 2 and G.L. c. 258, § 2, in an amount equivalent to the actual damages sustained and requests punitive damages and such further and other relief as this Court may deem just.

### COUNT III
### (Against State Trooper Pinkham)
### (For Assault and/or Battery)

17.    The plaintiff incorporates herein all allegations contained in paragraphs 1 through 11 of her complaint.

18.    While pursuing Christopher Forte on Industrial Way, State Trooper Pinkham committed assault and/or battery upon Christopher Forte.

19.    State Trooper Pinkham's assault and/or battery upon Christopher Forte proximately caused the motorcycle crash in which Christopher Forte sustained fatal injuries, as well as the conscious pain and suffering of body and mind which Christopher Forte experienced as a result of those injuries.

WHEREFORE, the plaintiff demands judgment against State Trooper Pinkham pursuant to G.L. c. 229, § 6 in an amount equivalent to the actual damages sustained, and requests punitive damages and such further and other relief as this Court may deem just.

### COUNT IV
### (Against State Trooper Pinkham)
### (For Wrongful Death)

20.    The plaintiff incorporates herein all allegations contained in both paragraphs 1 through 11 and paragraphs 18 through 19 of her complaint.

4

21.    State Trooper Pinkham's assault and/or battery upon Christopher Forte proximately caused Christopher Forte's death, and thereby caused Christopher Forte's next of kin to suffer the loss of his reasonably expected income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and to incur funeral and burial expenses on his behalf.

WHEREFORE, the plaintiff demands judgment against State Trooper Pinkham pursuant to G.L. c. 229, § 2, in an amount equivalent to the actual damages sustained and requests punitive damages and such further and other relief as this Court may deem just.

## COUNT V
### (Against State Trooper Pinkham)
### (For Violation of 42 U.S.C. § 1983)

22.    The plaintiff hereby incorporates all allegations contained in paragraphs 1 through 11 of her complaint.

23    State Trooper Pinkham attempted to force Christopher Forte to stop either by intentionally striking Christopher Forte's motorcycle with his police cruiser or by intentionally positioning his police cruiser in the path of Christopher Forte's motorcycle with knowledge or reason to know that Christopher Forte would not have an adequate opportunity to safely stop or drive around the police cruiser.

24.    State Trooper Pinkham's conduct as described in paragraph 23 above violated Christopher Forte's right to be secure against unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

25.    State Trooper Pinkham's conduct as described in paragraph 23 above violated Christopher Forte's rights under 42 U.S.C. § 1983.

5

26.    State Trooper Pinkham's conduct as described in paragraph 23 above proximately

caused the crash which resulted in Christopher Forte's sustaining fatal injuries.

WHEREFORE, the plaintiff demands judgment against State Trooper Pinkham pursuant

to 42 U.S.C. §§ 1983 and 1988, in an amount equivalent to the actual damages sustained plus

punitive damages, attorney's fees and such further and other relief as this Court may deem just.

### COUNT VI
### (Against State Trooper Pinkham)
### (For Violation of G.L. c. 12, § 11H)

27.    The plaintiff hereby incorporates all allegations contained in paragraphs 1 through

11 of her complaint.

28.    State Trooper Pinkham's decision to pursue Christopher Forte was unreasonable

under the circumstances.

29.    State Trooper Pinkham attempted to force Christopher Forte to stop either by

intentionally striking Christopher Forte's motorcycle with his police cruiser or by intentionally

positioning his police cruiser in the path of Christopher Forte's motorcycle with knowledge or

reason to know that Christopher Forte would not have an adequate opportunity to safely stop or

drive around the police cruiser.

30.    State Trooper Pinkham's conduct as described in paragraphs 28 and 29 above

violated Christopher Forte's right to be secure against unreasonable seizures under the

Fourteenth Article of the Massachusetts Declaration of Rights.

31.    State Trooper Pinkham's conduct as described in paragraphs 28 and 29 above

violated Christopher Forte's rights under G.L. c. 12, § 11H.

EXHIBIT ___B___

# Commonwealth of Massachusetts

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. 03-076

Mary L. Forte as Administratrix of the Estate ., **Plaintiff(s)**
of Christopher M. Forte

v.

John Daniel Pinkham and the Commonwealth of ., **Defendant(s)**
Massachusetts, Executive Office of Public Safety,
Department of State Police

## SUMMONS

To the above-named Defendant: John Daniel Pinkham

You are hereby summoned and required to serve upon ......Chris..S...Dodig......................................,
.......Donovan..&..O'Connor...LLP...............................................................................................

plaintiff's attorney, whose address is .......1330..Mass..MoCA..Way...North..Adams...Massachusetts...
..01247......................................................................................, an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon
you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the complaint in
the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or with-
in a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any
other action.

Witness,    BARBARA ROUSE ......    , Esquire at Pittsfield, the ....15th............................ day
of .....June.................., in the year of our Lord ~~one thousand nine hundred and~~ Two..Thousand..and..Five

*[signature]*
CLERK.

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) — TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — OTHER

CSD:klk

Form - CIV. P. - 1 — 6-75 — 2500

# Commonwealth of Massachusetts
## County of Berkshire
## The Superior Court



Civil Docket **BECV2003-00076**

RE:    Forte as Administratrix of the Estate of Christopher M Forte v Commonwealth of Mass.Executive Office of PublicDept. State Polic


TO:    Christopher S Dodig, Esquire
       Donovan & O'Connor, LLP
       1330 Mass Moca Way
       North Adams, MA 01247


### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **09/09/2005**:

*RE: Defendant, Commonwealth of Massachusetts' EMERGENCY motion to assent to removal of entire case to the Federal Court, filed.*

**is as follows:**

**MOTION (P#22) -Allowed, (John A. Agostini, Justice). Notices mailed on 9/9/2005**

Dated at Pittsfield, Massachusetts this 9th day of September, 2005.

Deborah S. Capeless,
Clerk of the Courts

BY:

Deborah S. Capeless
Clerk

Telephone: (413) 499-7487

Copies mailed 09/09/2005

cvdresult_2.wpd 299891 mottext schillin