

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.                                    SUPERIOR COURT DEPARTMENT
                                                 OF THE TRIAL COURT
                                                 Civil Action No. 03-076
MARY FORTE AS ADMINISTRATRIX
OF THE ESTATE OF CHRISTOPHER M.
FORTE,
    Plaintiff                               )
                                                 )    PLAINTIFF'S MOTION FOR
    v.                                      )    RECONSIDERATION OF THIS COURT'S
                                                 )    DECISION TO ALLOW THE
JOHN DANIEL PINKHAM and the                      )    COMMONWEALTH OF
COMMONWEALTH OF                                  )    MASSACHUSETTS' EMERGENCY
MASSACHUSETTS, EXECUTIVE                         )    MOTION TO ASSENT TO REMOVAL
OFFICE OF PUBLIC SAFETY,                         )
DEPARTMENT OF STATE POLICE,                      )
    Defendants                              )

Now comes the plaintiff, Mary Forte ("Ms. Forte"), as Administratrix of the Estate of

Christopher M. Forte, and hereby moves for this Court to reconsider its decision to allow the

Emergency Motion to Assent to Removal (""the Emergency Motion") filed by defendant

Commonwealth of Massachusetts ("the Commonwealth").

As grounds therefor, Ms. Forte submits that (1) the decision whether or not to grant a

motion like the Commonwealth's Emergency Motion rests with the United States District Court

for the District of Massachusetts, rather than this Court; and (2) the Commonwealth's request for

removal is time-barred.

A supporting affidavit and memorandum accompany this motion.

Dated:  September 13, 2005

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>September 13, 2005</u>, I
have caused the foregoing document to be
served on the parties to this matter by
mailing a true copy, postage prepaid, to all
counsel of record.

THE PLAINTIFF

By her attorneys,

_____
Chris S. Dodig, BBO No. 556628
For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel:  (413) 663-3200; Fax:  (413) 663-7970

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document is being filed within the designated time or by leave of the Regional Administrative Justice.

JRL:djb



COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.                          SUPERIOR COURT DEPARTMENT
                                        OF THE TRIAL COURT
                                        Civil Action No. 03-076

MARY FORTE AS ADMINISTRATRIX       )
OF THE ESTATE OF CHRISTOPHER M.    )
FORTE,                             )
    Plaintiff                     )
                                   )    PLAINTIFF'S MEMORANDUM IN
                                   )    SUPPORT OF HER MOTION FOR
    v.                            )    RECONSIDERATION OF THIS COURT'S
                                   )    DECISION TO ALLOW THE
JOHN DANIEL PINKHAM and the        )    COMMONWEALTH OF
COMMONWEALTH OF                    )    MASSACHUSETTS' EMERGENCY
MASSACHUSETTS, EXECUTIVE           )    MOTION TO ASSENT TO REMOVAL
OFFICE OF PUBLIC SAFETY,           )
DEPARTMENT OF STATE POLICE,        )
    Defendants                    )

## FACTS

On September 22, 2000, Christopher Forte was killed in a motor vehicle accident ("the

Accident") in Pittsfield, Massachusetts, while being pursued for suspected traffic violations by

Massachusetts State Trooper J.D. Pinkham ("Trooper Pinkham").

On or about March 14, 2003, Debra Forte, as the administratrix of the estate of

Christopher Forte, commenced the above-captioned action by filing a Complaint asserting claims

against the Commonwealth of Massachusetts ("the Commonwealth") for Christopher Forte's

conscious pain and suffering (Count I) and wrongful death (Count II) on account of the Accident.

On May 1, 2003, Debra Forte died.

On November 18, 2003, the Berkshire Probate Court appointed Mary Forte (hereinafter

"Ms. Forte") as the administratrix of the estate of Christopher Forte.

On or about September 22, 2004, Ms. Forte filed a First Amended Complaint in this action, substituting herself as plaintiff.

On or about April 19, 2006, Ms. Forte filed a Motion for Leave to File a Second Amended Complaint in this action, adding claims against Trooper Pinkham for assault/battery (Count III), wrongful death (Count IV) and breach of 42 U.S.C. § 1983 (Count V) and G.L. c. 12, § 11H (Count VI).

On May 9, 2005, this Court allowed Ms. Forte's Motion for Leave to File a Second Amended Complaint without opposition by the Commonwealth.

On or about May 17, 2005, Ms. Forte filed her Second Amended Complaint in this action and simultaneously caused it to be served upon the Commonwealth.

On July 15, 2005, Ms. Forte served a summons and copy of her Second Amended Complaint upon Trooper Pinkham.

On or about July 19, 2005, Trooper Pinkham filed a Notice of Removal with the United States District Court for the District of Massachusetts ("District Court") and simultaneously caused copies to be served upon both Ms. Forte and the Commonwealth. His Notice of Removal only sought the removal of Ms. Forte's claims against him but not those against the Commonwealth.

On July 25, 2005, the District Court received Trooper Pinkham's Notice of Removal and assigned the case a docket number (05-30175-MAP).

On August 24, 2005, Trooper Pinkham sent this Court (with copies to Ms. Forte and the Commonwealth) a certified copy of his Notice of Removal and a cover letter asking for certified copies of this Court's record for him to forward to the District Court.

On or about August 31, 2005, the Commonwealth filed an Emergency Motion to Assent to Removal ("Emergency Motion") in this action and simultaneously caused copies to be served on Ms. Forte and Trooper Pinkham. In it, the Commonwealth seeks to join in Trooper Pinkham's Notice of Removal and have Ms. Forte's claims against it removed along with those against Trooper Pinkham.

On September 6, 2005, Ms. Forte's attorney received the Emergency Motion. See paragraph 3 of the accompanying Affidavit of Chris S. Dodig.

On September 9, 2005, this Court (Agostini, J.) allowed the Emergency Motion.

On September 12, 2005, Ms. Forte's attorney caused an Opposition to the Emergency Motion to be served and filed. See paragraph 4 of the Affidavit of Chris S. Dodig.

On September 13, 2005, Ms. Forte's attorney received a notice of this Court's decision to allow the Commonwealth's Emergency Motion. See paragraph 5 of the Affidavit of Chris S. Dodig.

## ARGUMENT

In pertinent part, 28 U.S.C. § 1446 provides:

> (a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal. . . .

> (b) . . .If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable, . . .

In light of the foregoing, this Court lacked the authority to allow the Emergency Motion. Accordingly, this Court should rescind its decision to allow that motion

## I.  The Emergency Motion Was Addressed to the Wrong Court

26 U.S.C. § 1446(a) requires a defendant desiring to remove a civil action from a state court to a District Court to file a notice of removal in the District Court.  But the Commonwealth neither filed a notice of removal in the District Court nor joined in Trooper Pinkham's.  Instead, it chose to bring an Emergency Motion in this Court, asking for leave to assent to the removal of Ms. Forte's claims against it along with those against Trooper Pinkham.  However, this Court lacks the authority necessary to grant that request, because § 1446(a) vests the power of removal in the District Court.  Hence, even assuming arguendo that a motion for leave to assent late could be granted, such a motion should be addressed to the District Court, rather than this one.

## II.  The Commonwealth's Request for Removal Is Time-Barred

Under 26 U.S.C. § 1446(b), in order to remove a case, a defendant must file a notice of removal "within thirty days after receipt" of the pleading that made the case removable. Admittedly, a difference of opinion exists among "leading commentators" and "distinguished judges in the First Circuit" concerning when that thirty-day period starts when there has been "staggered service" among multiple defendants.  See, e.g., <u>Karpowicz</u> v. <u>Blue Cross & Blue Shield</u>, 1996 U.S. Dist. LEXIS 13541, * 17 (D.Mass.) (attached hereto as Addendum A); and <u>Gorman</u> v. <u>Abbott Laboratories</u>, 629 F. Supp. 1196, 1200-1201 (D.Mass. 1986).  Nevertheless, regardless of precisely how that issue may be resolved, the Commonwealth clearly failed to comply with § 1446(b) under the circumstances of this case.  Indeed, the Commonwealth itself tacitly admits as much by seeking leave from this Court for it to assent to Trooper Pinkham's Notice of Removal "late."  However, neither this Court nor the District Court can grant that request for removal, because it is time-barred.

Although "not a jurisdictional prerequisite in the literal sense," the thirty-day time is still "mandatory and must be strictly applied," so that if a defendant fails to file a petition for removal within the applicable period he is thereafter precluded from doing so unless the plaintiff waives the right to have the action remanded to state court on the basis of that noncompliance. <u>Gorman</u>, 629 F. Supp. at 1199 (citation omitted). Amplifying on this theme, the <u>Karpowicz</u> Court explained, "This thirty-day limitation has two main purposes." See 1996 U.S. Dist. LEXIS 13541, * 7. "First, it is intended to prevent forum shopping based on a 'wait-and-see' approach . . . [by discouraging removal] after partial proceedings in state court." <u>Id</u>. "Second [and in a related vein], it is intended to avoid the delay and inefficiency of recommencing a case in federal court after it has already been the subject of substantial state court proceedings." <u>Id</u>.

Here, the pleading "from which it [could] first be ascertained that [this] case . . . [had] become removable" was Ms. Forte's Second Amended Complaint, which she served on the Commonwealth on or about May 17, 2005.[1] Applying 42 U.S.C. § 1446(b) literally, the thirty-day period for the Commonwealth to file a notice of removal ended on or about June 17, 2005. One may question whether § 1446(b) should be applied in such a mechanical fashion, since it is debatable whether the Commonwealth had standing to initiate such a request for removal, given the fact that the claim "anchoring" that request (i.e., Count V) sounded exclusively against Trooper Pinkham. See <u>Ballard's Service Center</u> v. <u>Transue</u>, 865 F.2d 447, 449 (D.R.I. 1989) (a case may be removed "only by defendants and only on the basis of claims brought against them"). But even granting it every benefit of the doubt upon this score, the ultimate result remains the same.

---

[1] It did so by adding the 42 U.S.C. § 1983 claim against Trooper Pinkham (Count V), which served as the "anchor" for his request that all of Ms. Forte's claims against him be removed to the District Court on the basis of "federal question" (42 U.S.C. § 1331) and "supplemental" (42 U.S.C. § 1367) jurisdiction.

For example, assuming the thirty-day period for the Commonwealth to either assent to Trooper Pinkham's notice of removal or file one of its own commenced when Trooper Pinkham was served on July 15, 2005, that period expired on August 15, 2005.[2] Taking this line of reasoning one step further, even if the Commonwealth had thirty days from when Trooper Pinkham filed his Notice of Removal on July 25, 2005, within which to file an assent, the time for it to do so expired on August 25, 2005.[3] Yet it not only failed to assent to Trooper Pinkham's notice before that deadline, it waited another six days before filing its Emergency Motion on August 31, 2005. By any measure, therefore, that motion was simply "too little, too late."

One last point is worth making in order to avoid any possible misunderstanding. As previously noted, the Commonwealth's emergency motion should have been addressed to the District Court. See page 4, *supra*. However, given "the fundamental purposes underlying congressional fashioning of the thirty-day limitation period," even "the federal district court does not have authority to elongate this time span pursuant to either Fed. R. Civ. P. 6(b) or Fed. R. Civ. P. 6(e)." Gorman, 629 F. Supp. at 1199. Hence, even if the Emergency Motion had been filed in the District Court, the Commonwealth would not be entitled to the relief which it seeks. By the same token, assuming this Court reconsiders its decision to allow that motion, it would be futile for the Commonwealth to refile that motion in the District Court.

---

[2] As far as Ms. Forte is aware, this is the most favorable construction of 42 U.S.C. § 1446(b) to which the Commonwealth is potentially entitled. See, e.g., Davidson v. Rand, 2005 U.S. Dist. LEXIS 5871, *5-*7, attached hereto as Addendum B, contrasting the majority "first-served defendant" rule with this minority "fairness approach." See also *Moore's Manual: Federal Practice Forms*, § 8-15, nn. 102 and 103.

[3] Although there is no precedent for such a generous construction of 42 U.S.C. § 1446(b), Ms. Forte mentions this possibility purely for the purposes of illustration, to emphasize that *even if* it did apply, the Commonwealth would still be too late.

CONCLUSION

In light of the foregoing, this Court should reconsider its decision to allow the Emergency

Motion filed by the Commonwealth.

Dated:  September 13, 2005

THE PLAINTIFF

By her attorneys,

_____

Chris S. Dodig, BBO No. 556628
For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel:  (413) 663-3200
Fax:  (413) 663-7970

CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2005, I have caused the foregoing document to be
served on the parties to this matter by mailing a true copy, postage prepaid, to William P.
O'Neill, Esq., Assistant Attorney General, Western Massachusetts Division, 1350 Main Street,
Springfield, MA 01103-1629; and Scott W. Dunlap, Esq., Law Offices of Timothy M. Burke,
160 Gould Street, Suite 111, Needham, MA 02494-2300.

_____

CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document is being filed within the designated time or
by leave of the Regional Administrative Justice.

_____

JRL:djb

# ADDENDUM A

Get a Document - by Citation - 72 Fair Empl. Prac. Cas. (BNA) 350    Page 1 of 9

Case 3:05-cv-30175-MAP    Document 4-2    Filed 10/04/2005    Page 9 of 25

Service: Get by LEXSEE®
Citation: **1996 U.S. Dist. LEXIS 13541**

*1996 U.S. Dist. LEXIS 13541, \*; 72 Fair Empl. Prac. Cas. (BNA) 350;*
*69 Empl. Prac. Dec. (CCH) P44,484*

JOANNE KARPOWICZ, Plaintiff, v. BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS,
INC., MARTIN TANNENBAUM, and LEE ELLENBERG, Defendants.

C.A. No. 96-10050-MLW

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

1996 U.S. Dist. LEXIS 13541; 72 Fair Empl. Prac. Cas. (BNA) 350; 69 Empl. Prac. Dec. (CCH)
P44,484

August 19, 1996, Decided

**PRIOR HISTORY: [\*1]** 95-6854.

**DISPOSITION:** Plaintiff's motion to remand ALLOWED, plaintiff's request for costs and
attorneys fees DENIED, and case REMANDED

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff employee filed a motion for a remand to the
Massachusetts Superior Court, Middlesex County, of her employment discrimination action
against defendants, employer and supervisor, for wrongful termination and denial of her
employment and disability benefits. She also sought costs and attorneys fees related to
the removal of the action.

**OVERVIEW:** The former employee alleged that her termination was part of a continuous
pattern of discrimination against heterosexual, female employees. Further, she alleged
that after she was fired the supervisor and employer claimed that she had voluntarily quit
her job. Although she contended that she was granted unemployment benefits despite
this, she also indicated that the employer and supervisor's conduct resulted in her being
denied short-term disability benefits and health and dental insurance. The issue before the
court was whether one defendant's consent to removal, and the removal petition itself,
was valid. The court concluded that the removal of the case was invalid and remand was
required because the removal was not filed within the limitations period. However, the
court concluded that the employee's requested award of costs and attorneys fees were not
justified because the law was uncertain and the employer and supervisor raised legitimate
jurisdictional issues in evident good faith.

**OUTCOME:** The court granted the former employee's motion to remand the employment
action to state court but denied an award of costs and attorneys fees.

**CORE TERMS:** removal, join, notice, right to remove, right of removal, persuade, convince,
unanimity requirement, removing, petitioning, expired, Massachusetts General Laws,
disability benefits, initial pleading, et seq, codefendants, completion, formally, commence,
advantageous, heterosexual, homosexual, caucasian, consented, elapsed, fired, sex

### LexisNexis(R) Headnotes ◆ Hide Headnotes

Labor & Employment Law > Discrimination > Title VII

*HN1* Mass. Gen. Laws ch. 151B creates a cause of action based on unlawful discrimination by an employer on account of race, color, religious creed, national origin, ancestry, or sex. More Like This Headnote

Governments > Legislation > Interpretation
Civil Procedure > Removal > Removal Proceedings
*HN2* According to 28 U.S.C.S. § 1446(b), a defendant wishing to remove a case from state court to federal court must file notice of removal within 30 days of receiving a complaint. Specifically, the notice must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C.S § 1446(b). This statute must be strictly construed. More Like This Headnote

Civil Procedure > Removal > Removal Proceedings
Civil Procedure > Pleading & Practice > Service of Process
*HN3* The 30 day limitation period that a defendant has to remove a case to a federal court under 28 U.S.C.S. § 1446(b) commences upon receipt of a complaint by a defendant or anyone authorized to accept process for the defendant. It is not necessary that the defendant be formally served for the period to begin. The right of removal arises when the defendant has adequate information to decide whether or not removal is appropriate. Thus, the right is based on notice of the substantive claims which must be defended, rather than on the completion of procedural formalities. Receipt of a pleading that does not inform a defendant about the nature of any claims is not sufficient to commence the 30 day period. More Like This Headnote |
*Shepardize:* Restrict By Headnote

Civil Procedure > Removal > Removal Proceedings
*HN4* In a case where there are multiple defendants, all of them must join in a removal petition. There are three exceptions to this rule. First, nominal parties are not required to join in a removal petition. Second, defendants are not required to join in a petition if they have not yet been served with process at the time the petition is filed. Third, independent claims or causes of action may be removed separately under 28 U.S.C.S. § 1441(c). More Like This Headnote

Civil Procedure > Removal > Removal Proceedings
*HN5* Under a situation where all of the defendants to a state court action receive a complaint within 30 days of one another, even the last defendant to receive the complaint can petition for removal before the 30 day period elapses for the first defendant. In other words, there is a period of time during which the removal period remains open for all defendants. If one of the defendants files a removal petition within 30 days of receiving the complaint but more than 30 days has elapsed since the first defendant received it, a subsequently served defendant may not remove even with the first defendant's consent. In other words, the removal period commences upon receipt of a complaint by the first defendant. More Like This Headnote

Civil Procedure > Removal > Postremoval Remands
Civil Procedure > Costs & Attorney Fees > Attorney Fees
*HN6* 28 U.S.C.S § 1447(c) provides that an order remanding a case to state court may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of a removal. Such an award is discretionary. More Like This Headnote

**COUNSEL:** For JOANNE KARPOWICZ, Plaintiff: Sanford Kowal, Newton, MA.

For BLUE CROSS AND BLUE SHIELD OF MASS, INC., Defendant: Pamela J. Coveney, Blue Cross/Blue Shield of Massachusetts, Boston, MA.

For MARTIN TANNENBAUM, Defendant: Pamela J. Coveney, (See above).

For LEE ELLENBERG, Defendant: Douglas T. Schwarz, Peckham, Lobel, Casey, Prince & Tye, Boston, MA.

**JUDGES:** Mark L. Wolf, UNITED STATES DISTRICT COURT

**OPINIONBY:** Mark L. Wolf

**OPINION:** MEMORANDUM AND ORDER

This is an action by plaintiff Joanne Karpowicz ("Karpowicz") against defendants Blue Cross and Blue Shield of Massachusetts, Inc. ("Blue Cross"), Martin Tannenbaum ("Tannenbaum") and Lee Ellenberg ("Ellenberg") for wrongful termination of her employment with Blue Cross and denial of her employment and disability benefits based on her gender, age and sexual orientation. n1 This action was filed in the Massachusetts Superior Court, Middlesex County, following removal from the Massachusetts Commission Against Discrimination ("MCAD") pursuant to Massachusetts General Laws, chapter 151B, § 9. It was subsequently **[*2]** removed to this court based on certain aspects of the controversy arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiff now moves for a remand of this case to the Superior Court. This motion is opposed by all three defendants. In addition, plaintiff requests costs, including attorney's fees, incurred as a result of the removal. For the reasons described below this case is being remanded to state court without costs.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 The complaint alleges that the defendants discriminated against the plaintiff "in violation of [Massachusetts General Laws, chapter 151B] because of her sex, age, sexual preference and/or in retaliation for exercising her rights pursuant to [M.G.L. c. 151B]". *HN1* Chapter 151B creates a cause of action based on unlawful discrimination on account of race, color, religious creed, national origin, ancestry or sex.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

I. FACTS

Karpowicz is a heterosexual caucasian woman. Complaint, P 3 ("Compl."). Despite the fact that she is bringing **[*3]** this action in part based on age discrimination, the complaint does not disclose her exact age. The only information provided is that she was over the age of forty during the relevant time period. Id. Until March 23, 1995, she was employed by defendant Blue Cross, where her supervisor was defendant Tannenbaum. The plaintiff alleges that Tannenbaum is a homosexual caucasian male who, during the same period, was approximately 38 years old. Compl., Exhibit A, p. 2 ("Exh. A"). At all relevant times Tannenbaum is alleged to have lived with defendant Ellenberg. Id., at P 4. Moreover, plaintiff contends that Ellenberg and Tannenbaum were engaged in a homosexual relationship. Id.

Karpowicz, in the complaint submitted to MCAD and incorporated into the present action, alleges that on or about March 16, 1995 Tannenbaum became upset with her because of the delay and manner in which she sent a set of his keys from the Blue Cross office to Ellenberg, who was locked out of the residence he shared with Tannenbaum. Exh., p. 2. The complaint indicates that Tannenbaum's attitude toward her became unpleasant after that incident, and that on March 23, 1995 she was fired from her job. She also **[*4]** alleges that Ellenberg influenced Tannenbaum's decision to terminate her employment, id. at 3, and that her termination was part of a continuous pattern of discrimination against heterosexual, female employees, Exh. A, p. 3.

Karpowicz further alleges that after she was fired the defendants claimed that she had voluntarily quit her job. Compl., P 7. Although she contends that she was granted unemployment benefits despite this, she also indicates that the defendants' conduct resulted in her being denied certain other benefits. Id. at P 8. Specifically, she alleges that she was denied short-term disability benefits from UNUM Life Insurance Corporation of America ("UNUM") and health and dental insurance by unspecified providers. Id. at P 8. However, she has also submitted with the complaint a letter by UNUM indicating that it denied her benefits based on insufficient evidence of a disability. Exhibit B, p. 1 ("Exh. B"). The letter does not make reference to information received by the defendants.

In her complaint, Karpowicz alleges nine separate counts against the defendants. These include a count against defendant Blue Cross for discrimination pursuant to M.G.L. c. 151B **[*5]** (Count I), counts for aiding and abetting discrimination with regard to defendants Tannenbaum and Ellenberg (Counts II and III), a count for civil conspiracy to violate M.G.L. c. 151B with regard to all defendants (Count IV), two counts for interference with a contractual and/or advantageous relationship with regard to defendants Tannenbaum and Ellenberg (Counts V and VI), a count for conspiracy to commit interference with an advantageous relationship against defendants Tannenbaum and Ellenberg (Count VII), and counts for intentional and negligent infliction of emotional harm by defendant Ellenberg (Counts VIII and IX).

The complaint was sent to the Law Department of Blue Cross on November 25, 1995. Opposition to Motion to Remand by Defendants Blue Cross And Blue Shield And Martin Tannenbaum, page 1 ("Blue Cross and Tannenbaum Opp."). It was accompanied by a letter stating that it had been filed with the Middlesex Superior Court. Id. The letter and complaint were received by Blue Cross on November 28, 1995. Id. On December 13, 1995, formal service was accepted on behalf of Blue Cross and Tannenbaum n2 by a member of the Blue Cross Law Department. Id.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n2 The record does not indicate whether or not Blue Cross was authorized to accept service for Tannenbaum prior to this date.


- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - **[*6]**

Defendant Ellenberg was formally served with the complaint on December 18, 1995. There is no evidence that he received a copy of it prior to that date. Subsequently, on January 10, 1996, Ellenberg, with the written consent of defendants Blue Cross and Tannenbaum, filed a notice of removal with this court. The notice indicates that this court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) based on ERISA, 29 U.S.C. § 1001, et seq. In addition, the notice states that removal to this court is proper under 28 U.S.C. §§ 1441 and 1446.

Get a Document - by Citation - 72 Fair Empl. Prac. Cas. (BNA) 350

Case 3:05-cv-30175-MAP    Document 4-2    Filed 10/04/2005    Page 13 of 25    Page 5 of 9

## II. DISCUSSION

$^{HN2}$According to 28 U.S.C. § 1446(b), a defendant wishing to remove a case from state court to federal court must file notice of removal within thirty days of receiving the complaint. Specifically, the statute states that notice must be filed:

> within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to [*7] be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(emphasis added). This statute must be strictly construed. **Gorman v. Abbott Laboratories, 629 F. Supp. 1196, 1199 (D.R.I. 1986)**; Hill v. Phillips, Barratt, Kaiser Engineering LTD., 586 F. Supp. 944 (D.Me. 1984); Crompton v. Park Ward Motors, Inc., 477 F. Supp. 699, 701 (E.D.Pa. 1979); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 85 L. Ed. 1214, 61 S. Ct. 868 (federal court may only review cases properly before state court if expressly authorized by Congress).

This thirty day limitation has two main purposes. First, it is intended to prevent forum shopping based on a "wait-and-see" approach. Wilson v. Intercollegiate (Big Ten) Conference Athletic Association, 668 F.2d 962, 965 (7th Cir. 1982); **Gorman, 629 F. Supp. at 1199.** In other words, it discourages defendants from removing a case to federal court after partial proceedings in state court have revealed the shortcomings of the state forum. Wilson, 668 F.2d at 965; **Gorman, 629 F. Supp. at 1199.** Second, it is intended to avoid the delay and inefficiency of recommencing a case in federal court after [*8] it has already been the subject of substantial state court proceedings. Wilson, 668 F.2d at 965; **Gorman, 629 F. Supp. at 1199.**

$^{HN3}$The thirty day period commences upon receipt of the complaint by the defendant or anyone authorized to accept process for the defendant. New World Technologies, Inc. v. Comy Technology, Inc., 876 F. Supp. 6, 7 (D.Mass. 1995); Mermelstein v. Maki, 830 F. Supp. 180, 182 (S.D.N.Y. 1993). As the express language of the statute indicates, it is not necessary that the defendant be formally served for the period to begin. 14A Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure, § 3732, p. 516 (1985) ("Technicalities of state law as to the completion of service of process are ignored...."). This is because the right of removal arises when the defendant has adequate information to decide whether or not removal is appropriate. New World Technologies, Inc., 876 F. Supp. at 7 (citing 14A Wright, Miller and Cooper, § 3732, p. 513-16). Thus, the right is based on notice of the substantive claims which must be defended, rather than on the completion of procedural formalities. Receipt of a pleading that does [*9] not inform the defendant about the nature of the claims is not sufficient to commence the thirty day period. Id.

$^{HN4}$In a case such as this, where there are multiple defendants, all of them must join in the removal petition. Chicago, Rock Island and Pacific Railway Co. v. Martin, 178 U.S. 245, 248, 44 L. Ed. 1055, 20 S. Ct. 854 (1900); Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, 427 F.2d 325, 326-27 (5th Cir. 1970); **Gorman, 629 F.**

**Supp. at 1199.** There are three exceptions to this rule. First, nominal parties are not required to join in the removal petition. Tri Cities Newspapers, Inc., 427 F.2d at 327; **Gorman, 629 F. Supp. at 1200** (citing Albonetti v. GAF Corp. Chemical Group, 520 F. Supp. 825, 827 (S.D.Tex. 1981)). Second, defendants are not required to join in the petition if they have not yet been served with process at the time the petition is filed. Pullman v. Jenkins, 305 U.S. 534, 540-41, 83 L. Ed. 334, 59 S. Ct. 347 (1939). Third, independent claims or causes of action may be removed separately under 28 U.S.C. § 1441(c). **Gorman, 629 F. Supp. at 1199;** Perrin v. Walker, 385 F. Supp. 945, 947 (E.D.Ill. [*10] 1974). None of the exceptions applies in this case.

In this case, Ellenberg received the complaint on December 18, 1995. He filed the removal petition twenty-three days later, on January 10, 1996. Blue Cross and Tannenbaum consented to removal on that same date. However, Blue Cross had received the complaint on November 28, 1995, more than thirty days prior to its consent. n3 This presents the issue of whether its consent, and thus the removal petition itself, is valid.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n3 Since the record does not indicate when Tannenbaum actually received the complaint, or whether Blue Cross was authorized to accept process for Tannenbaum on November 28, 1995, when it received the complaint, there is not enough information to determine his date of receipt for removal purposes. However, this is not a material fact.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - - -

District courts in this circuit, among others, have addressed two basic situations in which a defendant has filed a removal petition within thirty days of receiving the complaint, but more than thirty days after [*11] receipt of the complaint by the other defendants. *HN5* Under the first situation, all of the defendants received the complaint within thirty days of one another. Thus, even the last defendant to receive the complaint could have petitioned for removal before the thirty day period had elapsed for the first defendant. In other words, there was a period of time during which the removal period remained open for all defendants.

This situation was present in Hill v. Phillips, Barratt, Kaiser Engineering LTD., 586 F. Supp. 944 (D.Me. 1984). In that case, the defendants were served with the complaint at different times. However, they all received it within a thirty day period. Although one of the defendants filed a removal petition within thirty days of receiving the complaint, more than thirty days had elapsed since the first defendant had received it. Then Chief Judge Cyr, now a judge of the Court of Appeals for the First Circuit, denied the removal petition, holding that the first defendant had irretrievably lost its right to consent by waiting more than thirty days to do so. Id. at 946-47. Specifically, the court held that "each defendant who is served has 30 days to petition for or [*12] consent to removal, failing which that defendant is deemed to have waived its right to do so and a 'subsequently served defendant may not remove ever with the first defendant's consent.'" Id. at 945-46 (quoting Schmidt v. National Organization for Women, 562 F. Supp. 210, 212 (N.D.Fla. 1983)). In other words, the removal period commenced upon receipt of the complaint by the first defendant. Id.; see also Getty Oil Corporation v. Insurance Company of North America, 841 F.2d 1254, 1262-63 (5th Cir. 1988); Quick Erectors, Inc. v. Seattle Bronze Corporation, 524 F. Supp. 351, 354 (E.D.Mo. 1981); Perrin v. Walker, 385 F. Supp. 945 (E.D.Ill. 1974); Transport Indemnity Co. v. Financial Trust Co., 339 F. Supp. 405 (C.D.Cal. 1972); Crocker v. A.B.Chance Co., 270 F. Supp. 618 (S.D.Fla. 1967).

This result meant that the petitioning defendant was deprived of the full thirty days in which to remove the case. However, Judge Cyr held that this decision was appropriate in part

because that defendant had had more than ten days to persuade the earlier served defendants to consent to removal before their respective thirty day periods expired. Id. at 946. In other **[*13]** words, Judge Cyr relied on the fact that the petitioning defendant had an opportunity to convince the earlier served party to consent to removal, but failed to do so. Id.

Under the second situation, the defendants did not all receive the complaint within thirty days of one another. Rather, some of them received it, and thus acquired the right to remove the case, after the removal period had already expired for other defendants. Unlike the first situation, the last defendant to receive the complaint did not have an opportunity to convince the earlier served defendants to consent to the petition.

This second situation was presented in **Gorman v. Abbott Laboratories, 629 F. Supp. 1196 (D.R.I. 1986).** In that case, the plaintiff filed suit against a single defendant. Eight months later she amended her complaint to add new defendants. Although the new defendants filed a removal petition within thirty days of receiving the complaint, the thirty day period for removal by the original defendants had long since expired. In fact, the thirty day removal period for the new defendants did not begin to run until after the original defendant had lost its right of removal. Thus, the defendants **[*14]** added by the amended complaint did not have an opportunity to persuade the original defendant to join in the petition.

However, then District Judge Selya, now a member of the Court of Appeals for the First Circuit, found this to be immaterial. Id.; see also Transport Indemnity, 339 F. Supp. at 409. Rather, Judge Selya held that the failure of the original defendant to exercise its right of removal within the prescribed time period foreclosed all possibility of removing the case. **Gorman, 629 F. Supp. at 1201-02.** Judge Selya reasoned that failure to petition for removal within the statutory period cannot be cured by joining a petition filed by subsequently served defendants. Id. (citing Frederich, 467 F. Supp. at 1014; Transport Indemnity Co., 339 F. Supp. at 409; Manis v. North American Rockwell Corp., 329 F. Supp. 1077, 1078 (C.D.Cal. 1971)); see also Fletcher v. Hamlet, 116 U.S. 408, 410, 29 L. Ed. 679, 6 S. Ct. 426 (1886) (when one of several defendants in suit on joint cause of action in state court loses his right to remove by failing to make timely application, right of removal is lost for all); Getty Oil Corporation, 841 F.2d at 1262-63 ("all **[*15]** served defendants must join in the petition no later than thirty days on the day on which the first defendant was served"); Quick Erectors, Inc., 524 F. Supp. at 354 ("if the defendant who was served first fails to remove within thirty days, a subsequently served defendant may not remove even with the first defendant's consent").

Judge Selya's reasoning in Gorman was based on the principle that "the right to remove is of finite duration; if not activated promptly, it self-destructs" and cannot be revived. **Gorman, 629 F. Supp. at 1201.** Absent this right, the unanimity requirement for removal cannot be met. Id. In other words, Judge Selya held that removal was barred even if the petitioning defendant was not given the opportunity to convince the earlier served defendants to consent to removal. **Id. at 1201-02.**

However, in Garside v. Osco Drug, Inc., 702 F. Supp. 19 (D.Mass. 1988), Judge Tauro took the opposing view. In that case, the original complaint was filed in state court in March 1984. The defendants made no attempt to remove the case to federal court. On March 29, 1988, the complaint was amended to add a new defendant. On April 28, 1988, more than four **[*16]** years after the case was commenced, the new defendant filed a petition to remove the action to federal court with consent of the original defendants. That same defendant then moved to have the case remanded on grounds that the removal petition was time barred.

Judge Tauro allowed the removal petition despite the fact that four years had passed since

Get a Document - by Citation - 72 Fair Empl. Prac. Cas. (BNA) 350

Case 3:05-cv-30175-MAP    Document 4-2    Filed 10/04/2005    Page 16 of 25    Page 8 of 9

the original defendants lost their right to remove the case. Garside, 702 F. Supp. at 21. The court accepted the rule that all defendants served with the complaint must join or assent to the removal petition. Id., 702 F. Supp. at 21 (citing Tri-Cities Newspapers, Inc., 427 F.2d at 326-27; **Gorman, 629 F. Supp. at 1199**). However, Judge Tauro rejected the principle that a defendant could not consent to another defendant's timely petition more than thirty days after receiving the complaint. Garside, 702 F. Supp. at 21. He held that such a prohibition was based on an erroneous assumption that a defendant's initial failure to remove a case meant that the defendant would not have consented to removal at a later time even if given the chance to consult with the codefendants. Id. Rather, Judge Tauro stated that "removal **[*17]** is often as much a matter of trial strategy as it is one of forum selection," and that defendants in multi-party litigation must be given the chance to develop a collective strategy. Id. In other words, a defendant cannot be barred from removing a case without an opportunity to persuade the other defendants to join in the petition. Id. Furthermore, Judge Tauro reasoned that allowing a defendant this opportunity is harmless because the unanimity requirement provides each defendant with an absolute veto over removal at any time. Id.

Thus, distinguished judges in the First Circuit have disagreed on whether removal is permissible in the second situation. The leading commentators have also taken different views. In his treatise, Professore Moore takes the position that a case cannot be removed if one of the defendants has failed to give consent within thirty days of receiving the complaint. 1A James Wm. Moore and Brett A. Ringle, Moore's Federal Practice 2d, P 0.168[3.-5-5], at 586-87. His reasoning is based on the view that the unanimity requirement cannot be met once a defendant has lost the right to remove by failing to exercise it within the prescribed period of time. **[*18]** Id. Professors Wright, Miller and Cooper, however, take the position that each defendant should have the opportunity to convince its codefendants to join in a removal petition. 14A Wright & Miller, § 3732 at 531-32. Thus, they believe that a subsequently served defendant should be allowed to remove a case despite the fact that an earlier served defendant failed to give consent within thirty days of receiving the complaint. Id. As Judge Tauro recognized, however, the published opinions are generally in accord with Professor Moore's view. Garside, 702 F. Supp. at 22, n.4.

Most significantly, this case presents the first situation, which was addressed by Judge Cyr in Hill. As in Hill, 586 F. Supp. at 946, Ellenberg had more than 10 days to persuade Blue Cross to agree to removal before Blue Cross' 30 day removal period expired. In view of the thorough and thoughtful analysis of two judges who are now members of the Court of Appeals for the First Circuit, which this court expects their present colleagues would find persuasive, this court concludes that the removal of this case was invalid and remand is required.

Plaintiff's requests for costs and attorneys fees relating **[*19]** to the improvident removal is, however, unpersuasive. **HN6** 28 U.S.C. § 1447(c) provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." (emphasis added). As this language indicates, such an award is discretionary. **Gorman, 629 F. Supp. at 1204.** In this case, the law is uncertain and defendants raised legitimate jurisdictional issues in evident good faith. Thus, the court concludes that the requested award of costs and attorneys fees is not justified. Id.

III. ORDER

For the foregoing reasons, it is hereby ORDERED that plaintiff's motion to remand is ALLOWED, plaintiff's request for costs and attorneys fees is DENIED, and this case is REMANDED to the Massachusetts Superior Court, Middlesex County.

Mark L. Wolf

UNITED STATES DISTRICT COURT

# ADDENDUM B

Service:  **Get by LEXSEE®**
Citation:  **2005 U.S. Dist. LEXIS 5871**

*2005 DNH 60; 2005 U.S. Dist. LEXIS 5871, \**

L. John Davidson, Plaintiff v. James H. Rand, Arthur Blasberg, Jr., John Beinecke, Eugene D. Brody, Daniel E. Best, William L. Gorman, Armand O. Norehad, Antaeus Enterprises, Inc., and Atlantic Capital Partners, LLC, Defendants

Civil No. 05-cv-012-SM

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

2005 DNH 60; 2005 U.S. Dist. LEXIS 5871

April 6, 2005, Decided

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff filed an action in the Rockingham County (New Hampshire) Superior Court against defendants, seven individuals and two companies. Individual seven removed the suit to the court on diversity of citizenship grounds pursuant to 28 U.S.C.S. § 1332. Plaintiff moved to remand the suit back to the state court.

**OVERVIEW:** Plaintiff did not serve defendants simultaneously. Individual seven was served last; he filed the notice of removal within the time period prescribed by 28 U.S.C.S. § 1446. The other individuals and the companies, who were served earlier, did not seek to remove the suit. They consented, however, to individual seven's removal notice. Plaintiff argued that individual seven could not remove the action because the consent of all defendants was required and the other individuals and companies had lost their right to consent to removal by failing to file their own removal notices in a timely manner. The court noted that there was a split within the First Circuit on the issue. It applied the "unanimity rule," which held that earlier-served defendants could not consent to subsequent removal efforts undertaken by a later-served defendant once their own right to remove had lapsed. By failing to file their own removal notices, the other individuals and companies had irretrievably lost both their right to remove the suit and to consent to its removal; they were powerless to join or consent to the removal notice. The action could not be properly removed to the court, without their consent.

**OUTCOME:** The court granted plaintiff's remand motion and ordered the suit to be remanded back to the state superior court.

**CORE TERMS:** removal, unanimity, right to remove, first-served, later-served, lapsed, earlier-served, join, initial pleading, own right, summons, strictly construed, originally filed, timely manner, ambiguity, irretrievably, statutorily, litigated, consented, elevation, embraced, assent, notice, setting forth, persuasive

### LexisNexis(R) Headnotes ♦ Hide Headnotes

Civil Procedure > Removal > Removal Proceedings 🔍
*HN1* 28 U.S.C.S. § 1446 is the federal statute governing removal of actions from state court.  More Like This Headnote

Civil Procedure > Removal > Removal Proceedings 🔍

*HN2* See 28 U.S.C.S. § 1446(b).

Civil Procedure > Removal > Removal Proceedings 🔍

Evidence > Procedural Considerations > Burdens of Proof 🔍

*HN3* In cases involving, multiple defendants, all defendants who have been served must join or assent in the removal petition. When removal is challenged, the removing party bears the burden of demonstrating that the asserted basis for removal satisfies the statutory requirements. More Like This Headnote

Civil Procedure > Removal > Removal Proceedings 🔍

*HN4* There is a growing split of opinion on the issue of whether a last served defendant can remove an action after the first-served defendants' time for removing the suit has lapsed, even within the United States Court of Appeals for the First Circuit and even among judges within individual districts of the First Circuit. The majority of courts that have confronted the issue have concluded that once a defendant's right to remove a proceeding has lapsed, that defendant cannot consent to subsequent removal efforts undertaken by a later-served defendant. This has become known as the "first-served defendant" rule or the "rule of unanimity." More Like This Headnote

Civil Procedure > Removal > Removal Proceedings 🔍

*HN5* In the typical scenario, a plaintiff sues multiple defendants, who are served in random sequence. A defendant which is served toward the end of this temporal daisy chain seeks to remove the action: that defendant acts within thirty days of its receipt of the initial pleading, but after earlier-served defendants have let their respective thirty day periods run without incident. In such a situation, courts have been consentient in holding that, even if the movant secures the acquiescence of the earlier-served defendants in the removal initiative, the petition must, upon timely objection by the plaintiff, be denied. The reasoning of these courts, is impeccable. The right to remove is of finite duration; if not activated promptly, it self-destructs. Failure of a defendant to embark upon removal within the statutorily allotted time causes the right to perish. Such neglect cannot be cured retroactively by joining a subsequently-served defendant's removal pavane. The first defendant having irretrievably lost the facility to effectively remove, it has likewise lost the facility effectively to consent to any other defendant's attempt to remove the action. That being so, and all defendants being required to join in a proper removal petition in a diversity case, the first-served defendant's debarment vitiates the (timely) application of the later-served defendant. More Like This Headnote

Civil Procedure > Removal > Removal Proceedings 🔍

*HN6* Once a defendant fails to file a removal petition within 30 days of service, it no longer has the capacity to consent to a later-served defendant's removal efforts. Applying this reasoning, the United States District Court for the District of New Hampshire has adopted the rule of unanimity. More Like This Headnote

Civil Procedure > Removal > Removal Proceedings 🔍

*HN7* 42 U.S.C.S. § 1446 is vague and inartfully drafted. Ambiguity has directly lead to the ongoing confusion over whether a defendant, whose time to remove has lapsed, may, nonetheless, consent to a later-served defendant's removal. More Like This Headnote

Civil Procedure > Removal > Removal Proceedings 🔍

*HN8* The "unanimity rule" promotes prompt and efficient determination of the removal option. Its application, however, might well deprive a particular defendant of any opportunity (depending on the timing of service) to persuade other defendants that

removal is desirable. In defense of the unanimity rule, one might assert that, having elected not to exercise their right to remove a case in a timely manner, the earlier-served defendants have expressed their opposition to removal and a desire to remain in state court. Consequently, a later-served defendant is unlikely to experience any "prejudice" from its inability to remove the case, since the earlier-served defendants already considered, and rejected, the notion of removal. More Like This Headnote

Civil Procedure > Removal > Postremoval Remands ⚓
HN9⚓ Defendants who are served after a case has already been removed have the right, by statute, to move to remand the case back to state court. 28 U.S.C.S. § 1448. Thus, a defendant who prefers state court, but who is served late in the proceedings, is protected in that it retains the right to successfully "object" to or preclude removal. More Like This Headnote

Civil Procedure > Removal > Removal Proceedings ⚓
Governments > Legislation > Interpretation ⚓
HN10⚓ Despite the attractiveness of the "fairness" approach, the majority "unanimity rule" view is supported by two considerations. First, the removal statutes are strictly construed against removal. Second, the purpose of the time limits in 28 U.S.C.S. § 1446 is to ensure that the question of where the case will be litigated be put to rest as soon as possible. More Like This Headnote

Civil Procedure > Removal > Postremoval Remands ⚓
Civil Procedure > Removal > Removal Proceedings ⚓
Governments > Legislation > Interpretation ⚓
HN11⚓ The United States District Court for the District of New Hampshire is obliged to construe 28 U.S.C.S. § 1446 strictly, resolving any ambiguity against removal. The removal statute should be strictly construed against removal and, if there is any doubt as to the propriety of a removal, a case should not be removed to federal court. More Like This Headnote

Civil Procedure > Removal > Removal Proceedings ⚓
HN12⚓ The majority of judges within the United States Court of Appeals for the First Circuit who have decided the issue have embraced the "unanimity rule." The United States District Court for the District of New Hampshire has previously also adopted the unanimity rule construction of 28 U.S.C.S. § 1446. Having reconsidered the matter, the court is persuaded to again apply that construction. While the United States Supreme Court has held that the thirty day period within which to remove is triggered by either service of a summons upon the defendant, or the defendant's receipt of a copy of the complaint, whichever is later, the United States District Court for the District of New Hampshire is not persuaded that the holding compels the conclusion, or even intends to suggest, that a defendant may properly consent to removal after it has failed to timely remove in its own right. More Like This Headnote

Civil Procedure > Removal > Removal Proceedings ⚓
HN13⚓ Having failed to exercise their right to seek removal of an action in a timely fashion, first-served defendants irretrievably lose the right to remove. They also lose the facility effectively to consent to any other defendant's attempt to remove the action. Consequently, they are powerless to join in or consent to the petition for removal filed by a later-served defendant. Absent consent of all defendants, an action may not be removed to the district court. More Like This Headnote

**COUNSEL:** [*1]  For L. John Davidson, Plaintiff: Jamie N. Hage, Nixon Peabody LLP, Manchester, NH

For James H. Rand, Defendant: Arnold Rosenblatt, Cook Little Rosenblatt & Manson, The Center of New Hampshire, Manchester, NH

For Arthur Blasberg, Jr., Defendant: Arnold Rosenblatt, Cook Little Rosenblatt & Manson, The Center of New Hampshire, Manchester, NH

For John Beinecke, Defendant: Arnold Rosenblatt, Cook Little Rosenblatt & Manson, The Center of New Hampshire, Manchester, NH

For Eugene D. Brody, Defendant: Arnold Rosenblatt, Cook Little Rosenblatt & Manson, The Center of New Hampshire, Manchester, NH

For Daniel E. Best, Defendant: Stephanie Anne Bray, Wiggin & Nourie, Manchester, NH

For William L. Gorman, Defendant: Jennifer Rood, Bernstein Shur Sawyer & Nelson (NH), Manchester, NH

For Armand O. Norehad, Defendant: Stephanie Anne Bray, Wiggin & Nourie, Manchester, NH

For Antaeus Enterprises, Inc., Defendant: Arnold Rosenblatt, Cook Little Rosenblatt & Manson, The Center of New Hampshire, Manchester, NH

For Atlantic Capital Partners, LLC, Defendant: Arnold Rosenblatt, Cook Little Rosenblatt & Manson, The Center of New Hampshire, Manchester, NH

**JUDGES:** Steven [*2]  J. McAuliffe, Chief Judge

**OPINIONBY:** Steven J. McAuliffe

**OPINION: ORDER**

In September of 2004, L. John Davidson filed a writ of summons in the Rockingham County (New Hampshire) Superior Court, setting forth five claims against nine defendants. Subsequently, one of those defendants, Armand Norehad, removed the action, invoking this court's diversity jurisdiction. Davidson now moves the court to remand the action to state court. Defendants object. For the reasons set forth below, Davidson's motion to remand is granted.

**Legal Standard**

Title 28 U.S.C. § 1446, *HN1* the federal statute governing removal of actions from state court, provides, in pertinent part, that:

> *HN2* The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446 (b) [*3]  . See also 28 U.S.C. § 1441 (describing the circumstances under which an action originally filed in state court may be removed to federal court). *HN3* "In cases involving, multiple defendants, all defendants who have been served must join or assent in the removal petition." Swanston v. TAP Pharm. Prods., 307 F. Supp. 2d 190, 193 (D. Mass. 2004) (citing Lapides v. Bd. of Regents, 535 U.S. 613, 620, 152 L. Ed. 2d 806, 122 S. Ct. 1640 (2002)). When removal is challenged, the removing party bears the burden of demonstrating that the asserted basis for removal satisfies the statutory requirements. Sirois v. Business Express, Inc., 906 F. Supp. 722, 725 (D.N.H. 1995).

## Discussion

Davidson commenced this action in state court on September 17, 2004. By November 5th, all but one defendant had been served (the "First-Served Defendants"). None of the First-Served Defendants exercised its right to remove the case within the statutorily prescribed 30-day period. Subsequently, Davidson effected service upon the final defendant, Armand Norehad. Within the period allowed by section 1446, Norehad removed the state court action to this court. All other [*4]  defendants consented (though Davidson's motion to remand challenges those defendants' ability to "consent," given that their right to remove had already lapsed).

There appears to be no dispute that, pursuant to 28 U.S.C. § 1332, this court has subject matter jurisdiction over Davidson's claims. Nor do the parties dispute that Norehad removed this action within 30 days of his having been served, as required by section 1446(b). The sole question presented by Davidson's motion to remand is whether Norehad could remove the action after the First-Served Defendants' time for doing so had lapsed. Or, viewed somewhat differently, the question is whether the First-Served Defendants had the capacity to consent to Norehad's removal after failing to exercise their own right to remove in a timely manner.

*HN4* There is a growing split of opinion on the issue presented, even within this circuit, and even among judges within individual districts of this circuit. Compare **Karpowicz v. Blue Cross & Blue Shield, 1996 U.S. Dist. LEXIS 13541, 1996 WL 528372 (D. Mass. Aug. 19, 1996)** with Garside v. Osco Drug, Inc., 702 F. Supp. 19 (D. Mass. 1988). See generally 14C Charles [*5]  Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3732 at 33.6-40 n.74 and 75 (2004 Supp.) (collecting numerous cases on both sides of this issue). The majority of courts that have confronted the issue have concluded that once a defendant's right to remove a proceeding has lapsed, that defendant cannot consent to subsequent removal efforts undertaken by a later-served defendant. This has become known as the "first-served defendant" rule or the "rule of unanimity." Prior to his elevation to the Court of Appeals for the First Circuit, Judge Selya embraced the rule of unanimity and, addressing the point in detail, concluded:

> *HN5* In the typical scenario, a plaintiff sues multiple defendants, who are served in random sequence. A defendant which is served toward the end of this temporal daisy chain seeks to remove the action: that defendant acts within thirty days of its receipt of the initial pleading, but after earlier-served defendants have let their respective thirty day periods run without incident . . . . In such a situation, courts have been consentient in holding that, even if the movant secures the acquiescence of the earlier-served defendants in the removal [*6]  initiative, the petition must, upon timely objection by the plaintiff, be denied.

> The "reasoning of these courts, is impeccable. The right to remove is of finite duration; if not activated promptly, it self-destructs. Once Humpty-Dumpty has

toppled from the wall, he cannot be put back together again. Failure of a defendant to embark upon removal within the statutorily allotted time causes the right to perish. Such neglect cannot be cured retroactively by joining a subsequently-served defendant's removal pavane. The first defendant having irretrievably lost the facility to effectively remove, it has likewise lost the facility effectively to consent to any other defendant's attempt to remove the action. That being so, and all defendants being required to join in a proper removal petition in a diversity case, the first-served defendant's debarment vitiates the (timely) application of the later-served defendant.

Gorman v. Abbott Laboratories, 629 F. Supp. 1196, 1201 (D.R.I. 1986) (emphasis supplied) (citations omitted). See also Hill v. Phillips, Barratt, Kaiser Eng'g Ltd., 586 F. Supp. 944 (D. Me. 1984) (prior to his elevation to the circuit court [*7] of appeals, then Chief District Court Judge Cyr concluded that *HN6*once a defendant failed to file a removal petition within 30 days of service, it no longer had the capacity to consent to a later-served defendant's removal efforts). Applying the reasoning of Judges Selya and Cyr, this court previously adopted the rule of unanimity. See Sager v. Wante, No. 95-524-M (D.N.H. Nov. 30, 1995) (McAuliffe, J.).

Recently, however, some courts have begun to rethink the issue and embrace the so-called "fairness approach," which affords every defendant 30 days within which to exercise its right to remove, and allows the remaining defendants to consent to that removal, even if their own right to remove has lapsed. See, e.g., Garside, 702 F. Supp. at 22 (D. Mass. 1988) ("a subsequently served defendant has thirty days to seek removal, even though its co-defendants may be time-barred from doing so."). See generally 16 James Wm. Moore et al., Moore's Federal Practice § 107.30 [3] [a] at 107-162 (3d ed. 2000) ("There appears to be a trend away from the 'unanimity rule.' More courts are finding that requiring defendants who are served near [*8] the end of the 30-day period to join in the notice is unfair.").

Unfortunately, the governing statute - *HN7*42 U.S.C. § 1446 - is vague and inartfully drafted. Ambiguity has directly lead to the ongoing confusion over whether a defendant, whose time to remove has lapsed, may, nonetheless, consent to a later-served defendant's removal.

While both potential resolutions have their own logical and equitable appeal, both also suffer from important shortcomings. *HN8*The "unanimity rule" promotes prompt and efficient determination of the removal option. It's application, however, might well deprive a particular defendant of any opportunity (depending on the timing of service) to persuade the other defendants that removal is desirable. Of course, in defense of the unanimity rule, one might assert that, having elected not to exercise their right to remove a case in a timely manner, the earlier-served defendants expressed their opposition to removal and a desire to remain in state court. Consequently, a later-served defendant is unlikely to experience any "prejudice" from its inability to remove the case, since the earlier-served defendants already considered, and rejected, [*9] the notion of removal. So, even if the later-served defendant had sought their timely assent to removal, that consent likely would not have been forthcoming. Cases in which those very same defendants later consented to removal must, it would seem, be explained by the fact that either the later-served defendant was persuasive or, perhaps, the state proceedings had not progressed in a manner favorable to the earlier-served defendants, inducing a tardy but welcome change of forum. n1

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Interestingly, *HN9*defendants who are served after a case has already been removed have the right, by statute, to move to remand the case back to state court. 28 U.S.C. § 1448. Thus, a defendant who prefers state court, but who is served late in the proceedings, is protected in that it retains the right to successfully "object" to or preclude removal.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

The "fairness" approach, on the other hand, affords each defendant, regardless of when it was served, a full 30 days within which to obtain the consent of all other [*10] defendants to removal. That approach not only preserves each defendant's option to remove, but also is attractive in that it necessarily draws a meaningful distinction between a defendant's own option to remove, and its ability to consent to another defendant's desire to remove. But, applying the "fairness" rule might lead to removal of cases that have already been substantially litigated in state court, resulting in a complete waste of legal and judicial resources and, perhaps, prejudice to plaintiffs. See, e.g., Garside, 702 F. Supp. at 21-22 (allowing removal more than four years after case was originally filed in state court). As one legal commentator observed:

> *HN10*Despite the attractiveness of this "fairness" approach, the majority view is supported by two considerations. First, the removal statutes are strictly construed against removal. Second, the purpose of the time limits in Section 1446 [is] to ensure that the question of where the case will be litigated be put to rest as soon as possible.

16 James Wm. Moore et al., Moore's Federal Practice § 107.30[3][a] at 107-162.

To date, neither the Supreme Court [*11] nor the Court of Appeals for the First Circuit has addressed the issue. But, as noted above, *HN11*this court is obliged to construe section 1446 strictly, resolving any ambiguity against removal. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 85 L. Ed. 1214, 61 S. Ct. 868 (1941). See also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 396-97 (3d Cir. 2002) ("the removal statute should be strictly construed against removal and . . . if there is any doubt as to the propriety of a removal, a case should not be removed to federal court."); Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004) (same).

Although it is not outcome determinative, it is worth noting that *HN12*the majority of judges within this circuit who have decided the issue have embraced the "unanimity rule." One of those judges is currently an active, and the other a senior, district judge. This judge also adopted the unanimity rule construction of section 1446. See Sager v. Wante, supra. Having reconsidered that matter, I am persuaded to apply that construction in this case as well. See **Karpowicz, 1996 U.S. Dist. LEXIS 13541, 1996 WL 528372 at *7** ("In view of the thorough and [*12] thoughtful analysis of two judges who are now members of the Court of Appeals for the First Circuit, which this court expects their present colleagues would find persuasive, this court concludes that the removal of this case was invalid and remand is required."). While the court is aware of the Supreme Court's opinion in Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 143 L. Ed. 2d 448, 119 S. Ct. 1322 (1999) (holding that the thirty day period within which to remove is triggered by either service of a summons upon the defendant, or the defendant's receipt of a copy of the complaint, whichever is later), I am not persuaded that it compels the conclusion, or even intends to suggest, that a defendant may properly consent to removal after it has failed to timely remove in its own right.

## Conclusion

*HN13*Having failed to exercise their right to seek removal of this action in a timely fashion, the First-Served Defendants "irretrievably lost the right to remove." Gorman, 629 F. Supp. at 1201. They also lost the "facility effectively to consent to any other defendant's attempt to remove the action." Id. Consequently, they are powerless to join in or consent to the petition [*13] for removal filed by defendant Norehad. And, absent consent of all defendants, the action may not be removed to this court.

Accordingly, plaintiff's motion to remand (document no. 9) is granted and this action is hereby remanded to the New Hampshire Superior Court (Rockingham County).

## SO ORDERED.

Steven J. McAuliffe

Chief Judge

April 6, 2005

Service: **Get by LEXSEE®**
Citation: **2005 U.S. Dist. LEXIS 5871**
View: **Full**
Date/Time: **Thursday, September 8, 2005 - 12:55 PM EDT**

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

MARY FORTE AS ADMINISTRATRIX )
OF THE ESTATE OF CHRISTOPHER M. )
FORTE, )
    Plaintiff )
          )
          )
    v. )
          )
JOHN DANIEL PINKHAM and the )
COMMONWEALTH OF )
MASSACHUSETTS, EXECUTIVE )
OFFICE OF PUBLIC SAFETY, )
DEPARTMENT OF STATE POLICE, )
    Defendants )

**AFFIDAVIT OF CHRIS S. DODIG**



I, Chris S. Dodig, being duly sworn, state as follows:

1.    I am a lawyer licensed to practice in the Commonwealth of Massachusetts and am a partner in the law firm of Donovan & O'Connor, LLP.

2.    Donovan & O'Connor, LLP, represents the plaintiff, Mary Forte, as Administratrix of the Estate of Christopher M. Forte, with respect to this action.

3.    On September 6, 2005, I received the Commonwealth of Massachusetts' Emergency Motion for Leave to Assent to Removal dated August 31, 2005.

4.    On September 12, 2005, I caused Plaintiff's Opposition to the Commonwealth of Massachusetts' Emergency Motion to Assent to Removal to be served and filed.

5.    On September 13, 2005, I received a clerk's notice that this Court (Agostini, J.) had allowed the Commonwealth of Massachusetts' Emergency Motion to Assent to Removal. A copy of that notice is attached hereto as Exhibit A.

Signed under the pains and penalties of perjury this 13th day of September, 2005.

                                 _____
                                 Chris S. Dodig

JRL:djb

# EXHIBIT A

**Commonwealth of Massachusetts**
**County of Berkshire**
**The Superior Court**

Civil Docket **BECV2003-00076**

RE:    Forte as Administratrix of the Estate of Christopher M Forte v Commonwealth of Mass.Executive Office of PublicDept. State Polic

TO:    Christopher S Dodig, Esquire
Donovan & O'Connor, LLP
1330 Mass Moca Way
North Adams, MA 01247

_____

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **09/09/2005**:

*RE: Defendant, Commonwealth of Massachusetts' EMERGENCY motion to assent to removal of entire case to the Federal Court, filed.*

**is as follows:**

**MOTION (P#22) -Allowed, (John A. Agostini, Justice). Notices mailed on 9/9/2005**

Dated at Pittsfield, Massachusetts this 9th day of September, 2005.

Deborah S. Capeless,
Clerk of the Courts

BY:

Deborah S. Capeless
Clerk

Telephone: (413) 499-7487

Copies mailed 09/09/2005

cvdresult_2.wpd 299891 mottext schillin

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

MARY FORTE AS ADMINISTRATRIX )
OF THE ESTATE OF CHRISTOPHER M. )
FORTE, )
     Plaintiff )
)
         v. )
)
JOHN DANIEL PINKHAM and the )
COMMONWEALTH OF )
MASSACHUSETTS, EXECUTIVE )
OFFICE OF PUBLIC SAFETY, )
DEPARTMENT OF STATE POLICE, )
     Defendants )

NOTICE OF FILING OF PLAINTIFF'S
MOTION FOR RECONSIDERATION OF
THIS COURT'S DECISION TO ALLOW
THE COMMONWEALTH OF
MASSACHUSETTS' EMERGENCY
MOTION TO ASSENT TO REMOVAL

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE S.S. SUPERIOR COURT

SEP 2 8 2005

TO:    William P. O'Neill, Esq.
       Assistant Attorney General
       Western Massachusetts Division
       1350 Main Street
       Springfield, MA 01103-1629

Please take notice that the undersigned, representing the plaintiff, has filed Plaintiff's

Motion for Reconsideration of this Court's Decision to Allow the Commonwealth of

Massachusetts' Emergency Motion to Assent to Removal with the Berkshire Superior Court on

September 27, 2005.

         Dated: September 28, 2005

THE PLAINTIFF

By her attorneys,

_____
Chris S. Dodig, BBO No. 556628
For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel. (413) 663-3200
Fax: (413) 663-7970

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2005 ,
I have caused the foregoing document to
be served on the parties to this matter by
mailing a true copy, postage prepaid, to all
counsel of record.

_____

**CERTIFICATE OF COMPLIANCE**

    I hereby certify that the foregoing document is being filed within the designated time or
by leave of the Regional Administrative Justice.

_____

CSD:djb

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

MARY FORTE AS ADMINISTRATRIX )
OF THE ESTATE OF CHRISTOPHER M. )
FORTE, )
  Plaintiff )
   )
   )
  v. )
   )
JOHN DANIEL PINKHAM and the )
COMMONWEALTH OF )
MASSACHUSETTS, EXECUTIVE )
OFFICE OF PUBLIC SAFETY, )
DEPARTMENT OF STATE POLICE, )
  Defendants )

AFFIDAVIT OF COMPLIANCE

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR

F
I
L    SEP 29 2005
E
D

I, Chris S. Dodig, being duly sworn, depose and say as follows:

1.  I am the attorney of record for the plaintiff;

2.  On September 13, 2005, in compliance with Superior Court Rule 9A(b)(2), I did by certified mail, with return receipt requested, mail copies of the enclosed Plaintiff's Motion for Reconsideration of this Court's Decision to Allow the Commonwealth of Massachusetts' Emergency Motion to Assent to Removal to defendants' counsel, William P. O'Neill, Esq., Assistant Attorney General, Western Massachusetts Division, 1350 Main Street, Springfield, MA 01103-1629; and Scott W. Dunlap, Esq., Law Offices of Timothy M. Burke, 160 Gould Street, Suite 111, Needham, MA 02494-2300. A signed receipt of the delivery of the aforesaid documents is affixed hereto;

3.  I have received no opposition to said motion;

4.  On September 28, 2005, I gave notice to defendants' counsel of the filing of the said motion for reconsideration; and

5.    Pursuant to Standing Order No. 1-88 B.4., this motion is filed within the designated time standards for this case.

Dated:  September 28, 2005

THE PLAINTIFF

By her attorneys,

_____

Chris S. Dodig, BBO No. 556628
For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel: (413) 663-3200
Fax: (413) 663-7970

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2005, I have caused the foregoing document to be served on the parties to this matter by mailing a true copy, postage prepaid, to William P. O'Neill, Esq., Assistant Attorney General, Western Massachusetts Division, 1350 Main Street, Springfield, MA 01103-1629; and Scott W. Dunlap, Esq., Law Offices of Timothy M. Burke, 160 Gould Street, Suite 111, Needham, MA 02494-2300.

_____

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document is being filed within the designated time or by leave of the Regional Administrative Justice.

_____

CSD:djb

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ /52 |
| Certified Fee | 230 |
| Return Receipt Fee (Endorsement Required) | 175 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 557 |

7004 0750 0000 5374 3315

Sent To  Scott W. Dunlap, Esq.
Street, Apt. No.; Law Offices of Timothy M. Burke
or PO Box No.  160 Gould Street, Suite 111
City, State, ZIP+4 Needham, MA 02494-2300

PS Form 3800, June 2002                    See Reverse for Instructions

---

dib/forte

**SENDER**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____  ☑ Agent
                    ☐ Addressee

B. Received by ( Printed Name )      C. Date of Delivery
                                      9-14-05

1. Article Addressed to:

Scott W. Dunlap, Esq.
Law Offices of Timothy M. Burke
160 Gould Street, Suite 111
Needham, MA 02494-2300

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
   (Transfer from service label)    7004 0750 0000 5374 3315

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

**U.S. Postal Service**™

**CERTIFIED MAIL**™ **RECEIPT**

*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ 1.52 |
| Certified Fee | .230 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.57 |

*Sent To* William P. O'Neill, Esq.
Assistant Attorney General
*Street, Apt. No.* Western Massachusetts Division
*or PO Box No.* 1350 Main Street
*City, State, ZIP+4* Springfield, MA 01103-1629

PS Form 3800, June 2002                     See Reverse for Instructions

7004 0750 0000 5374 4695

---

dib/forte

**SENDER:** COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

William P. O'Neill, Esq.
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery  9/14/05

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service   7004 0750 0000 5374 4695

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 03-076

MARY FORTE AS ADMINISTRATRIX )
OF THE ESTATE OF CHRISTOPHER M. )
FORTE, )
    Plaintiff )
     )
    v. )
     )
JOHN DANIEL PINKHAM and the )
COMMONWEALTH OF )
MASSACHUSETTS, EXECUTIVE )
OFFICE OF PUBLIC SAFETY, )
DEPARTMENT OF STATE POLICE, )
    Defendants )

LIST OF DOCUMENTS



THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, SS. SUPERIOR COURT
SEP 29 2005
FILED

1.    Plaintiff's Motion for Reconsideration of this Court's Decision to Allow the Commonwealth of Massachusetts' Emergency Motion to Assent to Removal;

2.    Plaintiff's Memorandum in Support of her Motion for Reconsideration of this Court's Decision to Allow the Commonwealth of Massachusetts' Emergency Motion to Assent to Removal;

3.    Affidavit of Chris S. Dodig;

4.    Notice of Filing Plaintiff's Motion for Reconsideration of this Court's Decision to Allow the Commonwealth of Massachusetts' Emergency Motion to Assent to Removal; and

5.    Affidavit of Compliance.

Dated:  September 28, 2005

THE PLAINTIFF

By her attorneys,

CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2005 ,
I have caused the foregoing document to
be served on the parties to this matter by
mailing a true copy, postage prepaid, to all
counsel of record.

_____

_____
Chris S. Dodig, BBO No. 556628
For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel:  (413) 663-3200
Fax:  (413) 663-7970

CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document is being filed within the designated time or by leave of the Regional Administrative Justice.

_____

CSD:djb



**DONOVAN & O'CONNOR, LLP**

**Attorneys and Counselors at Law**

1330 Mass MoCA Way
North Adams, Massachusetts 01247
413.663.3200
fax: 413.663.7970

Philip H. Grandchamp
Donald W. Goodrich‡
John D. Lanoue
J. Norman O'Connor, Jr.
Janice J. Cook
David B. Mongue‡
Chris S. Dodig*‡
Gordon P. Black‡‡
Stephen N. Pagnotta
Danielle D. Fogarty*‡

ASSOCIATES
James R. Loughman
Michael R. Palmieri**
Stephen F. Narey
Brigid M. Hennessey**
Michael R. Berube
Buffy D. Lord

SENIOR COUNSEL
J. Norman O'Connor

OF COUNSEL
John I. Curtin
Cecil Driver

* Also admitted NY
‡ Also admitted VT
‡‡ Admitted VT only

VERMONT OFFICE
116 South Street
P.O. Box 1033
Bennington
Vermont 05201-1133
802.442.3233
fax: 802.447.2970

email: mail@docatt.com
EIN 04-2198966

September 27, 2005

Deborah S. Capeless, Esq., Clerk
Superior Court Department
Silvio O. Conte Courthouse Building
76 East Street
Pittsfield, MA 01201

Re:    Mary Forte as Administratrix v. Commonwealth of Massachusetts et al
       Berkshire Superior Court Civil Action No. 03-076

Dear Ms. Capeless:

Pursuant to Superior Court Rule 9A, enclosed for filing in the captioned matter are:

1.    Plaintiff's Motion for Reconsideration of this Court's Decision to Allow the Commonwealth of Massachusetts' Emergency Motion to Assent to Removal;

2.    Plaintiff's Memorandum in Support of her Motion for Reconsideration of this Court's Decision to Allow the Commonwealth of Massachusetts' Emergency Motion to Assent to Removal;

3.    Affidavit of Chris S. Dodig;

4.    Notice of Filing Plaintiff's Motion for Reconsideration of this Court's Decision to Allow the Commonwealth of Massachusetts' Emergency Motion to Assent to Removal;

5.    Affidavit of Compliance; and

6.    List of Documents.

The plaintiff does not request a hearing in this matter.

Very truly yours,

DONOVAN & O'CONNOR, LLP

Chris S. Dodig

JRL:djb
Enclosures

cc:    William P. O'Neill, Esq.
       Scott W. Dunlap, Esq.